COPY

1  STROOCK & STROOCK & LAVAN LLP
   JAMES E. FITZGERALD (State Bar No. 108785)
2  JASON R. BENDEL (State Bar No. 212774)
   BRIAN FODERA (State Bar No. 246391)
3  2029 Century Park East, Suite 1600
   Los Angeles, CA  90067-3086
4  Telephone: 310-556-5800
   Facsimile: 310-556-5959
5  E-mail: *jfitzgerald@stroock.com;*
   *jbendel@stroock.com; bfodera@stroock.com;*
6  *lacalendar@stroock.com*

7  Attorneys for Plaintiff
   Arch Insurance Company

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11  ARCH INSURANCE COMPANY, a          Case No. **CV11   01675 CAS PJWx**

12  Missouri corporation,              COMPLAINT FOR:

13              Plaintiff,             (1) Violation of 15 U.S.C. § 1125
                                       (Lanham Act)
14         vs.                         (2) Breach of Contract (Binder
                                       Agreement)
15  ALLEGIANT PROFESSIONAL            (3) Breach of Contract (Insurance
                                       Policy)
16  BUSINESS SERVICES, INC., a Nevada  (4) Intentional Misrepresentation
                                       (5) Concealment
17  corporation; NATIONAL HR           (6) Negligent Misrepresentation
    COMPANIES, LLC, a Delaware Limited (7) Violation of California Business &
18  Liability Company with its principal   Professions Code § et seq.
                                       (8) Violation of 18 U.S.C § 1962(c), (d)
19  place of business in Missouri;     (RICO Act)
    ARCHWAY INSURANCE SERVICES,
20  LLC, a Pennsylvania Limited Liability
21  Company; BRIAN BONAR, an           DEMAND FOR JURY TRIAL
    individual; COLIN NIVEN BONAR, an
22  individual; DAVID GOLDBERG, an
23  individual; NORMAN TIPTON, an
    individual; JOHN CAPEZZUTO, an
24  individual; DAVID JATHO, an
25  individual; ROY HOMBS, an individual;
    and HUGH JAMES AGNEW, an
26  individual,
27              Defendants.
28

LA 51371108

Plaintiff Arch Insurance Company ("Arch") alleges as follows:

## **INTRODUCTION**

Arch Insurance Company ("Arch") has been the victim of a massive fraud perpetrated by an Arch insured, Allegiant Professional Business Services, Inc. ("Allegiant"), Allegiant's insurance broker Archway Insurance Services, LLC ("Archway"), National HR Companies LLC ("National HR") and other co-conspirators in connection with Arch's workers' compensation insurance business. Arch has recently learned that the Defendants here have effectively been selling workers' compensation insurance to third-party companies and representing to them and their workers that they are covered under Arch insurance policies. Such representations are illegal since they have been done, without Arch's knowledge or authorization, by persons who are not licensed to transact such insurance business in any state. Unfortunately, Arch is not the only victim here. Defendants, in collecting millions of premium dollars for this fake insurance, keeping those premiums for their own coffers, and sending the subsequent workers' compensation claims to Arch for payment have duped hundreds of workers and their employers into believing they are covered by insurance – insurance that was never authorized or validly issued.

Workers' compensation insurance is designed to protect workers from injuries they sustain in the course of their employment. There is a public interest in ensuring that employers maintain workers' compensation insurance and that such insurance be in place so that workers' claims will be covered under collectible insurance issued by reputable insurers. Arch, as one of those insurers, has built a strong and respected national name in the insurance industry and, particularly, in the workers' compensation insurance market. Defendants have abused Arch's good name and standing in the insurance industry by fraudulently causing issuance of purported workers' compensation insurance, thereby creating significant and hidden financial exposure for numerous employers that were duped into believing in good faith that they had obtained valid coverage for their workers.

LA 51371108

This suit is brought to end Defendants' scam, protect the workers who have been harmed by it and obtain indemnity for Arch's damages caused by the Defendants' fraud.

## GENERAL ALLEGATIONS

### A.   Jurisdiction and Venue

1.     Jurisdiction over this action is proper pursuant to 28 U.S.C. § 1331, based upon the federal claims for violation of the Lanham Act, 15 U.S.C. § 1125, and the RICO Act, 18 U.S.C. § 1962 (c), (d).

2.     The federal courts have pendent jurisdiction over the claims alleged under California state law, pursuant to 28 U.S.C. § 1367(a) because the claims arise from a common nucleus of operative facts such that Arch would be expected to try all of the claims in one judicial proceeding.

3.     Pursuant to 28 U.S.C. § 1391(b), venue of this action is proper within this District, as Defendant Allegiant Professional Business Services, Inc., is a corporation subject to personal jurisdiction in this state by virtue of its contact with this state, and by virtue of the fact that many of the alleged wrongful actions by Defendants occurred in this District and harmed residents of this District.

### B.   The Parties

4.     Plaintiff Arch Insurance Company ("Arch") is, and at all relevant times herein was, a Missouri corporation incorporated under the laws of the State of Missouri with its principal place of business in New York, New York. Arch is, and at all relevant times was, licensed to do business in California and doing business in California.

5.     Defendant Allegiant Professional Business Services, Inc. ("Allegiant"), is a publicly traded Nevada corporation with its principal place of business in Anaheim, California, located in the County of Orange. Arch is informed and believes, and based thereon alleges, that Allegiant is, and at all relevant times was, a

- 3 -

LA 51371108

1    corporation organized under the laws of the State of Nevada that regularly does
2    business in California.

