ORIGINAL

1  STROOCK & STROOCK & LAVAN LLP
   JAMES E. FITZGERALD (State Bar No. 108785)
2  JASON R. BENDEL (State Bar No. 212774)
   BRIAN FODERA (State Bar No. 246391)
3  2029 Century Park East, Suite 1600
   Los Angeles, CA  90067-3086
4  Telephone: 310-556-5800
   Facsimile: 310-556-5959
5  E-mail: *lacalendar@stroock.com*

6  Attorneys for Plaintiff
   Arch Insurance Company
7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11 ARCH INSURANCE COMPANY, a          )  Case No. CV11-1675-CAS (PJWx)
                                       )
12 Missouri corporation,              )  DECLARATION OF RICHARD
                                       )  STOCK IN SUPPORT OF ARCH
13          Plaintiff,                 )  INSURANCE COMPANY'S EX
                                       )  PARTE APPLICATION FOR A
14      vs.                            )  TEMPORARY RESTRAINING
                                       )  ORDER AND AN ORDER TO SHOW
15 ALLEGIANT PROFESSIONAL             )  CAUSE RE: PRELIMINARY
                                       )  INJUNCTION.
16 BUSINESS SERVICES, INC., a Nevada  )
   corporation; NATIONAL HR            )  Date:
17 COMPANIES, LLC, a Delaware Limited )  Time:
                                       )  Place:
18 Liability Company with its principal)
   place of business in Missouri;      )  [Ex Parte Application filed and
19 ARCHWAY INSURANCE SERVICES,        )  [Proposed] Order lodged concurrently]
   LLC, a Pennsylvania Limited Liability)
20 Company; BRIAN BONAR, an           )
   individual; COLIN NIVEN BONAR, an   )
21 individual; DAVID GOLDBERG, an     )
22 individual; NORMAN TIPTON, an      )
   individual; JOHN CAPEZZUTO, an      )
23 individual; DAVID JATHO, an        )
   individual; ROY HOMBS, an individual;)
24                                     )
25 and HUGH JAMES AGNEW, an           )
   individual,                         )
26                                     )
27          Defendants.                )
                                       )
28 ─────────────────────────────────

                              -1-

LA 51374152

FILED

2011 FEB 25  PM 4:02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

## DECLARATION OF RICHARD STOCK

I, Richard Stock, hereby declare:

1.     I am Senior Vice-President of NAC and Alternative Markets for Arch Insurance Group Inc., parent company of Arch Insurance Company ("Arch").  I submit this declaration in support of Arch's Ex Parte Application For A Temporary Restraining Order And An Order To Show Cause Re: Preliminary Injunction.  If called as a witness in this case, I could and would competently testify to the following facts, all of which are within my personal, first-hand knowledge.

2.     As Senior Vice-President of NAC and Alternative Markets, my responsibilities include overseeing the underwriting of accounts for Arch within these two business units.  The account involving Allegiant Professional Business Services, Inc. ("Allegiant") for workers' compensation insurance is one of the accounts I oversee in connection with my duties at Arch.  As such, I am familiar with the workers' compensation insurance policies issued to Allegiant between 2008 and 2010.

3.     Pursuant to the terms and conditions of the workers' compensation policies issued by Arch to Allegiant in 2008, 2009 and 2010 (collectively, the "Policies"), Arch is entitled to perform an inspection and audit of Allegiant's files relating to the Policies and the insurance thereunder.  Arch needs to conduct such audits, among other things, in order to project losses, set reserves and confirm that the claims being presented are covered under the terms and conditions of the Policies, and determine if additional or return premium is due.  Arch conducted such audits in 2009 and 2010, and based thereon requested that additional premiums be paid by Allegiant for the 2008 and 2009 Policies.

4.     On or about January 19, 2011, Arch requested Niven Bonar, Chief Operating Officer of Allegiant, to allow Arch to conduct an audit in February 2011 of Allegiant's files regarding the Policies.  Mr. Bonar initially agreed to allow Arch to conduct an audit of the Policies and agreed to a scheduled audit date of February

LA 51374152

17, 2011. In early February 2011, Mr. Bonar advised me that Arch would not be allowed to perform the audit on February 17, 2011.

5.     On February 16, 2011, I sent Mr. Bonar a letter demanding that Arch be allowed to do an inspection and audit beginning on February 22, 2011.  A true and correct copy of my February 16, 2011 letter is attached to this Declaration as Exhibit "A" and is incorporated by reference herein.

6.     On or about February 18, 2011, I received a letter from Mr. Bonar advising that Allegiant would not permit Arch to do an inspection of its books and records related to the Policy on February 22.  The earliest date that Mr. Bonar has proposed to allow Arch to inspect and audit Allegiant's books and records related to the Policies is March 30, 2011.  A true and correct copy of Mr. Bonar's February 18, 2011 letter is attached to this Declaration as Exhibit "B" and is incorporated by reference herein.

7.     On February 11, 2011, I sent letters to Allegiant and National HR demanding that they cease and desist from attempting to write, issue, bind or in any other way add, change or modify the terms and/or the entities covered under the Policies.  True and correct copies of my February 11, 2011 letters to Allegiant and National HR are attached to this Declaration as Exhibit "C" and "D," respectively, and are incorporated by reference herein.

I declare under penalty of perjury and under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 25th day of February 2011 at St. Paul, Minnesota.

Richard Stock

LA 51374152

**Exhibit A**

**Arch**
**Insurance Group Inc.**

www.archinsurance.com

30 East 7th Street
Suite 2270
St. Paul, MN 55101

T 651.855.7100
F 651.855.7171

February 16, 2011

Mr. Niven Bomer
Allegiant Professional Business Services, Inc.
11838 Bernardo Plaza Court, Suite 240
San Diego, CA 92128

Re:   Arch Insurance Policy No. ZAWCI9199300 and ZAWCI9154700

Dear Mr. Bomer:

Arch had scheduled an audit of Allegiant Professional Business Services, Inc. ("Allegiant") for February 17-18, pursuant to its rights under the captioned policy. You have recently advised that Allegiant cannot accommodate Arch's request, although you have provided no legitimate explanation as to *why* Arch cannot proceed with its audit.

Under the captioned Policy, Arch has a right to examine "all your records that relate to this policy." We are willing to work with you regarding the date such audit will occur. However, we will not accept an unreasonable delay in accomplishing this audit.

Accordingly, Arch hereby demands that Allegiant permit inspection and copying of Allegiant's files regarding the captioned policy, including, but not limited to, the financing of it, premium thereunder and claims thereunder by February 22, 2011. If Allegiant refuses to do so, Arch will treat such refusal as a material breach of Allegiant's contractual obligations to Arch.

Arch hereby reserves all of its rights and remedies under the law.

Very truly yours,

Richard Stock
SVP - NAC & Alternative Markets

LA 51371860v1
02/16/11 02:30PM

EXHIBIT _A_ PAGE _4_

Exhibit B



11838 Bernardo Plaza Court, Suite 240, San Diego, CA 92128
Tel: (858) 798-1620  Fax: (858) 798-1650
Email: info@allprobiz.com   www.allprobiz.com

February 18, 2011

via e-mail rstock@archinsurance.com

Mr. Richard Stock
Arch Insurance Group Inc.
30 East 7th Street
Suite 2270
St. Paul, MN 55101

Re: Arch Insurance Policy No. ZAWC19199300 & ZAWC19154700

Dear Mr. Stock:

Please be advised I am in receipt of your letter dated February 16, 2011.

Allegiant has no intention of denying Arch the right to examine our "records that relate to this policy."

As you are aware, our relationship was commenced and for the most part conducted through a master general agent up until recently.

Allegiant is not in a position to accommodate Arch to conduct an audit on February 22, 2011 as inadequate notice has been provided. As you are aware, February 21, 2011 is a legal federal holiday.

I assure you this matter will be given Allegiant's immediate attention and a response will be forwarded to Arch Insurance Group Inc. regarding Allegiant's position and potential dates for the audit.

Very truly yours,

Niven Bonar
Allegiant Professional Business Services, Inc.

EXHIBIT $\mathcal{B}$ PAGE $6$

Exhibit C

www.archinsurance.com

✳️ **Arch**

**Insurance Group Inc.**®

30 East 7th Street
Suite 2270
St. Paul, MN 55101

т 651.855.7100
ғ 651.855.7171

February 11, 2011

Mr. Niven Bonar
Allegiant Professional Business Services, Inc.
1590 South Lewis Street
Anaheim, CA  92805

   Re: Arch Insurance Policy No. ZAWCI9199300

Dear Mr. Bonar:

It has recently come to our attention that Allegiant Professional Business Services, Inc. ("Allegiant"), either directly or indirectly, may have issued insurance binders, referencing the captioned policy number, to entities that are affiliated (or not) with Allegiant without notice to, or authorization by, Arch Insurance Company ("Arch"). Allegiant does not, and never has had, any authorization from Arch to issue any insurance binders on behalf of Arch. When we raised this yesterday with you, you advised us that you have received information that National H.R. Companies LLC ("NHRC") may have used Allegiant's name or documents with the captioned Arch Policy number to evidence insurance coverage for third parties under the captioned policy. As with Allegiant, NHRC does not, and never has had, any authorization from Arch to issue any insurance binders on behalf of Arch.

We have just been provided with what appears to be an attempt to create an insurance binder issued by Alyssa Wilcox of Allegiant to "Alltown Bus Services, Inc." ("Alltown") on or about January 21, 2011, that references the captioned policy. A copy of this document is attached. As you know, Alltown is not, and never has been, a listed affiliated company under the captioned policy. Nor has Arch ever authorized or issued any insurance that would cover Alltown under the captioned policy. Accordingly, please be advised that Arch will be providing written notice to Alltown that Arch has never issued any insurance under the captioned policy that would cover Alltown and that Alltown has *no* coverage under the captioned policy. We note that the attached letter references $318,020 in premium. We hereby request that you provide us with any and all details regarding to whom, and where, the $318,020 premium was paid.

At this time we do not know whether there may be other so-called "binders" referencing the captioned policy that may exist without our knowledge. An investigation into this issue has been commenced by Arch. Your full and immediate cooperation in that inquiry is expected and appreciated.

Please take notice that Arch will not honor or have any obligation for any insurance it did not authorize be issued. You are further advised that Arch will accept no responsibility, nor in any way be liable, for claims of any kind made under modifications or additions to the captioned

LA 51370666v2
02/11/11 10:38AM

**EXHIBIT** C **PAGE** 6

policy that were not authorized by Arch.  Moreover, to the extent that Allegiant and/or its agents or representatives has in any way created a liability to a third party for which Arch did not provide coverage under the policy it wrote, Arch will hold Allegiant and/or its agents and representatives fully responsible for such claims and seek full indemnity from them, in addition to all other equitable and legal remedies available to Arch.  Finally, Allegiant is hereby ordered to cease and desist from attempting to write issue, bind or in any other way add, change or modify the terms and or the entities covered under the captioned policy.

We trust you appreciate that since Arch has just begun its investigation into the issues addressed above and others regarding the captioned policy, Arch hereby reserves all of its rights and remedies under the law.

Very truly yours,

Richard Stock
SVP - NAC & Alternative Markets

EXHIBIT C PAGE 7



Date:          2/11/2011

To:

Insured:      **Alltown Bus Service, Inc.**


Please be advised the above account is bound with Arch Insurance Company

Effective:          **12:01 AM 1/21/2011**
The policy number is:  ZAWC19199300


Policy Limits:          E.L. Each Accident          $1,000,000
                        E.L. Disease – EA Employee $1,000,000
                        E.L. – Policy Limit        $1,000,000


Total Annual Estimated Payroll =     $ 8,200,000.00
Total Annual Estimated Premium =  $    318,020.00

**If you have already collected**/received the down payment:
- ✓  Be sure to include the insured's name <u>as we have it listed above</u>
- ✓  Include any DBA name the insured may operate as
- ✓  And attach a copy of this binder to it before mailing to:

Payable to: Allegiant Professional

**If not previously submitted,** we must receive a <u>fully completed</u>, <u>signed Acord 130</u> ASAP
along with any additional information our quote may have been subject to.

**Please report all claims to Allegiant Professional claim reporting numbers:**
**Direct Tel:**     (858) 798-1627
**Direct Fax:**    (858) 798-1544

Thank you! We appreciate your business!
Please let us know if you have any questions.

**Alyssa Wilcox**

**Allegiant Professional**

EXHIBIT____C____PAGE____8

Exhibit D

www.archinsurance.com

**Arch**
Insurance Group Inc.*

30 East 7th Street          T 651.855.7100
Suite 2270                 F 651.855.7171
St. Paul, MN 55101

February 11, 2011

Mr. Roy Hombs
National HR Companies LLC
P.O. Bos 1466
Columbia, MO 65205

RE:   Allegiant Professional Business Services, Inc. Policy No. ZAWCI9199300

Dear Mr. Hombs:

Arch Insurance Company ("Arch") issued the captioned policy to Allegiant Professional Business Services, Inc. ("Allegiant"). Allegiant does not have, and never has had, any authorization from Arch to issue any insurance binders on behalf of Arch under the captioned policy or any other policy issued by Arch.

It has been suggested to Arch that National H.R. Companies LLC ("NHRC") may have directly, or indirectly, attempted to issue or effectuate the issuance of a binder or some other evidence of insurance for a third party under the captioned Arch policy. As you know, NHRC does not have, and never has had, any authorization from Arch to issue any insurance binders or any other evidence of insurance on behalf of Arch.

Arch has just commenced its investigation into these issues and specifically whether NHRC may have issued documentation purporting to evidence insurance with Arch. We would appreciate you contacting the undersigned if you have any information that would be helpful in this inquiry.

Please take notice that Arch will not honor or have any obligation for any insurance it did not authorize be issued. You are further advised that Arch will accept no responsibility, nor in any way be liable, for claims of any kind made under modifications or additions to the captioned policy that were not authorized by Arch. Moreover, if NHRC and/or its agents or representatives has in any way created a liability to a third party for which Arch did not provide coverage under the policy it wrote, Arch will hold NHRC and/or its agents and representatives fully responsible for such claims and seek full indemnity from them, in addition to all other equitable and legal remedies available to Arch. Thus, NHRC is hereby ordered to cease and desist from attempting to write issue, bind or in any other way add, change or modify the terms and or the entities covered under the captioned policy. We thank you in advance for your cooperation.

LA 51370685v2
02/11/11 10:35AM

**EXHIBIT** _D_ **PAGE** _9_

We trust you appreciate that since Arch has just begun its investigation into the issues addressed above and others regarding the captioned policy, Arch hereby reserves all of its rights and remedies under the law.

Very truly yours,

Richard Stock
SVP - NAC & Alternative Markets

EXHIBIT _D_ PAGE _10_