LAW OFFICE OF ANDREW L. JONES, P.C.
Andrew L. Jones (Texas Bar No. 24012919)
*ajones@andrewjoneslaw.com*
5400 LBJ Freeway, Suite 1200
Dallas, Texas 75240
Telephone: 214-979-0100
Facsimile: 214-979-0101

PISTONE & WOLDER, LLP
Eric Medel (State Bar No. 211808)
*emedel@PistoneWolder.com*
2020 Main Street, Suite 900
Irvine, California 92614
Telephone: 949-622-8980
Facsimile: 949-622-8985

Attorneys for Defendants
National HR Companies, LLC,
David Jatho and Roy Hombs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCH INSURANCE COMPANY, a Missouri corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC., a Nevada Corporation; NATIONAL HR COMPANIES, LLC, a Delaware Limited Liability Company with its principal place of business in Missouri; ARCHWAY INSURANCE SERVICES, LLC, a Pennsylvania Limited Liability Company; BRIAN | Case No. CV11-01675 CAS (PJWx)<br><br>RESPONSE BY DEFENDANTS NATIONAL HR COMPANIES, LLC, DAVID JATHO AND ROY HOMBS TO EX PARTE APPLICATION BY PLAINTIFF ARCH INSURANCE COMPANY, INC. FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROY HOMBS IN SUPPORT THEREOF |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | BONAR, an individual; COLIN NIVEN BONAR, an individual; DAVID GOLDBERG, an individual; NORMAN TIPTON, an individual; JOHN CAPEZZUTO, an individual; DAVID JATHO, an individual; ROY HOMBS, an individual; and HUGH JAMES AGNEW, an individual,<br><br>                Defendants. | )<br>)<br>) Case Filed: February 24, 2011<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants National HR Companies, LLC ("National HR"), David Jatho ("Jatho") and Roy Hombs ("Hombs"), respectfully oppose part 2 of the request for a preliminary injunction by Plaintiff Arch Insurance Company ("Arch"), "2) ordering Defendants to rescind, cancel and/or retrieve any binders, certificates of insurance or other purported documentary evidence of issuance of insurance by Arch;".

Arch is not entitled a preliminary injunction regarding part 2 of its request not only because Arch has not established the equitable factors for injunctive relief, namely irreparable injury, no adequate remedy at law, a likelihood of success on the merits, the balance of hardships, the effect on the public interest, or no adequate remedy at law, but also because granting part 2 of Arch's request would irreparably injure Defendants National HR, Jatho, and Hombs and be contrary to the public interest.

//
//
//
//
//

In support of this Response, Defendants National HR, Jatho and Hombs submit the attached Memorandum of Points and Authorities and Declaration of Roy Hombs.

Dated: March 18, 2011

LAW OFFICE OF ANDREW L. JONES, P.C.
Attorneys at Law

By: /S/
ANDREW L. JONES
Attorneys for Defendants
NATIONAL HR COMPANIES, LLC, DAVID JATHO and ROY HOMBS

PISTONE & WOLDER LLP
A LIMITED LIABILITY PARTNERSHIP
2020 MAIN ST., STE. 900
IRVINE, CALIFORNIA 92614
TELEPHONE (949) 622-8980

---

CERTIFICATE OF INTERESTED PARTIES

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants National HR Companies, LLC ("National HR"), David Jatho ("Jatho") and Roy Hombs ("Hombs") submit this Memorandum of Points and Authorities in opposition to part 2 of Arch's application for a preliminary injunction, "2) ordering Defendants to rescind, cancel and/or retrieve any binders, certificates of insurance or other purported documentary evidence of issuance of insurance by Arch;", pursuant to to Federal Rule of Civil Procedure 65(a).

## II. BACKGROUND

Defendants National HR, Jatho and Hombs oppose part 2 of Arch's application for preliminary injunction because any notice of rescission, cancellation and/or retrieval of any binders, certificates of insurance or other purported documentary evidence of issuance of insurance by Arch would create an unwarranted firestorm among National HR's numerous clients that would irreparably injure National HR by destroying its good will with its clients, and possibly put National HR out of business.

## III. ARGUMENT

### A. Arch Cannot Meet The Standard To Obtain A Preliminary Injunction.

To obtain a preliminary injunction, Arch must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the plaintiff in the absence of preliminary relief; (3) that the balance of equities tips in plaintiff's favor; and (4) the public interest favors granting relief. <u>Winter v. Natural Resources Defense Council</u>, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). A district court cannot issue an injunction unless "there exists some cognizable danger of recurrant violaton." <u>U.S. v. Laerdal Mfg.</u>, 73 F.3d 852, 854-55 (9th Cir. 1995).

Without conducting discovery, Arch has obtained an ex parte temporary restraining order and has applied for a preliminary injunction even though it cannot

1  meet the requisite standard, without establishing that there exists some cognizable
2  danger of recurrant violation, and at great peril to National HR's good will with its
3  clients.

4      Arch cannot show that National HR falsely represented to insureds that
5  coverage had been bound with Arch and that Arch would pay workers'
6  compensation claims sustained by its workers; therefore, Arch is not likely to suceed
7  on the merits on its Lanham Act claim or likely to suffer irreparable harm. To the
8  contrary, granting part 2 of Arch's application for preliminary injunction would
9  cause National HR to suffer irreparable harm because it would likely lose clients
10 and could go out of business.

11     The balance of equities tips in National HR's favor because Arch could put
12 National HR out of business if National HR's clients receive notices that prior
13 coverage has been rescinded or cancelled.

14     The public interest favors denying part 2 of Arch's application for a
15 preliminary injunction because National HR's clients may incorrectly believe that
16 they lacked insurance coverage by Arch or lack current insurance coverage by other
17 carriers.

18     Finally, Arch has not demonstrated that there is no adequate remedy at law.
19 Northern Cal. Power Agency v. Grace Geothermal Corp., 469 U.S. 1306, 105 S.Ct.
20 459 (1984).

21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

---

CERTIFICATE OF INTERESTED PARTIES

5

## IV. CONCLUSION

The Court must balance the equitable factors and should deny at least part 2 of Arch's application for a preliminary injunction to give the parties an opportunity to conduct discovery and to prevent the possibility of National HR's clients receiving erroneous notices of rescission and/or cancellation of coverage, which could put National HR out of business.

Dated: March 18, 2011

LAW OFFICE OF ANDREW L. JONES, P.C.
Attorneys at Law

By: /S/
ANDREW L. JONES
Attorneys for Defendants
NATIONAL HR COMPANIES, LLC,
DAVID JATHO and ROY HOMBS

**PROOF OF SERVICE**

STATE OF CALIFORNIA  ) 
                                ) ss:
COUNTY OF ORANGE  )

     I am employed in the County of Orange, State of California, at the law firm of PISTONE & WOLDER, LLP (2020 Main Street, Suite 900, Irvine, California 92614-8203). I am over the age of 18 and not a party to the within action.

     On March 18, 2011, I served, in the manner indicated below, the foregoing document described as:

     RESPONSE BY DEFENDANTS NATIONAL HR COMPANIES, LLC, DAVID JATHO AND ROY HOMBS TO EX PARTE APPLICATION BY PLAINTIFF ARCH INSURANCE COMPANY, INC. FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROY HOMBS IN SUPPORT THEREOF

on the interested parties to this action as follows:

James E. Fitzgerald                 jfitzgerald@stroock.com
Jason R. Bendel                   jbendel@stroock.com
Brian Fodera                        bfodera@stroock.com
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Suite 1600
Los Angeles, CA 90067

☐ (BY OVERNITE EXPRESS) I caused such envelope(s) to be deposited in the Overnite Express depository at Irvine, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with Overnite Express each day, and that practice was followed in the ordinary course of business for the service herein attested to. [C.C.P. Section 1013(a)(3)

☒ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand to the offices of the parties listed in the Service List.

     I declare under penalty of perjury under the laws of the State of California that all the foregoing is true and correct.

     Executed on March 18, 2011, at Irvine, California.

                                                  _____
                                                  Sara L. Gonzalez, Declarant