STROOCK & STROOCK & LAVAN LLP
JAMES E. FITZGERALD (State Bar No. 108785)
JASON R. BENDEL (State Bar No. 212774)
BRIAN FODERA (State Bar No. 246391)
2029 Century Park East, Suite 1600
Los Angeles, CA 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
E-mail: *lacalendar@stroock.com*

Attorneys for Plaintiff
Arch Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCH INSURANCE COMPANY, a Missouri corporation,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC., a Nevada corporation; NATIONAL HR COMPANIES, LLC, a Delaware Limited Liability Company with its principal place of business in Missouri; ARCHWAY INSURANCE SERVICES, LLC, a Pennsylvania Limited Liability Company; BRIAN BONAR, an individual; COLIN NIVEN BONAR, an individual; DAVID GOLDBERG, an individual; NORMAN TIPTON, an individual; JOHN CAPEZZUTO, an individual; DAVID JATHO, an individual; ROY HOMBS, an individual; and HUGH JAMES AGNEW, an individual,<br><br>　　　　　　Defendants. | Case No. CV11-1675 CAS (PJWx)<br><br>EX PARTE APPLICATION BY PLAINTIFF ARCH INSURANCE COMPANY, INC. FOR AN ORDER PERMITTING IMMEDIATE DISCOVERY PRIOR TO PRELIMINARY INJUNCTION HEARING<br><br>[[Proposed] Order lodged concurrently] |

LA 51393133

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, Plaintiff Arch Insurance Company ("Arch"), respectfully applies to this Court ex parte for an order permitting immediate limited discovery prior to the scheduled April 18, 2011, preliminary injunction hearing in this action.

Arch requests permission from the Court to immediately issue subpoenas to the following third-party insurance brokers: R-T Specialty Insurance Services, LLC; Wells Fargo Insurance Services USA, Inc.; American Business Insurance Services, Inc.; and Alternative Risk Company, Inc. (collectively, the "Brokers"). Each of the Brokers possesses documentation pertaining to the fraudulent insurance binders referenced in the Complaint. Arch has an urgent need to begin taking this limited discovery because the extent of the fraudulent issuance of insurance binders that is at issue remains undetermined, thereby still exposing an untold volume of companies and/or workers to a potential non-existence and/or gap in workers' compensation insurance coverage.

This Ex Parte Application is based upon the attached Memorandum of Points and Authorities, with accompanying Declarations of Paul Pappas and Brian Fodera, and on all of the other pleadings and files in this case. Notice of this ex parte application was provided to counsel for Defendants pursuant to Local Rule 7-19.1.

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JAMES E. FITZGERALD
JASON R. BENDEL
BRIAN FODERA

By      /s/ Brian Fodera

Brian Fodera
Attorneys for Plaintiff
Arch Insurance Company

- 1 -

LA 51393133

## I. INTRODUCTION

Arch is informed and believes that certain third-party insurance brokers possess information regarding fraudulent insurance binders purported to have been issued under a workers' compensation insurance policy issued by Arch to Defendant Allegiant Professional Business Services, Inc. ("Allegiant"). Arch has an urgent need to seek discovery from these third-party brokers so as to ascertain further the extent of the fraudulent scheme and in order to support its pending application for a preliminary injunction, which the Court is scheduled to hear on April 21, 2011. Permitting this discovery is necessary to allow Arch to identify the extent of the fraud, which threatens the security of workers and business owners in California and other states, and to prevent irreparable harm to those workers and businesses, as well as to Arch. Accordingly, Arch hereby requests that the Court issue an order permitting Arch to serve subpoenas for the production of documents on third-party brokers R-T Specialty Insurance Services, LLC; Wells Fargo Insurance Services USA, Inc.; American Business Insurance Services, Inc.; and Alternative Risk Company, Inc. (collectively, the "Brokers").

## II. ARGUMENT

A party may seek an order permitting immediate discovery in connection with an application for a preliminary injunction based on a showing of urgent need for the information sought. See Stanley v. Univ. of Southern Calif., 13 F.3d 1313, 1326 (9th Cir. 1994). As explained below, Arch has an urgent need to conduct discovery in connection with its application for a preliminary injunction because it is aware of documentation in the possession of the Brokers that will help reveal the extent and method of the fraudulent scheme alleged in the Complaint.

Arch is informed and believes that Defendants Allegiant, Archway Insurance Services, LLC, and National HR Companies LLC have issued, and/or caused to be issued, unauthorized insurance binders, certificates and other documentation purporting to evidence workers' compensation coverage under the 2010 workers'

compensation policy issued to Allegiant by Arch ("2010 Policy") to numerous businesses in California as well as in other states. (Declaration of Paul Pappas ("Pappas Decl."), ¶ 3.)

In or about January 2011, Arch became aware through an insurance broker, Alternative Risk Company, Inc. ("Alternative Risk"), that certain coverage had been bound under the 2010 Policy for certain employees of MDT Personnel, LLC. (Pappas Decl., ¶ 4.) Arch has never authorized any person or entity, including but not limited to the Defendants named herein, to issue an insurance binder or any other evidence of insurance to MDT Personnel under the 2010 Policy, or any other workers' compensation policy written by Arch, or to accept any premium for such purported insurance. (Id.)

In or about February 2011, Arch was informed by third-party broker R-T Specialty Insurance Services, LLC ("R-T Specialty") that several of its clients had been approached by Allegiant with proposals to sell the clients workers' compensation insurance issued by Arch. (Pappas Decl., ¶ 5.) At least one of the clients, Alltown Bus Service, Inc. ("Alltown") of Skokie, Illinois, was provided with a purported insurance binder on Allegiant letterhead stating that, effective January 21, 2011, Alltown is covered under the 2010 Policy. (Id.)

In or about February 2011, Arch was also advised by third-party broker American Business Insurance Services, Inc. ("ABI"), a California insurance broker, that two of its clients, Global Paratransit, Inc. ("Global"), of Gardena, California, and Southland Transit, Inc. ("Southland"), of El Monte, California, had been provided with documentation purporting to evidence issuance of workers' compensation insurance under the 2010 Policy. (Pappas Decl., ¶ 6.) Upon information and belief, these two companies paid approximately $2,900,000 in premiums to National HR for such purported insurance, and National HR and Allegiant have accepted said premium payments. (Id.) Upon further information and belief, Global Paratransit and Southland Transit submitted workers' compensation claims for their employees

directly to National HR and/or Allegiant, which thereafter gave notice of such claims to California state regulators and Arch, and, in doing so, falsely represented that they were workers' compensation claims of Allegiant employees. (Id.) Upon information and belief, Arch paid such claims because they were represented to be claims arising out of injury to Allegiant's employees only – not employees of Global Paratransit and/or Southland Transit. (Id.)

On February 22, 2011, Arch was advised by ABI that it had received a proposal dated March 19, 2010, from National HR purporting to offer coverage under the 2010 Policy for San Gabriel Transit ("San Gabriel"), a division of Southland Transit. (Pappas Decl., ¶ 7.) The proposal states that workers' compensation coverage is provided by Arch Insurance Company and that coverage could be bound by submitting the signed quote form and paying the first months premium of $195,200 directly to National HR in Columbia, MO. (Id.) Arch is informed and believes, and thereon alleges, that Southland Transit/San Gabriel Transit paid substantial monies to National HR during 2010 as premium for what it believed was workers' compensation coverage under the 2010 Policy underwritten by Arch. (Id.)

On or about March 1, 2011, Arch became aware that a Certificate of Liability Insurance was issued in or about August 2010 by third-party broker Wells Fargo Insurance Services, Inc., to Brook Park 35 Condo Assoc., indicating that Meadowbrook Industries, LLC, was an insured under the 2010 Policy. (Pappas Decl., ¶ 8.) The Certificate shows Policy Number ZAWCI9199300, the Policy Number for the 2010 Policy, but lists a Policy Period of September 1, 2010-September 1, 2011. (Id.) The Policy Period for the 2010 Policy was actually February 28, 2010-February 28, 2011, but was cancelled as of February 14, 2011. (Id.)

As stated above, Defendants have never had any authorization from Arch to place or write insurance, or to issue any insurance binders or certificates of insurance

- 3 -

LA 51393133

on behalf of Arch.  In spite of this fact, Arch has become aware of the examples listed above in which representations were made to putative insureds in documents bearing the names of Allegiant, National HR and/or Archway that the putative insureds were covered under the Arch Policy.  In addition, Arch has learned that additional would-be insureds were approached by Allegiant with offers of coverage under the Arch Policy.

Defendants have created significant and hidden financial exposure for unsuspecting employers, who were duped into believing in good faith that they had obtained appropriate coverage for their workers – without the knowledge of the insurer supposedly providing the coverage for them.  Arch has an urgent need to seek discovery of pertinent documents from the Brokers concerning this fraud.  Allowing immediate discovery will help prevent further fraud on unsuspecting companies and workers, and to mitigate and prevent further economic damage to Arch.  The requested discovery imposes no burden or hardship on Defendants, as documents are only being sought from the third-party Brokers.  Moreover, the documents sought can be the subject of a protective order to protect records and information about third parties that may be contained in the subpoenaed documents.

## III.  CONCLUSION

For the foregoing reasons, Arch respectfully request that the Court grant the requested relief herein.

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JAMES E. FITZGERALD
JASON R. BENDEL
BRIAN FODERA


By  /s/ Brian Fodera
Brian Fodera
Attorneys for Plaintiff
Arch Insurance Company, Inc.

- 4 -

LA 51393133

# CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2011, a copy of the foregoing EX PARTE APPLICATION BY PLAINTIFF ARCH INSURANCE COMPANY, INC. FOR AN ORDER PERMITTING IMMEDIATE DISCOVERY PRIOR TO PRELIMINARY INJUNCTION HEARING was filed electronically and served by personal service and/or e-mail on anyone unable to accept electronic filing as listed below.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by personal service and/or e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

Robert F. Hinton, Esq.
Archer Norris
337 South Grand Avenue, Suite 1700
Los Angeles, CA 90071

Edward T. Rogan, Esq.
Edward Rogan & Associates, LLC
125 State Street
Hackensack, New Jersey 07601

John A. Mayers, Esq.
Mulvaney, Kahan & Barry, LLP
401 West A Street, 17th Fl.
San Diego, CA 92101

/s/ Brian Fodera
Brian Fodera
Attorneys for Plaintiff
Arch Insurance Company

-1-

LA 51393133