| | |
|---|---|
| 1 | STROOCK & STROOCK & LAVAN LLP |
| 2 | JAMES E. FITZGERALD (State Bar No. 108785)<br>JASON R. BENDEL (State Bar No. 212774) |
| 3 | BRIAN FODERA (State Bar No. 246391)<br>2029 Century Park East, Suite 1600 |
| 4 | Los Angeles, CA 90067-3086<br>Telephone: 310-556-5800 |
| 5 | Facsimile: 310-556-5959<br>E-mail: *lacalendar@stroock.com* |
| 6 | Attorneys for Plaintiff |
| 7 | Arch Insurance Company |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCH INSURANCE COMPANY, a Missouri corporation, | Case No. CV11-1675 CAS (PJWx) |
| Plaintiff, | DECLARATION OF PAUL PAPPAS IN SUPPORT OF ARCH INSURANCE COMPANY'S EX PARTE APPLICATION FOR AN ORDER PERMITTING IMMEDIATE DISCOVERY PRIOR TO PRELIMINARY INJUNCTION HEARING |
| vs. | |
| ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC., a Nevada corporation; NATIONAL HR COMPANIES, LLC, a Delaware Limited Liability Company with its principal place of business in Missouri; ARCHWAY INSURANCE SERVICES, LLC, a Pennsylvania Limited Liability Company; BRIAN BONAR, an individual; COLIN NIVEN BONAR, an individual; DAVID GOLDBERG, an individual; NORMAN TIPTON, an individual; JOHN CAPEZZUTO, an individual; DAVID JATHO, an individual; ROY HOMBS, an individual; and HUGH JAMES AGNEW, an individual, | [Ex Parte Application filed and [Proposed] Order lodged concurrently] |
| Defendants. | |

-1-

LA 51394702

# DECLARATION OF PAUL PAPPAS

I, Paul Pappas, hereby declare:

1. I am Vice-President of the Alternative Markets division for Arch Insurance Group, Inc., parent company of Arch Insurance Company. I submit this declaration in support of Arch's Ex Parte Application For A Temporary Restraining Order And An Order To Show Cause Re: Preliminary Injunction. If called as a witness in this case, I could and would competently testify to the following facts, all of which are within my personal, first-hand knowledge.

2. As a Vice-President for Alternative Markets for Arch, my responsibilities include managing the book of business as well as the Alternative Markets staff on a day to day basis. Allegiant Professional Business Services, Inc. ("Allegiant") is one of the accounts included within the Alternative Markets book of business.

3. Arch is informed and believes that Defendants Allegiant, Archway Insurance Services, LLC, and National HR Companies LLC have issued, and/or caused to be issued, unauthorized insurance binders, certificates and other documentation purporting to evidence workers' compensation coverage under the 2010 workers' compensation policy issued to Allegiant by Arch ("2010 Policy") to numerous businesses in California as well as in other states.

4. In or about January 2011, Arch became aware through an insurance broker, Alternative Risk Company, Inc. ("Alternative Risk"), that certain coverage had been bound under the 2010 Policy for employees of MDT Personnel, LLC. Arch has never authorized any person or entity, including but not limited to the Defendants named herein, to issue an insurance binder or any other evidence of insurance to MDT Personnel under the 2010 Policy, or any other workers' compensation policy written by Arch, or to accept any premium for such purported insurance.

5. In or about February 2011, Arch was informed by third-party broker R-T Specialty Insurance Services, LLC ("R-T Specialty") that several of its clients had

- 2 -

been approached by Allegiant with proposals to sell the clients workers' compensation insurance issued by Arch. At least one of the clients, Alltown Bus Service, Inc. ("Alltown") of Skokie, Illinois, was provided with a purported insurance binder on Allegiant letterhead stating that, effective January 21, 2011, Alltown is covered under the 2010 Policy.

6.  In or about February 2011, Arch was also advised by third-party broker American Business Insurance Services, Inc. ("ABI"), a California insurance broker, that two of its clients, Global Paratransit, Inc. ("Global"), of Gardena, California, and Southland Transit, Inc. ("Southland"), of El Monte, California, had been provided with documentation purporting to evidence issuance of workers' compensation insurance under the 2010 Policy. Upon information and belief, these two companies paid approximately $2,900,000 in premiums to National HR for such purported insurance, and National HR and Allegiant have accepted said premium payments. Upon further information and belief, Global Paratransit and Southland Transit submitted workers' compensation claims for their employees directly to National HR and/or Allegiant, which thereafter gave notice of such claims to California state regulators and Arch, and, in doing so, falsely represented that they were workers' compensation claims of Allegiant employees. Upon information and belief, Arch paid such claims because they were represented to be claims arising out of injury to Allegiant's employees only – not employees of Global Paratransit and/or Southland Transit.

7.  On February 22, 2011, Arch was advised by ABI that it had received a proposal dated March 19, 2010, from National HR purporting to offer coverage under the 2010 Policy for San Gabriel Transit ("San Gabriel"), a division of Southland Transit. The proposal states that workers' compensation coverage is provided by Arch Insurance Company and that coverage could be bound by submitting the signed quote form and paying the first months premium of $195,200 directly to National HR in Columbia, MO. Arch is informed and believes, and

- 3 -

1. thereon alleges, that Southland Transit/San Gabriel Transit paid substantial monies to National HR during 2010 as premium for what it believed was workers' compensation coverage under the 2010 Policy underwritten by Arch.

8. On or about March 1, 2011, Arch became aware that a Certificate of Liability Insurance was issued in or about August 2010 by third-party broker Wells Fargo Insurance Services, Inc., to Brook Park 35 Condo Assoc., indicating that Meadowbrook Industries, LLC, was an insured under the 2010 Policy. The Certificate shows Policy Number ZAWCI9199300, the Policy Number for the 2010 Policy, but lists a Policy Period of September 1, 2010-September 1, 2011. The Policy Period for the 2010 Policy was actually February 28, 2010-February 28, 2011, but was cancelled as of February 14, 2011.

I declare under penalty of perjury and under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 31st day of March 2011 at Tampa, Florida.

_____
Paul Pappas

LA 51394702