UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 26, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      **(In Chambers:) ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**

## I.    INTRODUCTION

On February 25, 2011, plaintiff Arch Insurance Company ("Arch") filed a complaint in the instant action, asserting claims for (1) violation of 15 U.S.C. § 1125; (2) breach of contract with respect to the relevant binder agreement; (3) breach of contract with respect to the relevant insurance policy; (4) intentional misrepresentation; (5) concealment; (6) negligent misrepresentation; (7) violation of California Bus. & Prof. Code § 17200 et seq.; (8) violation of 18 U.S.C. § 1962(c), (d).  Plaintiff's claims arise out of alleged improper sales of insurance policies by defendants to third parties purporting to bind plaintiff.

On February 25, 2011, plaintiff filed an ex parte application for a temporary restraining order and an order to show cause re: preliminary injunction.  On March 8, 2011, the Court issued a temporary restraining order and order to show cause against defendants.  On March 18, 2011, defendants National HR Companies, LLC, David Jatho, and Roy Hombs (collectively, the "National HR Defendants") filed an opposition to the ex parte application for preliminary injunction.  On April 4, 2011, the National HR Defendants filed a supplemental response.  On April 4, 2011, defendants Archway Insurance Services, LLC and Hugh James Agnew (collectively, the "Archway Defendants") filed an opposition to the issuance of a preliminary injunction.[1]  On April 4,

---

[1]The parties have indicated that the Archway Defendants and Arch intend to enter into a stipulation with respect to the preliminary injunction before the Court.  Therefore,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 26, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

2011, defendants Allegiant Professional Business Services, Inc. ("Allegiant"), Brian Bonar, Colin Niven Bonar, David Goldberg, and John Capezzuto (collectively, the "Allegiant Defendants") filed an opposition to the application for preliminary injunction and request for plaintiff to post security bond. On April 11, 2011, plaintiff submitted a reply brief in support of its request for preliminary injunction. A hearing was held on the matter on April 18, 2011. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 375 (2008). The Ninth Circuit summarized the Supreme Court's recent clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

## III.    DISCUSSION

The Court concludes that a preliminary injunction should issue in this case. Plaintiff has demonstrated that there are at least serious questions going to the merits of

---

the Court does not address Archway's opposition in the instant order, and DENIES plaintiff's application with respect to Archway without prejudice subject to renewal if the parties fail to reach an agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 26, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

the dispute, that the balance of hardships tips decidedly in plaintiff's favor, that there is a likelihood of irreparable injury and that the injunction is in the public interest.

In support of its application, Arch has proffered evidence that raises serious questions going to the merits of plaintiff's claims. Arch's evidence includes binders apparently issued to third parties without Arch's authorization. Specifically, Arch submits a purported insurance binder issued to Alltown Bus Service, Inc. (the "Alltown Bus Binder") on Allegiant letterhead purportedly evidencing issuance of workers' compensation insurance to Alltown Bus Service, Inc. under the 2010 policy issued by Arch to Allegiant. Pappas Decl. at ¶ 12, Exh. B to Pappas Decl. The Pappas Declaration states that there was no authorization to issue this binder. Pappas Decl. at ¶ 13. Arch also submits a proposal dated March 19, 2010 offering workers' compensation insurance under the same policy to San Gabriel Transit that provides that payment for the policy should be sent to National HR Companies. Pappas Decl. ¶ 15, Exh. C to Pappas Decl.

In opposition to the preliminary injunction, the Allegiant Defendants contend that they were not involved with the issuance of any unauthorized insurance binders, including the Alltown Bus Binder. "Allegiant never issued nor tried to issue any insurance binders, certificates or any other evidence of insurance in Arch's name to anyone." Allegiant Opp. at 3; see also Bonar Decl. ¶ 12 ("Arch alleges and Allegiant wholeheartedly agrees that Allegiant is not authorized to issue any Arch insurance binders, certificates or other evidence of insurance by Arch to Allegiant's corporate clients; **Allegiant never did so**")(emphasis in original). The Allegiant defendants contend that, in fact, when they became aware that fraudulent policies were being issued without their knowledge or Arch's authorization, they alerted Arch of the situation and made attempts to contact all purported insureds to inform them that the policies were not valid. Bonar Decl. ¶¶ 9, 11, Exh. G to Bonar declaration. In response to the evidence presented by plaintiff, they submit a declaration and affidavit by Alyssa Wilcox, the purported signatory to the Alltown Bus Binder that asserts her lack of knowledge with respect to the binder. "I had never seen [the Alltown Bus Binder] before. I did not create it, cause it to be created, draft it, issue it, authorize it, instruct that it be created or ratify it. Prior to seeing this document for the first time on approximately February 8, 2011, I had no knowledge of its existence. Other than what was falsely represented on that document and the within described contact with that document, I have never had any contact, dealings or communication with Alltown Bus Service, Inc." Wilcox Decl. ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 26, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

Additionally, the Allegiant defendants submit declaration testimony of Niven Bonar, the Chief Operating Officer of Allegiant, stating that the Alltown Bus Binder "does not remotely resemble the letterhead and contract format and style that Allegiant was then (and is still) using," and attaches examples of binders actually issued by Allegiant for purposes of comparison.  Bonar Decl. ¶ 8.

In connection with its reply brief, plaintiff offers insurance binders issued to Family Care Visiting Nurse and Home Care Agency, LLC ("Family Care") that purport to bind Arch, which also appear to be originated by Allegiant.  Exh. B to Fitzgerald Decl. In support of its argument that these binders were issued by Allegiant, plaintiff also proffers emails between Niven Bonar and Alyssa Wilcox at Allegiant and an insurance broker "in reference to providing workers compensation coverage for Family Care." Fitzgerald Decl. ¶ 5, Exh. C to Fitzgerald Decl.  Plaintiff contends that this evidence not only demonstrates that Allegiant issued an insurance binder to Family Care, but, since the Family Care binder is similar in form to the Alltown Bus Binder, that the Alltown Bus Binder was also issued by Allegiant.  "While Allegiant expresses shock with respect to the Alltown Bus Service binder, it seems to have forgotten that a virtually identical form binder was used by Allegiant to evidence its providing workers' compensation insurance coverage to Family Care, despite the existence of contemporaneous e-mails from Niven Bonar referencing the Family Care account."  Reply at 5.  The Allegiant Defendants contend that they are not the source of the binder issued to Family Care.  Bonar Supplemental Decl. ¶ 3 ("I have never seen, used, authorized, ratified after-the-fact or had knowledge of the use or employment of the agreement or binder referenced by Arch . . . with regard to . . . [Family Care]. . . . Family Care was and remains a staffing services client of Allegiant").

The National HR Defendants oppose "only that portion of the proposed preliminary injunction which orders *all* Defendants to: '...rescind, cancel, and/or retrieve any binders, certificates of insurance or other purported documentary evidence of issuance of insurance by Arch."  Supp. Response at 2.  The National HR Defendants argue that if this portion of the preliminary injunction were to be granted, it would cause "waves of unnecessary litigation," and would be contrary to the public interest.  Id. Moreover, the National HR Defendants argue that "Arch is not entitled to the proposed mandatory injunction because Arch has not submitted evidence sufficient to establish the requisite equitable factors for injunctive relief."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 26, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

While the evidence offered by the Allegiant Defendants certainly calls into question the source of the policies at issue, the Court concludes that plaintiff's evidence is sufficient to raise serious questions going to the merits of its claims as against both the National HR Defendants and the Allegiant Defendants. Additionally, the Court concludes that the balance of hardships tips towards sharply in plaintiff's favor, that there is a likelihood of irreparable injury and that the injunction is in the public interest. If, in fact, Allegiant is not the source of the unauthorized policies, then the instant injunction requiring them to rescind any unauthorized policies issued by them and to cease issuing further unauthorized policies should not impose a significant hardship. Moreover, Allegiant acknowledges that it does not have a right to engage in any of the actions prohibited by the injunction. Similarly, to the extent National HR has been issuing and continues to issue policies, those policies should only be affected by the injunction to the extent they are issued without the authorization of Arch. National HR's lawful business should not be affected by the injunction.[2] In the absence of the injunction, policies may continue to be issued purporting to bind Arch, which would impose a significant hardship on Arch and expose them to irreparable injury. Moreover, an injunction would be in the public interest to the extent that it protects entities that may otherwise rely on ineffective insurance binders.

## IV.  CONCLUSION

In light of the foregoing, the Court hereby RESTRAINS AND ENJOINS the Allegiant Defendants and the National HR Defendants, their agents, servants, employees and attorneys and those in active concert or participation with any of them from:

---

[2] Further, while counsel for the Allegiant Defendants asserted at oral argument that their business reputation would be harmed by the mere issuance of a preliminary injunction against them, the Court finds that any such harm is less significant than the harm that would be incurred by plaintiff in the event the injunction does not issue. The Court notes that no portion of this order constitutes a finding that any of the defendants in fact issued any fraudulent policies, and should not be interpreted as such. Because the order does not make any conclusive findings of wrongdoing by the defendants, the Court concludes that the harm caused by the order should be minimal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 26, 2011 |
|----------|----------------------|------|----------------|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

(1) issuing any binders, certificates or other purported documentary evidence of issuance of insurance by Arch Insurance Company to third parties without prior notice to and authorization from Arch Insurance Company; and

(2) destroying, shredding, deleting, spoliating or in any way taking any steps that would lead to spoliation of any and all documents, including in whatever hard copy or electronic format in which they may exist, that relate in any way to the 2008 Binder Agreement, the 2009 Binder Agreement and the 2010 Binder Agreement (between Arch and Allegiant), and the Policies issued by Arch to Allegiant, including, but not limited to, binders, certificates or other purported documentary evidence of issuance of insurance by Arch, employee lists, loss runs and claims files;

The Allegiant Defendants and the HR Defendants are hereby ORDERED to rescind, cancel and/or retrieve any binders, certificates of insurance or other purported documentary evidence of issuance of insurance by Arch Insurance Company issued to third parties without prior notice to and authorization from Arch Insurance Company; and

ALLEGIANT IS FURTHER ORDERED to continue to submit to an inspection and audit of its books and records, including in whatever hard copy or electronic format in which they may exist, that in any way relate to the 2008 Binder Agreement, the 2009 Binder Agreement and the 2010 Binder Agreement (between Arch and Allegiant), and the 2008 Policy, the 2009 Policy and the 2010 Policy (collectively, "Policies") issued by Arch to Allegiant, as ordered by this Court on March 8, 2011 and March 28, 2011.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |