Robert F. Hinton (Bar No. 98110)
rhinton@archernorris.com
ARCHER NORRIS
333 South Grand Avenue, Suite 1700
Los Angeles, CA 90071-1540
Telephone: 213.437.4000
Facsimile: 213.437.4011

Attorneys for Defendants,
ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC., BRIAN BONAR, COLIN NIVEN BONAR, DAVID GOLDBERG and JOHN CAPEZZUTO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCH INSURANCE COMPANY, a Missouri corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC., a Nevada corporation; NATIONAL HR COMPANIES, LLC, a Delaware Limited Liability Company with its principal place of business in Missouri; ARCHWAY INSURANCE SERVICES, LLC, a Pennsylvania Limited Liability Company; BRIAN BONAR, an individual; COLIN NIVEN BONAR, an individual; DAVID GOLDBERG, an individual NORMAN TIPTON, an individual; JOHN CAPEZZUTO, an individual; DAVID JATHO, an individual; ROY HOMBS, an individual; and HUGH JAMES AGNEW, an individual,<br><br>Defendants. | Case No. CV 11 01675 CAS PJWx<br><br>**DEFENDANT, ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.'S OPPOSITION TO PLAINTIFF, ARCH INSURANCE COMPANY'S <u>EX PARTE</u> APPLICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF R. F. HINTON IN SUPPORT THEREOF; EXHIBIT THERETO**<br><br>Courtroom: No. 5<br><br>[Courtroom of the Honorable Christina A. Snyder] |

## MEMORANDUM OF POINTS AND AUTHORITIES

COMES NOW, Defendant herein, Allegiant Professional business Services, Inc. ("Allegiant") and files the within Opposition to Arch Insurance Company's <u>Ex Parte</u> Application for immediate and (additional) third party discovery of and to 100-plus clients of Allegiant. As set forth more fully below, this proposed third-party discovery is designed to and will in fact prejudice and disrupt Allegiant's business relationships with its clients.

Respectfully, Allegiant opposes only this portion of Arch Insurance Company's ("Arch") <u>Ex Parte</u> Application and as more fully set forth below.

In its <u>Ex Parte</u> Application to this Court, Arch requests permission to unleash over 100-plus subpoenas upon each and every one of Allegiant's current clients. Respectfully, this Court is requested to deny Arch's request.

On April 18, 2011, this Court stated that:

> "But I think that in the meantime I do intend to issue an injunction along the lines I have discussed because I certainly don't think we should interfere with valid contracts where Arch has given authorization.
>
> \* \* \*
>
> The problem is that there is a serious question. I am not saying that Arch has demonstrated probability of success on the merits. There is simply a serious question.
>
> \* \* \*
>
> No one is trying to injure your client[, Mr. Hinton]. I understand that you deny any wrongdoing." [See, April 18, 2011 Court Transcript, at p. 12, ll. 3-6; p. 16, ll. 23-25; p. 17, l. 11. Excerpts attached.]

In note 2 of this Court's Civil Minutes dated April 26, 2011, at page 5

thereof, this Court stated that:

> "The Court notes that no portion of this order constitutes a finding that any of the defendants in fact issued any fraudulent policies, and should not be interpreted as such. Because the order does not make any conclusive findings of wrongdoing by the defendants, the Court concludes that the harm caused by the order should be minimal.
> [See, April 26, 2011 Civil Minutes, at page 5, n. 2.]

Despite this Court's above-referenced statements and rulings, Arch seeks in this fourth Ex Parte Application[1] to this Court, to cause precisely the damage, injury and prejudice that this Court stated would not occur.

Apparently, Arch would propose that it be permitted to reach out to each and every one of 100-plus clients that Allegiant currently has and commence an inquisition which will undoubtedly disrupt, injure and prejudice Allegiant's business relationships with its clients.

Where there is a potential risk of injury to Allegiant's business relations and the proposed discovery to the third-party cannot be substantially shortened, the California federal courts have rejected such requests for expedited limited discovery of third parties.

> "The Court reaches a different conclusion as to the third-party discovery propounded to IBM and Sematech, Inc.[2] The benefits of expediting this particular is not nearly as obvious. ... Moreover, Plaintiff concedes it cannot shorten the time within which IBM and Sematech, Inc. respond, so the net gain, at best, will be to advance discovery by three weeks. <u>Given the likelihood of contention **over these requests**</u>, it is doubtful this third-party discovery will be completed prior to the Case Management Conference and Patent Local Rule 3 disclosure. <u>Balanced against the lack of any substantial incremental benefit is **the risk of prejudice or disruption to Defendants' business relations with these customers.** The Court finds insufficient cause to permit expedited third-party discovery.</u>" [See, Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 277-78

---

[1] The Ex Parte Application for the TRO was the <u>first</u>. It is believed that the Supplemental Order (which pre-dates Allegiant's lawyers appearance in this case) was the <u>second</u>. The request by Arch for discovery as against four (4) brokers was the <u>third</u> and this immediate request is yet a fourth Arch ex parte request that Allegiant is aware of.

[2] Identified earlier as "two of Defendants' customers ...." [See, Semitool, Inc v. Tokyo Electron America, Inc., infra, at 274.

A0250001/1140161-1           3           ALLEGIANT OPPOSITION TO ARCH EX PARTE APPLICATION

1  (N.D. Cal. 2002). Emphases added.]

2  The massive and indiscriminate discovery that Arch proposes to unleash
3  upon each and every one of Allegiant's current clients is designed to and will
4  inevitably cause prejudice and disruption to Allegiant's business relations with its
5  clients.

6  As this Court acknowledged on April 18, 2011, there is no intent to disturb
7  those clients of Allegiant where the Arch policy is valid. [Discussion, supra.] As
8  this Court acknowledged at that same hearing, there is no intent to injury Allegiant.
9  [Discussion, supra.] Yet, Arch's proposed and massive third-party discovery
10 strategy is designed to (and will) disrupt and prejudice Allegiant's business
11 relationships with each and every client that it has.

12 Moreover, it is unclear what would be asked of these clients. Indeed, no
13 proposed subpoena language has been proffered by Arch to this Court or the parties
14 to review. [But see, Semitool, supra, at 277-78.]

15 No proffer by Arch has been made to this Court to identify only those that
16 Arch truly contends, in good faith (and with some semblance of proof), have invalid
17 Arch policies (if, indeed, any). Arch's proposed and massive overkill approach
18 would suggest that it does not know whom, if any, have such alleged and invalid
19 Arch policies. If Arch does know which entities have such invalid policies, then its
20 request to this Court should, with the proper proffer, be limited to such isolated
21 situations (if any). Indeed, there is and there can be no good faith reason for Arch's
22 suggested "scorched earth" approach to third-party discovery as to each and every
23 client of Allegiant.

24 There has been no showing of exigency or dire need for this discovery on an
25 expedited basis. None.

26 As to Arch's request to serve subpoenas on three specific brokers, viz.,
27 Daniel & Henry Company, PUI Insurance Services, Inc. and Atlantic Risk
28

1  Specialties, Inc., Allegiant does not oppose said proposed discovery.[3]  [See, Arch
2  Ex Parte Application, at p. 2, l. 20 – p. 4, l. 21.]
3       As set forth more fully above, Allegiant does, however, oppose Arch's
4  request to serve 100-plus subpoenas on Allegiant's clients, and each of them.
5       Arch has been unilaterally conducting discovery. Allegiant has submitted to
6  an on premises audit.  Pursuant to this Court's Supplemental Order, Allegiant has
7  also produced to Arch over 17,826 pages of documents (roughly 6 banker's boxes
8  of documents).  Brokers have been subpoenaed by Arch; more broker subpoenas
9  have been requested (and agreed to by Allegiant).  Allegiant documents and
10 information have been provided to Arch on an unprecedented (and unrequited)
11 scale.  Yet, no Early Meeting has occurred; no Initial Disclosures have been
12 exchanged.
13      There is no reason why the remainder of the discovery in this case should not
14 be scheduled and tracked in a reasonable, normal and sequenced manner.
15      For the reasons set forth above, this Court is respectfully requested to deny
16 that portion of Arch's ex parte request that seeks to serve over 100 subpoenas on
17 Allegiant's current clients.

Dated:   May 16, 2011

**Respectfully submitted,**
ARCHER NORRIS

_____
Robert F. Hinton
Attorneys for Defendants,
ALLEGIANT PROFESSIONAL
BUSINESS SERVICES, INC., BRIAN
BONAR, COLIN NIVEN BONAR,
DAVID GOLDBERG and JOHN
CAPEZZUTO

---

[3] Allegiant's non-opposition to Arch's request in this regard is premised on the assumption that Arch proposes to served the same subpoena on these three brokers that it did on the prior four brokers.

A0250001/1140161-1                     5                ALLEGIANT OPPOSITION TO ARCH EX PARTE APPLICATION