# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

○

| Case No. | CV 11-1675 CAS (PJWx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| James Fitzgerald | Tommy Gallardo |
| Brian Fodera | Andrew Jones |
| | John Mayers |
| | Robert Hinton |

**Proceedings:** **DEFENDANT NORMAN TIPTON'S MOTION TO DISMISS (filed 04/07/11)**

**DEFENDANTS ARCHWAY INS. SERVS., LLC & HUGH JAMES AGNEW'S MOTION TO DISMISS THE FIRST CLAIM FOR VIOLATION OF THE LANHAM ACT, FOURTH CLAIM FOR INTENTIONAL MISREPRESENTATION, FIFTH CLAIM FOR CONCEALMENT, SIXTH CLAIM FOR NEGLIGENT MISREPRESENTATION, SEVENTH CLAIM FOR VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200, & EIGHTH CLAIM FOR VIOLATION OF THE RACKETEER INFLUENCED & CORRUPT ORGANIZATIONS ACT PURSUANT TO FRCP RULE 12(b)(6) (filed 04/11/11)**

**DEFENDANTS ARCHWAY INS. SERVS., LLC & HUGH JAMES AGNEW'S MOTION TO STRIKE PORTIONS OF THE COMPLAINT (filed 04/11/11)**

**DEFENDANTS ALLEGIANT PROF. BUSINESS SERVICES, INC., BRIAN BONAR, COLIN NIVEN BONAR, DAVID GOLDBERG & JOHN CAPEZZUTO'S MOTION TO DISMISS, MOTION TO STRIKE AND/OR, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT (filed 04/20/11)**

## I.    INTRODUCTION

On February 25, 2011, plaintiff Arch Insurance Company ("Arch") filed a complaint against Allegiant Professional Business Services, Inc. ("Allegiant"), National HR Companies, LLC ("National HR"), Archway Insurance Services, LLC ("Archway"), Brian Bonar, Colin Niven Bonar, David Goldberg, Norman Tipton, John Capezzuto, David Jatho, Roy Hombs, and Hugh James Agnew.  The complaint alleges claims for: (1) violation of the Lanham Act, 15 U.S.C. § 1125; (2) breach of contract (binder

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

agreement); (3) breach of contract (insurance policy); (4) intentional misrepresentation; (5) concealment; (6) negligent misrepresentation; (7) violation of the Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; (8) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (d). The gravamen of the dispute is the alleged unauthorized issuance by defendants of insurance policies purporting to bind Arch.

On April 7, 2011, defendant Norman Tipton filed a motion to dismiss. On April 18, 2011, plaintiff filed an opposition to defendant's motion. On April 25, 2011, defendant Norman Tipton filed a reply in support of his motion.

On April 11, 2011, defendants Hugh James Agnew and Archway filed a motion to dismiss and a motion to strike. On April 18, 2011, plaintiff filed an opposition to defendants' motions. On April 25, 2011, defendants filed reply briefs in support of their motions.

On April 20, 2011, defendants Allegiant, Brian Bonar, Colin Niven Bonar, John Capezzuto and David Goldberg filed a motion to dismiss, strike, and/or for a more definite statement. On May 2, 2011, plaintiff filed an opposition to defendants' motion. On May 9, 2011, defendants filed a reply in support of their motion.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

○

| Case No. | CV 11-1675 CAS (PJWx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of

| Case No. | CV 11-1675 CAS (PJWx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

law. <u>Tapley v. Lockwood Green Eng'rs</u>, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), <u>rev'd on other grounds</u>, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. <u>Bureerong v. Uvawas</u>, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

## III.    DISCUSSION

### A.    Norman Tipton's motion

Defendant Norman Tipton ("Tipton") argues that the complaint should be dismissed as to him because plaintiff "has failed to state in any manner, whatsoever, what it claims TIPTON did that constitutes actionable conduct. Plaintiff only avers (incorrectly) that TIPTON 'is a Director and principal shareholder of Allegiant.' Even if TIPTON were a Director and principal shareholder (which he is not and never was), that alone, does not make him liable for acts allegedly committed by ALLEGIANT." Mot. at 2. Therefore, Tipton argues, "[w]hen measured by the 'plausibility standards imposed by *Twonbly* and *Iqbal*, Plaintiff's Complaint is woefully deficient, failing to meet the general pleading requirements of FRCP Rule 8(a)." <u>Id</u>. at 6. Moreover, Tipton argues, the complaint fails to meet the heightened pleading standards of Rule 9. "[T]he complaint is absolutely void of any factual allegations concerning TIPTON with respect to the circumstances constituting fraud or mistake; i.e., the who, what, when, where, and how of the claimed misconduct. Moreover, most of the Complaint is not based upon personal knowledge, but instead upon 'information and belief,' hardly rising to the level of particularity required by FRCP Rule 9(b)." <u>Id</u>. at 9. Lastly, Tipton argues, plaintiff fails to allege that it has standing to bring its claim under Cal. Bus. & Prof. Code §§ 17200 et seq. because it "fails to state that it suffered any loss or deprivation of money or property sufficient to qualify as injury in fact," as required by Proposition 64. <u>Id</u>. at 9-10.

In opposition, plaintiff argues that it has sufficiently pleaded its allegations against Tipton at this stage. "Arch is continuing to develop and offer evidence to support [its] claims through discovery. In the meantime, the real question is does Tipton know from the pleadings what [he] is alleged to have done? The answer is 'Yes.' Thus, Tipton's Motion to Dismiss should be denied." Opp. at 1. Moreover, defendant argues, while "Tipton contends that Arch has not alleged sufficient facts to suggest that he could be liable for the actions perpetrated by Allegiant and others," this argument is "without

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

○

| Case No. | CV 11-1675 CAS (PJWx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

foundation because the Complaint clearly alleges that Tipton is a director and officer of Allegiant. Drawing reasonable inferences from this allegation, it is plausible that the director of a relatively small company, which has engaged in a massive fraud would have participated in perpetrating the fraud." Id. at 5-6. Plaintiff further argues that it has sufficiently pleaded its claims pursuant to Rules 8(a) and 9. With respect to its UCL claim, Arch argues that it has standing to bring the claim because "Arch alleges in the complaint that it has been financially damaged because of actions of the defendants in this case. (See e.g., ¶ 71). Arch is still uncovering the full extent of the damage. Not until it conducts discovery, will Arch know the full extent to which it has been financially damaged, including the amounts it expended paying false insurance claims."[1] Id. at 13.

The Court concludes that plaintiff's claims should be dismissed with respect to defendant Tipton. Plaintiff's bare allegations that defendant Tipton is a "director and officer" of Allegiant without any further allegations of his role in the alleged activity are insufficient to support any claims against him. Therefore, Tipton's motion to dismiss is GRANTED without prejudice.

### B.      Hugh James Agnew and Archway's motions

### 1.      Motion to Strike

Defendants Hugh James Agnew ("Agnew") and Archway request that the Court strike plaintiff's request for attorneys' fees with respect to plaintiff's fourth, fifth, and sixth claims for relief. Defendants argue these portions of the complaint should be stricken because " Arch has requested an award of attorney's fees in the prayer for its intentional misrepresentation, concealment, and negligent misrepresentation claims, but Arch failed to allege the basis for an award of attorney's fees. None of these tort claims specifically entitle Arch to an award of attorney's fees. In the complaint, there is no allegation that could support an award of attorney's fees pursuant to these claims." Mot. at 6.

---

[1]In reply, Tipton argues that plaintiff herein mischaracterizes the allegations in the complaint. "ARCH claims that in its Complaint (Paragraph 71) it alleges that it has been financially damaged. Paragraph 71 states nothing of the sort. In fact, Paragraph 71 only states that 'ARCH has been ***exposed*** to ***potential*** claims for workers it did not agree to insure.' Exposure to potential claims is not injury in fact." Reply at 6 (emphasis in original).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

○

| Case No. | CV 11-1675 CAS (PJWx) | | Date | May 23, 2011 |
|---|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | | |

Plaintiff argues that these portions should not be stricken because "attorneys' fees are recoverable in this instance under the doctrine of the 'tort of another.' The California Supreme Court has held that when a party is forced to expend legal fees and other expenses to defend itself from third party claims it may recover those fees from the tortfeasor." Opp. at 1. Plaintiff asserts that the doctrine is applicable in this case because "[t]he gravamen of Arch's claims is that Defendants conspired with others to produce, sell, and distribute fake Arch insurance policies to unsuspecting third parties while collecting millions of dollars in illegal premiums. Defendants' tortious acts have exposed Arch to claims by third parties, undetermined legal fees, and costs to defend those claims. But for Defendants' wrongful conduct in selling fake insurance Arch would not have to incur such legal fees and costs." Id. at 2. Moreover, plaintiff argues, "it is improper to strike a request for attorneys['] fees from a complaint under Rule 12(f)." Id. at 3.

In reply, defendants Agnew and Archway argue that the tort of another doctrine is inapplicable because "the complaint does not set forth any factual basis to support the tort of another doctrine against Mr. Agnew or Archway. Arch did not include a single allegation in the complaint that it incurred attorney's fees to bring or defend an action as a result of any tort committed by Mr. Agnew or Archway." Reply at 2. Further, defendants argue, "California district courts exercise discretion to strike claims from the prayer when the claims are not authorized as a matter of law." Id.

The Court construes plaintiff's request for attorneys' fees with respect to these claims as those fees that may be incurred as a result of lawsuits filed by third parties against plaintiff in connection with the alleged fraud in this instant case, and those fees only. Therefore, the Court DENIES defendant's motion to strike.

## 2. Motion to Dismiss

Agnew and Archway move to dismiss the first, fourth, fifth, sixth, seventh, and eighth claims on the basis that they "do not satisfy either the plausibility requirement under Federal Rules of Civil Procedure rule 8(b)(2) or the particularity requirement under Federal Rules of Civil Procedure rule 9(b)." Mot. at 11.

### a. Plaintiff's Lanham Act claim

Agnew and Archway argue that plaintiff's first claim pursuant to the Lanham Act claim is barred by the McCarran-Ferguson Act, 15 U.S.C. 1011 et seq. because it is "founded upon the issuance of certificates of insurance that comply with Insurance Code

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

○

| Case No. | CV 11-1675 CAS (PJWx) | Date | May 23, 2011 |
|----------|------------------------|------|--------------|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

section 284." Id. at 18. "The McCarran-Ferguson Act applies to Arch's Lanham Act claim, because (i) the Lanham Act does not specifically relate to insurance business; (ii) the acts of issuing certificates of insurance constitute the business of insurance (i.e., the insurance broker may issue a certificate of insurance to evidence the insurer's issuance of an insurance policy . . . (iii) California has enacted Insurance Code section 384 to regulate certificates of insurance; and (iv) California Insurance Code section 384 would be superseded, impaired, or invalidated if Mr. Agnew or Archway could be liable under the Lanham Act for issuing a certificate of insurance that bears Arch's (i.e., the insurer's) name or insurance policy number, because California Insurance Code section 384 authorizes an insurance broker to issue a certificate of insurance bearing the insurer's name and policy number." Id.

Agnew and Archway further argue that plaintiff's Lanham Act claim is "legally insufficient to cross the threshold from possibility to plausibility." Id. at 19. Defendants argue that the plaintiff fails to make clear whether the mark at issue is a registered or unregistered service mark. Reply at 12. Moreover, defendants argue, Arch did not allege any factual allegations to show that Mr. Agnew or Archway improperly used Arch's service-marked name in a way that is likely to deceive the public. . . . . Obviously, Archway's listing of Arch's name on the Acord certificates does not violate section 43(a) of the Lanham Act; Archway is authorized to do so under California Insurance Code section 384." Id. at 13. Further, defendants argue, the claim fails to the extent that "Arch appears to be referring to the certificates of insurance as constituting Archway's allegedly false representations . . . . Since certificates of insurance merely evidence the issuance of an insurance policy and do not evidence that the certificate holder is insured under the policy, Arch's allegations are legally insufficient." Mot. at 19. "Finally, the other allegations against Archway are made upon information and belief, contradictory and conclusory." Id.

Further, because plaintiff's Lanham Act claim is based upon fraud, defendants contend that it has to plead the claim with particularity, which it does not. Mot. at 20. Archway and Agnew argue that the claim fails because it is pleaded "upon information and belief," does not "specify the time, place, and manner of each alleged misrepresentation, the identity of each person who made each misrepresentation, and the role of each defendant in the alleged fraud." Id. at 20-21. Moreover, defendants argue, the allegations incorporated into the claim that pertain to Agnew and Arch are insufficiently pled because "Arch did not attach the certificates of insurance or any other document that Mr. Agnew or Archway allegedly issued . . . Arch did not quote the language on the certificates or on any other document that allegedly is false; and Arch did

not state the information upon which Arch's beliefs are based with particularity." Id. at 21.

In opposition, plaintiff argues that the McCarren-Ferguson Act is inapplicable under Merchant Home Delivery Service Inc. v. Reliance Group Holdings, Inc., 50 F. 3d 1486 (9th Cir. 1995). First, plaintiff argues, "the alleged acts do not constitute the business of insurance because they have no effect on spreading the policyholder's risk and are not particular to entities in the insurance industry. Selling fake insurance has no effect on transferring or spreading the policy holder's risk because there is no relationship between the purported policyholder and the insurer." Opp. at 8. Moreover, plaintiff argues, "[t]he fourth factor of the McCarren-Ferguson test is also not satisfied because there is no direct conflict between California law or public policies and the Lanham Act . . . permitting Arch's Lanham Act claim advances–rather than impairs or invalidates–California's laws and public policies." Id. at 9.[2]

Plaintiff argues that it otherwise has alleged a cognizable claim. First, plaintiff argues, while defendants "downplay the significance" of the insurance certificates, they are significant "because they provide the 'imprimatur' of coverage for non-Allegiant employees under the Arch policy," and "were specifically drafted to cause third parties to believe they had workers compensation coverage through Arch."[3] Id. at 10-11. Plaintiff

---

[2]In reply, Agnew and Archway argue that plaintiff's argument is inapposite because they have not "stated sufficient factual matter to show that Mr. Agnew and Archway conspired to sell fake insurance and to pocket the premium, and the Acord certificates comply with law." Reply at 16. Defendants contend that because the certificates were properly issued I connection with a valid policy, their issuance is related to the business of insurance. Further, defendants argue, because "Arch has not pled any factual matter to show that the Acord certificates were fraudulently issued," they are regulated pursuant to Ins. Code. § 384, and therefore their issuance satisfies the fourth factor of the McCarran-Ferguson test. Id. at 17.

[3]In connection with its opposition, plaintiff submits copies of certificates of insurance issued by Archway. In reply, plaintiff argues that "the plain language of the Acord certificates themselves [evidence] that they comply with California law and that Mr. Agnew and Archway acted lawfully in completing them," and that therefore they destroy all of plaintiff's claims as against Agnew and Archway. Reply at 6. Specifically, Agnew and Archway argue that, as the broker on the account, Archway was authorized to

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

○

| Case No. | CV 11-1675 CAS (PJWx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

further argues that its claim is plead with sufficient particularity, and that any further specific facts concerning the fraudulent activities alleged "were firmly and exclusively within Defendants' control at the time the complaint was drafted." Id. at 11-12.

The Court concludes that plaintiff's Lanham Act claim has been pleaded sufficiently and is not barred by the McCarran-Ferguson Act. The Court finds that plaintiff has sufficiently alleged that the certificates were fraudulent and therefore their issuance did not constitute the business of insurance. See Compl. ¶ 41 ("The false representation that coverage was bound by Arch . . . is a violation of Section 43 of the Lanham Act"). Moreover, enforcement of the Lanham Act in the circumstances as alleged would not supersede, impair, or invalidate California Insurance Code section 384, but rather is consistent with California public policy with respect to the regulation of the insurance industry. The Court further finds that Arch sufficiently pleads that the alleged use of the mark was likely to deceive the public. Moreover, the Court finds that plaintiff has pleaded its claim with the requisite particularity, as more specific facts regarding the allegedly false representations were, at the time of the filing of the complaint, uniquely in the possession of defendants. Defendants' additional arguments regarding the relative significance of the certificates, their meaning, or defendants' authorization to use the mark at issue may be more properly considered in a motion for summary judgment on a more complete record. Therefore, the Court DENIES defendants' motion with respect to plaintiff's first claim.

### b. Plaintiff's intentional and negligent misrepresentation and concealment claims

Archway and Agnew argue that plaintiff's claim for intentional misrepresentation fails because "Arch did not allege facts to show (i) Archway's representations about Allegiant were false when made; (ii) Archway sold insurance to third parties using Arch's 2010 Policy as a vehicle to do so; (iii) Mr. Agnew or Archway extended coverage under

---

issue the certificates. Id. at 9. Moreover, Agnew and Archway argue, "the Acord certificates identify Allegiant as the only insured under the 2010 Policy and expressly provide that the Acord certificates do not amend, extend, or alter the coverage afforded by the 2010 Policy." Id. at 11. "If a certificate holder relied upon an Acord certificate as evidence that the certificate holder was insured under the 2010 Policy . . . the certificate holder made an error of law for which Mr. Agnew and Archway cannot be responsible." Id. at 12.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

O

| Case No. | CV 11-1675 CAS (PJWx) | Date | May 23, 2011 |
|----------|------------------------|------|--------------|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

the 2010 Policy to entities not covered under the 2010 Policy; or (iv) the information for Arch's belief that Archway made false representations and assisted Allegiant in the extension of coverage under the 2010 Policy." Mot. at 23. With respect to plaintiff's claim for negligent misrepresentation, Agnew and Archway argue that it fails because "Arch does not allege facts to show that (i) Archway had no reasonable grounds to make the representation to Arch when made (i.e., if Archway knew that Arch did not insure PEO clients, as Arch alleges it did, then Archway would have had a reasonable ground to inform Arch that Allegiant sough to insure only its temporary staffing employees); (ii) Mr. Agnew or Archway sold workers' compensation insurance to third parties using the 2010 Policy to do so (iii) Mr. Agnew or Archway extended coverage under the 2010 Policy to entities not covered under the 2010 Policy; or (iv) the information for Arch's belief that Archway made false representations and assisted Allegiant in the extension of coverage under the 2010 Policy." Id. at 25. Defendants further argue that the claims are not pleaded with sufficient particularity. Id. at 23, 25. "Arch did not plead specifics of dates, time, place, manner, the role of each defendant, the content of the alleged writings, or the role of the alleged writings in the fraud . . . Arch also did not attach the certificates of insurance and other documentation referenced in the complaint or quote the allegedly false language." Id.

Archway and Agnew further argue that plaintiff's fifth claim for concealment fails because "the allegations are too conclusory," and because Arch failed to plead it with particularity. Id. at 23, 24. Moreover, they argue, "Arch did not allege facts to show that Mr. Agnew or Archway issued any insurance binder;[] Arch did not attach the certificates of insurance or other documentation evidencing insurance coverage or quote from the documents; [] Arch did not allege facts to show that Mr. Agnew or Archway received premiums for extending coverage to entities under the 2010 Policy; and [] Arch did not allege the information supporting its allegations on information and belief." Id. at 24.

In opposition, plaintiff argues that its complaint "contains sufficient facts, alleged with particularity, on each element of the claim for intentional and negligent misrepresentation." Opp. at 13. Plaintiff further argues that it has "alleged sufficient facts, stated with particularity to show that it has a plausible claim for concealment. In support of its claim for concealment, Arch not only incorporated the allegations contained under its claim for intentional misrepresentation, it provides additional facts. Arch specifies that Archway concealed that they had issued and/or signed purported binders and/or other documentation (e.g., Accord Certificates of Insurance) to entities that were not covered under the Policy." Id. at 14.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 11-1675 CAS (PJWx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

The Court concludes that plaintiff pleads its intentional misrepresentation, negligent misrepresentation, and concealment claims with the requisite particularity. Plaintiff adequately describes the allegedly fraudulent representations. Defendants' arguments regarding the factual underpinnings of the claims may be more appropriate to consider on a motion for summary judgment. The Court therefore DENIES defendants' motion with respect to plaintiffs fourth, fifth, and sixth claims.

### c.      Plaintiff's UCL Claim

To the extent plaintiff's UCL claim is alleged under the "unlawful" prong of the UCL, Archway and Agnew argue that if fails because "Arch did not plead plausible claims for intentional misrepresentation, concealment, negligent misrepresentation, violation of the Lanham Act or violation of RICO." Mot. at 27. "In addition, Arch's allegations in Paragraph 24 are conclusory." Id. Archway and Agnew further argue that the "unfair" prong of the UCL is not applicable here because plaintiff does not plead a business act or practice that causes "injury to competition." Id. at 28. Lastly, defendants argue that plaintiff's claim fails to the extent it is premised on an alleged" fraudulent business act or practice. Archway and Agnew argue that "Arch pled legal conclusions, without pleading enough facts, to show that members of the public were likely to be deceived by the issuance of certificates of insurance," and that this is insufficient under Bardin v. Daimlerchrysler Corp., 136 Cal. App. 4th 1255 (2006).

In opposition, plaintiff argues that it has sufficiently alleged a UCL claim under each of the three prongs. First, Arch argues that it has alleged a claim under the "unlawful" prong "since Arch has alleged that Defendants violated the Lanham Act, RICO, and committed common law fraud." Opp. at 16. Plaintiff further argues that it has alleged a claim under the"unfair" prong, as it has alleged conduct that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Id. at 16, citing People v. CasaBlanca, 159 Cal. App. 3d 509, 530 (1984). Plaintiff argues that the acts it alleges are "offensive to California's established public policy of preventing insurance fraud and are morally repugnant and unethical. . . . The gravity of the harm caused by Defendants' alleged conduct far outweighs any utility of the conduct–indeed there is no utility behind Defendants['] conduct as it was unauthorized, illegal, and deceptive." Id. at 17. Lastly, plaintiff argues that it states a claim under the "fraudulent" prong because it "has alleged that Defendants 'used in commerce the service-marked name of Arch Insurance Company and falsely represented to purported insureds that coverage had been bound with Arch...' (Complaint ¶ 39). Undoubtedly, such alleged actions are likely to deceive these purported insureds. Indeed, Arch alleges that they

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES - GENERAL**

○

| Case No. | CV 11-1675 CAS (PJWx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

were in fact deceived into believing they had workers' compensation insurance through Arch." Id. at 18.

The Court concludes that plaintiff's claim is alleged sufficiently under any and all of the three prongs of the UCL. Plaintiff has sufficiently alleged predicate unlawful acts, including the claims discussed above. The practices alleged by plaintiff also constitute "unfair" and "fraudulent" actions as contemplated by the UCL. Therefore, the Court DENIES defendants' motion with respect to plaintiff's seventh claim.

### d.     Plaintiff's RICO claim

Archway and Agnew argue that plaintiff fails to allege a RICO claim under section 1962(c). Mot. at 34. "First, Arch did not state any facts to show that Mr. Agnew or Archway used the mails or wires to violate RICO. Second, Arch did not state sufficient facts to show that Mr. Agnew or Archway placed a counterfeit mark that is identical or substantially indistinguishable to Arch's mark on some good or service transported, transferred or registered." Reply at 20. Further, defendants argue, "the continuity requirement is not satisfied, because the alleged misconduct occurred in a closed period, without occurring over an extended period of time and without a threat of ongoing alleged misconduct." Id. Additionally, defendants argue, "Arch has not alleged enough facts to show that the alleged mail and wire fraud or alleged trafficking in goods or services with a counterfeit mark was the proximate cause of Arch's alleged injury. It was the alleged selling of fake insurance to companies not covered under the 2010 Policy in exchange for a premium that caused Arch's alleged injury; the alleged completing of the Acord certificates did not directly cause Arch's alleged injury." Id. at 21. Moreover, defendants argue, the underlying torts are not pleaded with particularity.

Defendants also argue that plaintiff fails to allege a RICO claim under section 1962(d) based on their failure to "adequately plead a substantive violation of section 1962(c)." Mot. at 35. Additionally, defendants argue that the claim fails because it "was not pled with particularity as required by Federal Rules of Civil Procedure, rule 9(b)." Id.

In opposition, plaintiff argues that it sufficiently alleges RICO claims pursuant to sections 1962(c) and (d). First, plaintiff argues that it "unambiguously alleges that an enterprise (i.e., an association in fact) existed and that Archway was in concert with Allegiant and National HR to sell and distribute fake Arch insurance policies to unsuspecting third parties." Opp. at 19, citing Compl. at ¶ 30.

| Case No. | CV 11-1675 CAS (PJWx) | Date | May 23, 2011 |
|----------|------------------------|------|--------------|

| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. |
|-------|-----------------------------------------------------------------------------------|

Next, plaintiff argues, it "alleges sufficient facts evidencing the commission of a predicate or racketeering activity . . . because Arch alleges Defendants committed mail and wire fraud." Opp. at 20. With respect to its allegation of mail fraud, plaintiff argues that its pleading is consistent with Rule 9(b) in that it "alleges that the false policy documentation was fraudulently created and sent within the 2010 Binder period (time), to Skokie, Illinois, Gardena California, and El Monte, California (place) purporting to confer valid Arch insurance policies (content), and delineating the parties to the policy." Id. at 21. Plaintiff further argues that it "separately alleges a violation of 18 U.S.C. § 2320, trafficking in counterfeit goods, also a predicate act under the RICO statute. . . The Complaint contains several allegations that Defendants knowingly created, sold, and distributed false insurance, using Arch's service mark." Id. at 21-22.[4]

With respect to the "pattern of racketeering" element, plaintiff argues "[t]he Complaint meets this minimum threshold [of two acts of racketeering] as it alleges the mailing of a fraudulent insurance certificate to Global Transit, Southland Transit and Alltown, and the trafficking in counterfeit insurance bearing Arch's service-mark." Id. at 22. Plaintiff further argues that it "has alleged closed-ended continuity by alleging a series of related predicates extending over a substantial period of time. Arch has alleged that false policy information was used to document the sale and distribution of products at the very least during the 2010-2011 policy period. . . . Defendants' repeated predicate acts of mail fraud and trafficking in counterfeit goods over a one year period is sufficient to allege close-ended continuity." Id. at 23.

The Court concludes that plaintiff has sufficiently pleaded its RICO claim, and therefore DENIES defendants' motion with respect to this claim. Plaintiff sufficiently alleges an enterprise, along with sufficient predicate racketeering offenses. Moreover, plaintiff alleges the underlying acts with sufficient particularity. To the extent that details of fraudulent representations to third parties are pleaded generally, the Court concludes that the specifics were uniquely available to defendants at the time of the filing of the complaint. Moreover, to the extent that defendants argue that their alleged activities were not the proximate cause of plaintiff's injury, the Court finds that question more properly addressed on a more complete record.

---

[4]Arch argues that although it failed to allege that its mark was registered, "this is of no consequence because it can reasonably be inferred from the Complaint that its service mark is registered. Moreover, the Court may take judicial notice of public records, such as Arch's service-mark registration in deciding Defendant's Motion." Opp. at 22, n. 3.

○

| Case No. | CV 11-1675 CAS (PJWx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

**C.     Allegiant, Brian Bonar, Colin Niven Bonar, John Capezzuto and David Goldberg's Motion**

Defendants argue that the complaint should be dismissed as against Brian Bonar, Colin Niven Bonar, John Capezzuto and David Goldberg (the "Individual Allegiant Defendants") because "no facts are pled against them" in plaintiff's complaint.  Mot. at 2.  "After only the briefest mention of these individuals in the caption . . . and a one paragraph pleading of identity as to each (at pp. 3-4), Arch . . . makes no mention whatsoever of any of the individual Allegiant Defendants for the remainder of the Complaint."  Id. at 8.  Therefore, the Individual Allegiant Defendants request that they be dismissed from the action, or, alternatively, that the Court grant their motion for a more definite statement, requiring the plaintiff to allege their individual wrongdoing.  Id. at 9.

Defendants further argue that the complaint fails as against Allegiant as well.  With respect to plaintiffs' second claim for breach of the insurance binders, defendants argue that this claim should be dismissed because plaintiff fails to attach the binders, quote from them or expressly reference their key terms.  Id. at 10.  Moreover, defendants argue, the express terms of the binders, which they attach, contradict the allegations of the complaint.  Specifically, plaintiff alleges that "'Allegiant breached the Binder Agreements in that it sought to extend the workers' compensation coverage to third-party entities and workers <u>not listed in that Policy</u>, and to third-party entities and employees for which Allegiant supplied PEO operations.  By doing so, Allegiant acted <u>in direct contravention of the Binder Agreements</u>.' . . . . Yet, a review of the now attached Binders reveals that (a) there is no such language in the Binders which so provides, (b) therefore, there is no breach of such referenced language nor (c) a breach of the binders, as alleged by Arch."  Id. at 11, citing Compl., Exh. A to Mot.  Therefore, defendants argue, these references should be stricken.  Mot. at 12.  Moreover, defendants argue, "the parole evidence rule precludes Arch from contending that oral communications that preceded the Binder somehow modified or altered it . . . in the substantive manner indicated in the subject complaint."  Id. at 13.  Defendants also argue that "the Second Cause of Action for Breach of the Binders fails for the following and additional reason that by the express terms of the Arch Policies and perforce of law, the Binders ceased to operate once each policy went into effect and the Arch Policy superseded same."[5]  Id. at 12.

---

[5]In opposition, plaintiff argues that "the Binder Agreements were the effective contracts between the parties until the policies were issued.  Accordingly, Arch is entitled

| Case No. | CV 11-1675 CAS (PJWx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

Similarly, defendants argue that plaintiff's third claim for breach of the insurance policies fails because the complaint alleges that Allegiant breached the contract by extending "workers' compensation coverage to entities and workers that were not listed in the Policies and to its PEO clients and their workers who were not employed by Allegiant" or by "specific affiliated companies named in the Policies," but in fact, "scrutiny of the subject Arch Policy reveals that there is no list of specific affiliated companies nor pre-approved companies nor are any workers identified by name or otherwise (other than an inexhaustible list of very broad and general work categories). Most importantly, there is no PEO exclusion in the 'exclusion' section, no PEO exclusion rider, no PEO exclusion endorsement and no PEO exclusion in any schedule relevant, related to or otherwise mentioned in the Arch Policy attached to the Arch Complaint." Id. at 13-14, citing Compl. Moreover, defendants argue, "the parole evidence precludes any claim that any earlier oral communications, if any, functioned to substantially modify or alter this later occurring written document."  Mot. at 14.

Lastly, defendants argue that the remaining six claims alleged against Allegiant–the first claim for violations of the Lanham Act, the fourth claim for intentional misrepresentation, the fifth claim for concealment, the sixth claim for negligent misrepresentation, the seventh claim for violations of section 17200, and the eighth claim for RICO violations–all fail because they are not factually supported in the complaint. "Each of these causes of action draws from and relies on the same corpus of 'facts' or, more accurately, absence of facts."  Id. at 15.  Defendants argue that the only two "facts" put forward with respect to Allegiant are: "(a) that in early February, 2011, a document purporting to be on Allegiant stationary came into Arch's possession and (b) two companies that are not on the Arch Policy 'list' advised Arch that they had paid, combined, a total of $2,900,000 in premiums to Defendant, National HR."  Id. Defendants argue that plaintiff draws conclusions based on these "facts" about alleged wrongdoing without the proper factual support, and therefore the claims based on those conclusions fail.  Id. at 16.  Moreover, defendants argue, plaintiff employs an "alarming number of 'informed and believes. . .'" in their pleading, which defendants argue "would seem to strongly support Allegiant's claims here that Arch has no real facts and has artfully disguised same to this Court."  Id. at 17.

---

to recovery of damages flowing from any breach of the Binder Agreements resulting from the issuance of fraudulent certificates of insurance to third parties during the period in which the binders were effective (i.e., before the policies were issued)."  Opp. at 12.

| Case No. | CV 11-1675 CAS (PJWx) | Date | May 23, 2011 |
|----------|----------------------|------|--------------|

| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. |
|-------|--------------------------------------------------------------------------------|

With respect to the individual defendants, plaintiff argues that their complaint is sufficient as alleged "because the substance of Arch's allegations against the Individual Defendants is not only comprehensible, it is obvious. The complaint states plainly that Allegiant and the Individual Defendants were part of a 'plan to sell insurance without the knowledge or authorization of the licensed insurer (Arch), and thereafter [submit claims falsely to states and to Arch for payment.'" Opp. at 4, citing Compl. at ¶ 37. Moreover, plaintiff argues, the complaint "alleges the following with respect to the individual defendants: it states that Defendant Brian Bonar is a Director and principal shareholder of Allegiant and was Allegiant's President and Chief Executive Officer during the time many of the facts alleged in the Complaint took place; that Colin Niven Bonar is a Director and principal shareholder of Allegiant and is Allegiant's Chief Operating Officer; that David Goldberg is the Chairman, CEO and a principal shareholder of Allegiant; and that John Capezzuto is a Director and principal shareholder of Allegiant. (Complaint, ¶¶ 8-12). Drawing reasonable inferences from these allegations, it is plausible that the directors, officers and principal shareholders of a relatively small company, which has engaged in a massive fraud, would have participated in perpetrating the fraud, or at the very least have knowledge of its existence." Opp. at 7-8.

With respect to defendants' request to strike, plaintiff argues it should be denied because the allegations to which they refer are "the core of Arch's claims against the Defendants. They are not impertinent." Opp. at 6.

Plaintiff further argues that defendants' arguments regarding the two breach of contract claims are not supportable and that these claims are adequately pled. Id. at 9. "First, Arch has expressly stated the terms of the Binder Agreements and policy that Allegiant breached. . . . Here, Arch has expressly stated that the Binder Agreements and Policy were breached because the Allegiant Defendants extended workers' compensation coverage to third parties and workers that [were not covered] under the policy." Id. "Second, Allegiant's argument that there could not have been a breach of the Binder Agreements and insurance policy because there is no language in these documents that prohibits Defendants from extending workers' compensation coverage to third parties is without foundation and ignores the facts alleged in the complaint." Id. at 9-10. Plaintiff argues that "Arch has alleged that the Binder Agreements were entered into with the intent that the insurance policies subsequently issued would provide workers' compensation insurance for Allegiant's employees only. Arch and Allegiant had an express agreement on this issue. In a court of law, evidence of the parties' agreed intent concerning the Binder Agreements would be admissible and Arch would be entitled to show the parties' express agreement was breached." Id. at 10. Plaintiff further argues

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 11-1675 CAS (PJWx) | Date | May 23, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

that the remaining claims are pleaded with a sufficient factual basis to preclude dismissal. Id. at 13-24.

The Court GRANTS defendants' motion with respect to the Individual Allegiant Defendants without prejudice. As with respect to defendant Tipton, plaintiff fails to allege any facts against them, other than their role in the company generally. The Court finds this is insufficient to allege a claim against them.

The Court DENIES defendants' motion with respect to Allegiant. The Court finds that plaintiff's theory regarding the alleged breach of the insurance policies is consistent with the attached agreement. With respect to the insurance binders, the Court finds that defendants' arguments are premature. While defendants may be able to demonstrate on summary judgment that the alleged activity occurred, if at all, during the pendency of the policies, and therefore that the binder agreements were not in operation, the Court finds it more appropriate to address the question at that stage. With respect to plaintiff's other claims, as discussed above, the Court finds that they are sufficiently pleaded, and that more particularized information about the time, place, and manner of the alleged misrepresentations are uniquely in the possession of defendants. Defendants' remaining arguments actually go to plaintiff's ability to prove its allegations, which are not pertinent at this stage. Therefore the Court DENIES defendants' motion to dismiss and motion for a more definite statement with respect to Allegiant. The Court also DENIES defendants' motion to strike.

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS without prejudice Norman Tipton's motion to dismiss, DENIES Archway and Hugh James Agnew's motion to dismiss, DENIES Allegiant, Brian Bonar, Colin Niven Bonar, John Capezzuto and David Goldberg's motion with respect to defendant Allegiant and GRANTS the motion without prejudice with respect to Brian Bonar, Colin Niven Bonar, John Capezzuto and David Goldberg. Plaintiff shall file an amended complaint within **twenty (20)** days of the of the filing of this order. Plaintiff is admonished that failure to do so may result in the dismissal with prejudice.

IT IS SO ORDERED.

| 00 | : | 30 |
|---|---|---|
| Initials of Preparer | | CMJ |