3        6.    Defendant National HR Companies LLC ("National HR"), is a
4    Delaware company with its principal place of business in Columbia, Missouri,
5    located in the County of Boone.  Arch is informed and believes, and based thereon
6    alleges, that National HR regularly does business in California.

7        7.    Defendant Archway Insurance Services, LLC ("Archway"), is a
8    Pennsylvania company with its principal place of business in Fort Washington,
9    Pennsylvania, located in the County of Montgomery.  Arch is informed and believes,
10   and based thereon alleges, that Archway regularly does business in California.
11   Despite the similarity in their names, there is no relationship or affiliation between
12   Arch and Archway.

13       8.    Upon information and belief, Defendant Brian Bonar is a Director and
14   principal shareholder of Allegiant and was Allegiant's President and Chief Executive
15   Officer during the time of many of the facts alleged herein.   Upon further
16   information and belief, Brian Bonar is a resident of the State of California.

17       9.    Upon information and belief, Defendant Colin Niven Bonar is a
18   Director, officer and principal shareholder of Allegiant and is also Allegiant's Chief
19   Operating Officer.  Upon further information and belief, Colin Niven Bonar is a
20   resident of the State of California.

21       10.   Upon information and belief, Defendant David Goldberg ("Goldberg")
22   is the Chairman and Chief Executive Officer, as well as a principal shareholder, of
23   Allegiant.  Upon further information and belief, Goldberg is a resident of the State of
24   California.

25       11.   Upon information and belief, Defendant Norman Tipton is a Director
26   and principal shareholder of Allegiant, and a resident of the State of California.

27       12.   Upon information and belief, Defendant John Capezzuto is a Director
28   and principal shareholder of Allegiant, and a resident of the State of California.

- 4 -

13. Upon information and belief, Defendant David Jatho is President, Chief Executive Officer and a principal shareholder of National HR, and a resident of the State of Missouri.

14. Upon information and belief, Defendant Roy Hombs is Chief Financial Officer and a principal shareholder of National HR, and a resident of the State of Missouri.

15. Upon information and belief, Defendant Hugh James Agnew is a principal owner of Archway and a resident of the State of Pennsylvania.

## C. **Background**

16. Arch is an insurance company that provides various forms of insurance to businesses throughout the United States. One of the lines of business written by Arch is workers' compensation policies. Employers are required by state law to maintain workers' compensation policies to provide wage replacement and medical benefits to employees who are injured in the course of employment. Workers rely on their employers to obtain and maintain proper coverage, and they gain peace of mind through the employers' assurances that coverage is in place. Workers' compensation insurance is closely regulated by the states to ensure that workers and their families are protected from financial calamity in the event of an accident or injury sustained on the job.

17. Arch is informed and believes, and based thereon alleges, that at all relevant times, Allegiant operated two types of businesses: a temporary staffing unit and a Professional Employer Organization ("PEO"). The temporary staffing operation provides Allegiant employees to third-party or client companies under contract to meet seasonal demand, shortages created by employee vacations and other temporary labor demands. The PEO operation of Allegiant is engaged in the business of assisting employers with hiring, payroll, benefits enrollment, administration and other tasks. Under the PEO arrangement, employer clients of Allegiant transfer their payroll, benefits, workers' compensation and human

LA 51371108

resources responsibilities to Allegiant.   Arch agreed to provide workers' compensation insurance for Allegiant's employees—i.e., the temporary staffing side of Allegiant's business—not for Allegiant's PEO operations or employees of Allegiant's clients.

18.   Arch is informed and believes, and based thereon alleges, that at all relevant times, National HR was in the business of providing PEOs to employers and by doing so assisted employers with payroll processing, benefits administration and managing their workers' compensation insurance.

19.   Arch is informed and believes, and based thereon alleges, that at all relevant times, Archway was an independent insurance brokerage firm engaged in the business of procuring insurance for third parties through carriers with which it was aligned.  Archway has never been authorized to sell or issue insurance on behalf of Arch, or to act as Arch's agent for any purpose.

20.   In early 2008, pursuant to a Binder Agreement between Arch and Allegiant ("2008 Binder Agreement") , Arch issued Workers Compensation and Employers Liability Insurance Policy number ZAWCI9116700 ("2008 Policy") to Mercer Ventures, Inc. ("Mercer"), the predecessor of Allegiant, providing coverage for Mercer's temporary staffing operations.  The 2008 Policy period was February 28, 2008 through February 28, 2009.  The 2008 Policy was intended to insure only Mercer's temporary staffing employees, not its PEO operations or its clients' employees.  On information and belief, Mercer/Allegiant's PEO clients' employees are covered under workers' compensation insurance provided by Union Labor Life Insurance Company ("Ullico") and/or Guarantee Insurance Company.

21.   In early 2009, pursuant to a Binder Agreement between Arch and Allegiant  ("2009 Binder Agreement"), Arch issued Workers Compensation and Employers Liability Insurance Policy number ZAWCI9154700 ("2009 Policy") to Mercer, effective February 28, 2009 through February 28, 2010.  Like the 2008

LA 51371108

Policy, the 2009 Policy was intended to only insure Mercer's temporary staffing employees, and not its PEO clients' employees.

22.    In or about March 2010, Arch and Allegiant entered into a written agreement ("Binder Agreement") under which Arch would provide workers' compensation insurance to Allegiant and its employees under the terms and conditions of the Binder Agreement. Arch and Allegiant agreed that only Allegiant's temporary staffing side of its business, and not the PEO side, would be covered under the workers' compensation coverage to be issued by Arch. Archway acted as Allegiant's agent in the negotiation of the Binder Agreement and the subsequent issuance of a workers' compensation policy to Allegiant.

23.    The Binder Agreement also provided that Allegiant could, and did, elect to have the workers' compensation insurance issued by Arch to then be reinsured with an affiliate of Arch, Alternative Re Limited. Such reinsurance was then collateralized pursuant to a shareholder agreement between Alternative Re Holdings Limited and Allegiant, under which Allegiant is required to deposit funds to secure payment of reinsured losses and expenses incurred under the policy. Determination of the amount of required funds was based, in part, on audits of Allegiant's books and records.

24.    The Binder Agreement required Allegiant to advise Arch of any potential changes in the operations of Allegiant and to obtain written approval from Arch prior to the change of operations to avoid either policy cancellation or a change in program terms.

25.    The Binder Agreement also provided that the policy and premium are subject to audit, with final premiums to be adjusted based on the final audited exposure.

26.    In or about early March 2010, pursuant to and based on the Binder Agreement, Arch issued Workers Compensation and Employers Liability Insurance

LA 51371108

Policy number ZAWCI9199300 to Allegiant (the "Policy") for the policy period February 28, 2010 through February 28, 2011.

27.   In or about December 2010, Arch sent Allegiant a Premium Invoice for $637,505.95, the additional amount determined to be owed under the 2008 Policy after final audit. Allegiant has refused, and continues to refuse, to pay that additional premium due.

28.   In early February 2011, Arch became aware that Alltown Bus Service, Inc. ("Alltown") of Skokie, Illinois, had been provided with a purported insurance binder on Allegiant letterhead that states that Alltown was provided workers' compensation insurance with limits of $1,000,000 under the Policy issued by Arch to Allegiant, effective January 21, 2011. The purported binder states that the annual premium for this workers' compensation coverage is $318,020.00 and is due and payable to Allegiant, and that claims under such coverage should be notified to Allegiant. Upon information and belief, Alltown and its broker were led to believe that Alltown was covered under the Policy for workers' compensation losses.

29.   Arch has never authorized any person or entity, including but not limited to Allegiant, Archway or any other Defendant named herein, to issue an insurance binder to Alltown under the Policy, or any other workers' compensation policy written by Arch.

30.   In or about early February 2011, Arch was contacted by American Business Insurance Services, Inc., of Westlake, California, an independent insurance broker servicing the transportation industry. Upon information and belief, two of this broker's clients, Global Paratransit, Inc., of Gardena, California, and Southland Transit, Inc., of El Monte, California, had been provided with documentation purporting to evidence issuance of workers' compensation insurance under the Policy, with Archway listed as producer and Allegiant as the named insured. Upon information and belief, Global Paratransit and Southland Transit paid approximately $2,900,000 in premiums for such purported insurance to National HR, and National

LA 51371108

HR and Allegiant have accepted said payments. Upon further information and belief, Global Paratransit and Southland Transit, as well as their broker (American Business Insurance Services, Inc.), were told by Allegiant, National HR and Archway, and based thereon believed, that the premium they were paying for inclusion under the Policy was for workers' compensation insurance for their companies and their employees. Upon further information and belief, Global Paratransit and Southland Transit submitted workers' compensation claims for their employees directly to National HR and/or Allegiant, which thereafter gave notice of such claims to California state regulators and Arch, and, in doing so, falsely represented that they were workers' compensation claims of Allegiant employees. Under the Binder Agreement and the Policy, workers' compensation claims are to be administered by Arch's appointed representative, Gallagher Bassett Services, Inc. Upon information and belief, Arch, through Gallagher Bassett, paid such claims because they were represented to be claims arising out of injury to Allegiant's employees only – not employees of Global Paratransit and/or Southland Transit.

31.    Arch has never authorized any person or entity, including but not limited to Allegiant, National HR, Archway or any other Defendant, to issue an insurance binder or any other evidence of insurance to Global Paratransit or Southland Transit or any agent or broker of those entities under the Policy, or any other workers' compensation policy written by Arch, to cover non-Allegiant employees.

32.    Upon information and belief, Agnew, Archway's agent, with the consent and/or at the direction of Allegiant and/or National HR, executed Certificates of Insurance to Global Paratransit, Inc., and Southland Transit, Inc., to evidence to them and their insurance broker that Global Paratransit and Southland Transit were covered for workers' compensation claims of their employees. Arch has never authorized or issued any insurance that would cover Global Paratransit or Southland Transit, or any of their employees under the Policy.

-9-

33.     Arch has never been paid any premium, or even been offered payment for any premium, charged by or paid to Allegiant, National HR or Archway for any workers' compensation insurance for Alltown, Global Paratransit or Southland Transit.  Arch has never received any premium paid by Alltown, Global Paratransit or Southland Transit to any of the Defendants or their agents, brokers or representatives.

34.     Upon information and belief, Defendants, or some of them, are responsible for issuance of documents that purport to evidence existence of workers' compensation insurance under the Policy for the benefit of third-party entities and their employees, including but not limited to Alltown, Global Paratransit and Southland Transit.  Arch has only recently become aware of this unauthorized and fraudulent activity and, upon information and belief, additional improper, unauthorized and fraudulent activity may have occurred.  Arch reserves the right to amend this Complaint to allege additional facts regarding such activity as further information is learned.

35.     Pursuant to the terms and conditions of the Policy, as well as the 2008 Policy and 2009 Policy, Arch is entitled to perform an inspection and audit of Allegiant's files relating to the policy and the insurance thereunder.  On or about January 19, 2011, Arch requested that Allegiant allow Arch to conduct an audit of Allegiant's files.  Allegiant has unilaterally cancelled scheduled times to conduct such audit and will not permit Arch to perform such an audit of its files.

36.     Upon information and belief, Allegiant, National HR and Archway have represented to third-party companies, entities and individuals that these third parties have workers' compensation insurance coverage under the Policy.  Upon further information and belief, Allegiant, National HR and/or Archway have accepted millions of dollars in premium for such purported coverage, and have submitted workers' compensation claims of non-Allegiant workers to Arch for payment under the guise that they are claims for Allegiant workers pursuant to the Policy coverage.

LA 51371108

1    Arch is informed and believes and thereon alleges that, in essence, Allegiant,

2    National HR and Archway conspired with one another, and possibly others, to sell

3    workers' compensation coverage under the Policy, collect millions of premium

4    dollars for that coverage, and then submit workers' compensation claims for payment

5    to Arch while falsely representing to Arch that the claims were those of their

6    employees.  Arch is further informed and believes that Allegiant, National HR and

7    Archway represented to third parties that they were authorized to confirm such

8    coverage with the use of insurance binders and certificates of insurance while

9    concealing this fraudulent scheme from Arch.   By engaging in such conduct,

10   Defendants have jeopardized, and caused detriment to, the name and reputation of

11   Arch in the insurance industry and general business community.

12        37.   Upon information and belief, Defendants, in being part of a rogue plan

13   to sell insurance without the knowledge or authorization of the licensed insurer

14   (Arch), and thereafter submitting claims falsely to states and to Arch for payment,

15   engaged in numerous criminal and illegal activities under the laws of many states,

16   including, but not limited to, California.

17                          **FIRST CLAIM FOR RELIEF**

18                 **(Violation of 15 U.S.C. § 1125 / Lanham Act)**

19                          **(Against All Defendants)**

20        38.   Arch incorporates by reference each and every allegation set forth in

21   paragraphs 1 through 37, inclusive, as if fully set forth hereat.

22        39.   As set forth more fully above, upon information and belief, Allegiant,

23   National HR and Archway, in connection with the purported binding of insurance

24   coverage, calculation of purported premium and presentation of false insurance

25   claims, used in commerce the service-marked name of Arch Insurance Company and

26   falsely represented to purported insureds that coverage had been bound with Arch,

27   how Arch calculates premium for workers' compensation insurance and how it

28   processes insureds' claims under such insurance.

- 11 -

LA 51371108

40.    This improper and unapproved use of Arch's name is likely to deceive the general public as to the origin, sponsorship, or approval of goods, services, or commercial activities, specifically, the workers' compensation insurance coverage purported to be bound by Arch.

41.    The false representation that coverage was bound by Arch for Alltown Bus Service, Inc., Global Paratransit, Inc., and Southland Transit, Inc., is a violation of Section 43 of the Lanham Act, codified at 15 U.S.C. § 1125. Therefore, Allegiant, National HR and Archway are liable in a civil action if Arch is likely to be damaged by such act.

42.    The unauthorized binding of insurance coverage using Arch's name is likely to damage Arch because it will adversely affect Arch's reputation and compromise its ability to operate in the marketplace.  If innocent workers and employers who believe they are covered on the basis of Defendants' misrepresentations are unable to recover for their claims because no actual coverage has been bound, Arch is likely to be blamed for their losses.    Defendants' unauthorized and fraudulent conduct has also damaged Arch's reputation and good name with state insurance departments and other governmental agencies that regulate the workers' compensation insurance business.

43.    Under 15 U.S.C. § 1116(a), Arch is entitled to injunctive relief ordering that Defendants cease and desist from invoking Arch's name in the unauthorized issuance of purported binders of insurance.

44.    Under 15 U.S.C. § 1117(a), Arch is entitled to monetary relief in the amount of its own damages as well as Defendants' profits from the infringement of Arch's service mark.  Arch has suffered damages in an amount to be proven at trial, but no less than $1,000,000.

45.    Under 15 U.S.C. § 1117(a), Arch is also entitled to attorney's fees and costs it incurred due to Defendants' wrongful conduct set forth in this Complaint.

///

LA 51371108

## SECOND CLAIM FOR RELIEF

### (For Breach of the Binder Agreements Against Allegiant)

46.  Arch incorporates by reference each and every allegation set forth in paragraphs 1 through 45, inclusive, as if fully set forth hereat.

47.  The 2008 Binder Agreement, the 2009 Binder Agreement and the (2010) Binder Agreement (collectively, the "Binder Agreements") were entered into by Arch based upon representations made by Allegiant (for purposes of this claim for relief, "Allegiant" also refers to its predecessor company, Mercer) and its agents in the application process. Allegiant was required under the Policy to advise Arch of any potential changes in its operations and obtain written approval from Arch prior to any change in operations.

48.  Upon information and belief, Allegiant breached the Binder Agreements in that it sought to extend workers' compensation coverage to third-party entities and workers that were not listed in the Policy, and to third-party entities and employees for which Allegiant supplied PEO operations. By doing so, Allegiant acted in direct contravention of the Binder Agreements and attempted to substantially change and increase the risks being insured by Arch under the workers' compensation program. Allegiant also breached its obligations under the captive reinsurance program under the Binder Agreements.

49.  Arch performed all conditions, covenants and promises required on its part in accordance with the terms and conditions of the Binder Agreements.

50.  As a direct and proximate result of Allegiant's breach of the Binder Agreements as set forth above, Arch has been damaged in an amount to be proven at trial, but no less than $1,000,000.

## THIRD CLAIM FOR RELIEF

### (For Breach of the Insurance Policies Against Allegiant)

51.  Arch incorporates by reference each and every allegation set forth in paragraphs 1 through 45, and 47 through 50, inclusive, as if fully set forth hereat.

- 13 -

LA 51371108

52.   The 2008 Policy, 2009 Policy and (2010) Policy (collectively, "the Policies") were issued by Arch based upon representations made by Allegiant (and/or Mercer) and its agents in the application process.  The Policies were maintained and kept in effect based upon Allegiant's continuing representations regarding the risks insured under the Policies, including, but not limited to, the type of business Allegiant was engaged in and the specific affiliated companies named in the Policies.

53.   Upon information and belief, Allegiant breached the Policies by, *inter alia*:

- failing to pay the required premiums for the 2008 Policy in full;
- attempting to extend coverage to entities and workers that were not listed in the Policies, and to its PEO clients and their workers who were not employed by Allegiant;
- fraudulently issuing binders and/or certificates of insurance to parties not named in the Policies without Arch's authorization or consent;
- misrepresenting to Arch, Gallagher Bassett and state agencies that workers' compensation claims it submitted for payment under the Policies were for losses sustained by Allegiant employees, as opposed to employees of third party employers not insured under the Policies; and
- refusing to permit inspection and audit of its files, in violation of the terms and conditions of the Policies.

54.   Arch performed all conditions, covenants and promises required on its part in accordance with the terms and conditions of the Policies.

55.   As a direct and proximate result of Allegiant's breach of the Policies as set forth above, Arch has been damaged in an amount to be proven at trial, but no less than $1,000,000.

///

///

///

- 14 -

LA 51371108

## FOURTH CLAIM FOR RELIEF

### (For Intentional Misrepresentation Against Allegiant, Archway,

### Brian Bonar, Colin Nevin Bonar, David Goldberg,

### Norman Tipton, John Capezzuto and Hugh James Agnew)

56.     Arch incorporates by reference each and every allegation set forth in paragraphs 1 through 45, 47 through 50, and 52 through 55, inclusive, as if fully set forth hereat.

57.     Upon information and belief, during the negotiation of the Binder Agreement and the underwriting of the Policy, and during the term of those agreements, Allegiant and Archway represented to Arch that Allegiant was only looking to insure its temporary staffing employees for workers' compensation, and that none of its PEO operations would be covered under the Policy.  Allegiant and Archway did not tell Arch that they would be selling insurance to third parties, using Arch's policy as the vehicle to do so.   Upon further information and belief, Allegiant and Archway knew that Arch did not insure PEOs, that it only agreed to provide workers' compensation under the Policy to employees of Allegiant and those listed in the Policy and, under no circumstances, were they to provide coverage to employees under a PEO.  Upon information and belief, Allegiant, with the assistance of Archway, sought to extend Allegiant's workers' compensation coverage under the Policy to entities and workers that were not listed in the Policy, and to its PEO clients and their workers, who were not employed by Allegiant.  Arch was ignorant of the falsity of such representations and justifiably relied on Allegiant's misrepresentations when it entered into the Binder Agreement and subsequently issued the Policy, and while the Policy was in effect.

58.     Upon information and belief, Archway, in acting as Allegiant's broker and agent in the procurement of the Policy, and in connection with the continued maintenance and management of the Policy from 2008-2011, knew and participated with Allegiant in making the false representations described above with the intent to

- 15 -

LA 51371108

1 | deceive and defraud Arch into continuing to keep the Policy in place and providing
2 | coverage under the Policy to third parties that were in fact not covered thereunder.

3 |       59.   As a proximate result of Allegiant's and Archway's misrepresentations,
4 | Arch has been exposed to potential workers' compensation claims for workers it did
5 | not agree to insure. As a further proximate result of Allegiant's and Archway's
6 | misrepresentations, Arch has been damaged in an amount to be proven at trial, but no
7 | less than $1,000,000.

8 |       60.   Arch is informed and believes, and on that basis alleges, that Allegiant
9 | and Archway knew that their acts against Arch were in direct contravention of their
10 | representations made to Arch and in direct contravention of the Binder Agreement
11 | and the Policy. Upon information and belief, Allegiant and Archway knew their acts
12 | were unauthorized when they performed them and were consciously done in a
13 | secretive manner to avoid Arch's discovery of them. As such, Allegiant and
14 | Archway acted with malice, oppression and fraud and with a willful and conscious
15 | disregard of Arch's rights, thus entitling Arch to recover, in addition to its actual
16 | damages, punitive damages in an amount subject to proof at trial.

17 | **FIFTH CLAIM FOR RELIEF**
18 | **(For Concealment Against All Defendants)**

19 |       61.   Arch incorporates by reference each and every allegation set forth in
20 | paragraphs 1 through 45, 47 through 50, 52 through 55, and 57 through 60, inclusive,
21 | as if fully set forth hereat.

22 |       62.   Upon information and belief, Allegiant concealed material information
23 | from Arch that it had a duty to disclose in connection with its application for
24 | workers' compensation insurance and its continued conduct during the term of the
25 | Policy. Specifically, Allegiant concealed from Arch that it attempted to extend
26 | coverage to entities that were not listed in the Policy as affiliated companies. Upon
27 | further information and belief, Allegiant, National HR and Archway concealed that
28 | they had issued purported binders and/or other documentation to entities that were

-16-

LA 51371108

not covered under the Policy in an effort to evidence coverage under the Policy for those entities and their employees.  Upon further information and belief, Allegiant, National HR and Archway also concealed from Arch that they had accepted millions of dollars in premiums for coverage under the Policy and submitted claims under the Policy containing false information as to whom those claimants were actually employed by, thereby representing to third parties that they were authorized to act on behalf of Arch in the issuance of coverage, the remittance of premiums and the presentation of their claims to Arch.   Arch is informed and believes and thereon alleges that third parties have looked, and may look, to Arch to pay workers' compensation claims under the Policy, for employees of entities that Arch never agreed to insure.

63.   Arch is informed and believes, and thereon alleges, that Allegiant, National HR and Archway knew that the acts described above they concealed from Arch were done without any authorization by Arch and were done secretly to avoid Arch from discovering such egregious conduct.   Arch is further informed and believes and thereon alleges that Allegiant, National HR and Archway intentionally concealed this material information with the intent to deceive Arch and profit financially at Arch's expense and to its detriment.

64.   Arch was unaware that Allegiant, National HR and Archway had been concealing material information and justifiably relied on their concealment of such information during the term of the Policy.

65.   As a proximate result of Allegiant, National HR and Archway's concealment of material information, Arch has been damaged in an amount to be proven at trial, but no less than $1,000,000.

66.   Arch is informed and believes, and on that basis alleges, that Allegiant, National HR and Archway acted with oppression, fraud and malice and with a willful and conscious disregard of Arch's rights in connection with the matters alleged in this claim for relief.   Arch is further informed and believes that the conduct of

- 17 -

1   Allegiant, National HR and Archway in holding out to the public and workers that

2   they were covered under insurance that was never issued by the insurer and

3   collecting millions of dollars in premiums in the process was despicable. Based on

4   Allegiant, National HR and Archway's conduct alleged herein, Arch is entitled to

5   recover, in addition to its actual damages, punitive damages in an amount subject to

6   proof at trial.

## SIXTH CLAIM FOR RELIEF

### (For Negligent Misrepresentation Against Allegiant, Archway,

### Brian Bonar, Colin Nevin Bonar, David Goldberg,

### Norman Tipton, John Capezzuto and Hugh James Agnew)

11      67.    Arch incorporates by reference each and every allegation set forth in

12  paragraphs 1 through 45, 47 through 50, 52 through 55 and 57 through 60, inclusive,

13  as if fully set forth hereat.

14      68.    Upon information and belief, during the negotiation of the Binder

15  Agreement and the underwriting of the Policy, and during the term of those

16  agreements, Allegiant and Archway represented to Arch that Allegiant sought to

17  insure its temporary staffing employees for workers' compensation, and that none of

18  its PEO operations would be covered under the Policy. Allegiant and Archway did

19  not tell Arch that they would be selling insurance to third parties, using Arch's policy

20  as the vehicle to do so. Upon information and belief, Allegiant and Archway knew

21  that Arch did not insure PEOs and that it only agreed to provide workers'

22  compensation under the Policy to employees of Allegiant and those listed in the

23  Policy, and under no circumstances to employees under a PEO.  Upon information

24  and belief, Allegiant, with the assistance of Archway, sought to extend its workers'

25  compensation coverage under the Policy to entities and workers that were not listed

26  in the Policy, and to Allegiant's PEO clients and their workers, which were not

27  employed by Allegiant. Arch was ignorant of the falsity of such representations and

28  justifiably relied on Allegiant's and Archway's misrepresentations when it entered

- 18 -

1   into the Binder Agreement and subsequently issued the Policy, and while the Policy

2   was in effect.

3       69.   Arch is informed and believes and thereon alleges that when Allegiant

4   and Archway made such material representations they knew, or should have known,

5   that they were not true, and/or had no reasonable grounds for believing them not to

6   be true, and did so with the intent to induce Arch's reliance thereon.

7       70.   Arch was ignorant of the falsity of Allegiant and Archway's

8   representations and justifiably relied on such misrepresentations when it issued the

9   Policy, and while the Policy was in effect.

10       71.   As a proximate result of Allegiant and Archway's misrepresentations,

11   Arch has been exposed to potential workers' compensation claims for workers it did

12   not agree to insure.   As a further proximate result of Allegiant and Archway's

13   misrepresentations, Arch has been damaged in an amount to be proven at trial, but no

14   less than $1,000,000.

15   **SEVENTH CLAIM FOR RELIEF**

16   **(For Violation of California Business & Professions**

17   **Code Section 17200 Against All Defendants)**

18       72.   Arch incorporates by reference each and every allegation set forth in

19   paragraphs 1 through 45, 47 through 50, 52 through 55, 57 through 60, 62 through 66

20   and 68 through 71, inclusive, as if fully set forth hereat.

21       73.   California Business and Professions Code Section 17200 prohibits

22   businesses from engaging in unlawful, unfair or fraudulent business practices,

23   especially those visited upon the unsuspecting public.

24       74.   Upon information and belief, Defendants have engaged in unlawful,

25   unfair and/or fraudulent business practices pursuant to California Business and

26   Professions Code Section 17200 *et seq.*   Such unlawful, unfair and/or fraudulent

27   business practices include, but are not limited to: Defendants holding themselves out

28   as authorized representatives of Arch for the purpose of issuing insurance binders,

- 19 -

LA 51371108

1  certificates or other documents evidencing insurance under Arch's name; collecting
2  millions of dollars as premiums for coverage that does not exist; falsely assuring
3  companies and their workers that they are insured with an A+ rated insurer; holding
4  themselves out as licensed to act as an insurer and/or insurance broker/agent to the
5  public; and making false reports to state agencies.

6      75.    Defendants' unlawful, unfair and fraudulent business practices have
7  damaged the unsuspecting businesses and their workers that believed they were
8  obtaining workers' compensation insurance from a reputable insurer, and have
9  damaged Arch, which is left to pick up the pieces from the havoc raised by
10  Defendants' outrageous and greedy conduct.

11      76.    Based on the unlawful, unfair and fraudulent conduct of Defendants as
12  described herein, Arch is entitled to injunctive relief, restitution and its attorneys fees
13  and costs pursuant to California Business and Professions Code Section 17200 *et seq.*

## EIGHTH CLAIM FOR RELIEF

### (Violation of 18 U.S.C § 1961 et seq. / RICO)

### (Against All Defendants)

17      77.    Arch incorporates by reference each and every allegation set forth in
18  paragraphs 1 through 45, 47 through 50, 52 through 55, 57 through 60, 62 through 66
19  and 68 through 71, inclusive, as if fully set forth hereat.

20      78.    Defendants, and each of them, are an enterprise within the meaning of
21  18 U.S.C. § 1961(4), which is engaged in, or the activities of which affect, interstate
22  commerce.

23      79.    Defendants, by issuing unauthorized insurance binders and other
24  documentation purporting to evidence insurance under the Policy, intentionally
25  trafficked in goods or services while knowingly using a counterfeit mark on or in
26  connection with such goods or services.

27      80.    The issuance of fraudulent documents purporting to evidence insurance
28  for entities and their employees under the Policy, while collecting premium dollars

- 20 -

1  for such purported insurance, and the subsequent fraudulent submission of workers'
2  compensation claims, represented a scheme and artifice to defraud Arch and the
3  purported insureds in violation of 18 U.S.C § 2320, which prohibits trafficking in
4  counterfeit goods or services.

5      81.   Trafficking in counterfeit goods or services constitutes racketeering
6  activity as that term is defined in 18 U.S.C. § 1961(1)(B).

7      82.   The fraudulent misrepresentations set forth above were facilitated by
8  use of the United States Mail, caused by Defendants, and resulting in mail fraud
9  within the meaning of 18 U.S.C. § 1341.

10     83.   Mail fraud constitutes racketeering activity as that term is defined in 18
11  U.S.C. § 1961(1)(B).

12     84.   The fraudulent misrepresentations set forth above were also facilitated
13  by use of electronic mail, caused by Defendants, and resulting in wire fraud within
14  the meaning of 18 U.S.C § 1343.

15     85.   Wire fraud constitutes racketeering activity as that term is defined in 18
16  U.S.C. § 1961(1)(B).

17     86.   Defendants' multiple fraudulent misrepresentations as detailed above
18  constitute a pattern of racketeering activity within the meaning of 18 U.S.C. §
19  1961(5).

20     87.   Defendants and Defendants' agents, associates and representatives have
21  conducted, and have conspired to conduct, the affairs of Allegiant, National HR and
22  Archway through a pattern of racketeering activity in violation of 18 U.S.C. §
23  1962(c) and 18 U.S.C. § 1962(d).

24     88.   As a direct and proximate result of these violations of 18 U.S.C. §
25  1962(c) and 18 U.S.C. § 1962(d), Arch has suffered actual damages as a result of
26  injury to its business and property in an amount to be proven at trial but at least
27  $1,000,000.

28

LA 51371108

89.   Defendants are liable to Arch for treble damages, together with all costs of this action plus reasonable attorney's fees, all as provided under 18 U.S.C. § 1964(c).

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

On the First Claim for Relief

1.   That injunctive relief be entered prohibiting Defendants from issuing unauthorized insurance binders invoking Arch's name.

2.   For monetary relief in the amount of its own damages as well as Defendants' profits from the infringement of Arch's service mark.

3.   For attorney's fees and costs; and

4.   For such other and further relief as the court deems just and equitable.

On the Second Claim for Relief

1.   For damages to be proven at the time of trial in an amount no less than $1,000,000;

2.   For attorneys' fees and costs of suit herein; and

3.   For such other and further relief as the Court deems just and proper.

On the Third Claim for Relief

1.   For damages to be proven at the time of trial in an amount no less than $1,000,000;

2.   For attorneys' fees and costs of suit herein; and

3.   For such other and further relief as the Court deems just and proper.

On the Fourth Claim for Relief

1.   For damages to be proven at the time of trial in an amount no less than $1,000,000;

2.   For an award of punitive damages;

3.   For attorneys' fees and costs of suit herein; and

4.   For such other and further relief as the Court deems just and proper.

- 22 -

LA 51371108

On the Fifth Claim for Relief

1.    For damages to be proven at the time of trial in an amount no less than $1,000,000;

2.    For an award of punitive damages;

3.    For attorneys' fees and costs of suit herein; and

4.    For such other and further relief as the Court deems just and proper.

On the Sixth Claim for Relief

1.    For damages to be proven at the time of trial in an amount no less than $1,000,000;

2.    For an award of punitive damages;

3.    For attorneys' fees and costs of suit herein; and

4.    For such other and further relief as the Court deems just and proper.

On the Seventh Claim for Relief

1.    That injunctive relief be entered prohibiting Defendants from issuing unauthorized insurance documentation invoking Arch's name.

2.    For monetary relief in the form of restitution of moneys improperly obtained by Defendants.

3.    For such other and further relief as the court deems just and equitable.

///
///
///
///
///
///
///
///
///

- 23 -

LA 51371108

On the Eighth Claim for Relief:

1.     For damages to be proven at the time of trial in an amount no less than $1,000,000;

2.     For an award of treble damages;

3.     For attorneys' fees and costs of suit herein; and

4.     For such other and further relief as the Court deems just and proper.

STROOCK & STROOCK & LAVAN LLP
JAMES E. FITZGERALD
JASON R. BENDEL
BRIAN FODERA


By _James E. Fitzgerald_____
James E. Fitzgerald
Attorneys for Plaintiff
Arch Insurance Company

LA 51371108

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(b)(1) of the Federal Rules of Civil Procedure.

STROOCK & STROOCK & LAVAN LLP
JAMES E. FITZGERALD
JASON R. BENDEL
BRIAN FODERA

By _____

Attorneys for Plaintiff
Arch Insurance Company

- 25 -

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV11- 1675 CAS (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

STROOCK & STROOCK & LAVAN LLP
JAMES E. FITZGERALD (State Bar No. 108785)
*jfitzgerald@stroock.com*
JASON R. BENDEL (State Bar No. 212774)
*jbendel@stroock.com*
BRIAN FODERA (State Bar No. 246391)
*bfodera@stroock.com*
2029 Century Park East, Suite 1600
Los Angeles, California  90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Plaintiff
Arch Insurance Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCH INSURANCE COMPANY, a Missouri corporation,<br><br>   Plaintiff,<br><br>  vs.<br><br>ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC., a Nevada corporation; NATIONAL HR COMPANIES, LLC, a Delaware Limited Liability Company with its principal place of business in Missouri; ARCHWAY INSURANCE SERVICES, LLC, a Pennsylvania Limited Liability Company; BRIAN BONAR, an individual; COLIN NIVEN BONAR, an individual; DAVID GOLDBERG, an individual; NORMAN TIPTON, an individual; JOHN CAPEZZUTO, an individual; DAVID JATHO, an individual; ROY HOMBS, an individual; and HUGH JAMES AGNEW, an individual,<br><br>   Defendants. | Case No.<br>CV11  01675 CAS PJW<br><br>SUMMONS |

LA 51373939

TO: DEFENDANT(S): ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC., a Nevada corporation; NATIONAL HR COMPANIES, LLC, a Delaware Limited Liability Company with its principal place of business in Missouri; ARCHWAY INSURANCE SERVICES, LLC, a Pennsylvania Limited Liability Company; BRIAN BONAR, an individual; COLIN NIVEN BONAR, an individual; DAVID GOLDBERG, an individual; NORMAN TIPTON, an individual; JOHN CAPEZZUTO, an individual; DAVID JATHO, an individual; ROY HOMBS, an individual; and HUGH JAMES AGNEW, an individual.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached Complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, James E. Fitzgerald of Stroock & Stroock & Lavan LLP, whose address is 2029 Century Park East, Suite 1600, Los Angeles, California 90067-3086. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ FEB 25 2011 _____    By: _____ CHRISTOPHER POWERS _____

Deputy Clerk 1181

(Seal of the Court)

LA 51373939

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Arch Insurance Company

**DEFENDANTS**
Allegiant Professional Business Servs., Inc.; National HR Cos., LLC; Archway Insurance Servs., LLC; Brian Bonar; Colin Niven Bonar; David Goldberg; Norman Tipton; John Capezzuto; David Jatho; Roy Hombs; Hugh James Agnew

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
James E. Fitzgerald/Jason R. Bendel/Brian Fodera, Stroock & Stroock & Lavan LLP, 2029 Century Park East, L.A., CA 90067-3086, (310) 556-5800

**Attorneys** (If Known)
Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|                                           | PTF   | DEF   |                                                              | PTF   | DEF   |
|-------------------------------------------|-------|-------|--------------------------------------------------------------|-------|-------|
| Citizen of This State                     | ☐ 1   | ☐ 1   | Incorporated or Principal Place of Business in this State    | ☐ 4   | ☐ 4   |
| Citizen of Another State                  | ☑ 2   | ☑ 2   | Incorporated and Principal Place of Business in Another State | ☑ 5   | ☑ 5   |
| Citizen or Subject of a Foreign Country   | ☐ 3   | ☐ 3   | Foreign Nation                                               | ☐ 6   | ☐ 6   |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** At least $1,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1125 (improper use of service-marked name); 18 U.S.C. 1962(c), (d) (racketeering by trafficking in counterfeited goods/services, mail fraud and wire fraud)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV11 01675**

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.   Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.   Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.   For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.   Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Missouri (state of incorporation), New York (state of principal place of business) |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Nevada and Orange County (Allegiant); Delaware, Missouri (National HR); Pennsylvania (Archway); San Diego County (Brian Bonar; Colin Niven Bonar; Goldberg; Tipton; Capezzuto); Missouri (Jatho; Hombs); Pennsylvania (Agnew) |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | Orange County<br>San Diego County<br>Missouri; Pennsylvania |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.   SIGNATURE OF ATTORNEY (OR PRO PER): _/s/ Brian Gordan_____   Date February 24, 2011

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |