UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | June 23, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers:) RENEWED REQUEST BY PLAINTIFF ARCH INSURANCE COMPANY FOR A PRELIMINARY INJUNCTION AGAINST DEFENDANTS ARCHWAY INSURANCE SERVICES, LLC AND HUGH JAMES AGNEW** (filed 5/16/11)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

**I.   INTRODUCTION**

On February 25, 2011, plaintiff Arch Insurance Company ("Arch") filed a complaint in the instant action, asserting claims for (1) violation of 15 U.S.C. § 1125; (2) breach of contract with respect to the relevant binder agreement; (3) breach of contract with respect to the relevant insurance policy; (4) intentional misrepresentation; (5) concealment; (6) negligent misrepresentation; (7) violation of California Bus. & Prof. Code § 17200 et seq.; (8) violation of 18 U.S.C. § 1962(c), (d). Plaintiff's claims arise out of alleged improper sales of insurance policies by defendants to third parties purporting to bind plaintiff.

On February 25, 2011, plaintiff filed an ex parte application for a temporary restraining order and an order to show cause re: preliminary injunction. On March 8, 2011, the Court issued a temporary restraining order and order to show cause against defendants. On March 18, 2011, defendants National HR Companies, LLC, David Jatho, and Roy Hombs (collectively, the "National HR Defendants") filed an opposition to the ex parte application for preliminary injunction. On April 4, 2011, the National HR Defendants filed a supplemental response. On April 4, 2011, defendants Archway

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | June 23, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

Insurance Services, LLC and Hugh James Agnew (collectively, the "Archway Defendants") filed an opposition to the issuance of a preliminary injunction. On April 4, 2011, defendants Allegiant Professional Business Services, Inc. ("Allegiant"), Brian Bonar, Colin Niven Bonar, David Goldberg, and John Capezzuto (collectively, the "Allegiant Defendants") filed an opposition to the application for preliminary injunction and request for plaintiff to post security bond. On April 11, 2011, plaintiff submitted a reply brief in support of its request for preliminary injunction. A hearing was held on the matter on April 18, 2011. On April 26, 2011, the Court issued a preliminary injunction with respect to the Allegiant Defendants and the National HR Defendants. The Court denied the application without prejudice with respect to the Archway Defendants, as the parties had indicated at the hearing that they might enter into a stipulation with respect thereto. The parties were not able to reach an agreement, and on May 16, 2011, plaintiff filed a renewed request for a preliminary injunction against the Archway Defendants. On June 3, 2011, the Archway Defendants filed an opposition to plaintiff's request. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 375 (2008). The Ninth Circuit summarized the Supreme Court's recent clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | June 23, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

### III.  DISCUSSION

The Court concludes that a preliminary injunction should not issue against the Archway Defendants because plaintiff has not proffered sufficient evidence to raise serious questions going to the merits of the dispute between plaintiff and these defendants.

In support of its original application, Arch proffered evidence that included binders of insurance apparently issued to third parties and proposals offering workers' compensation insurance sent to third parties without Arch's authorization.  Those binders and proposals indicated that they may have originated from the Allegiant or National HR defendants, although the Allegiant defendants contested the source of the documents.  In granting the injunction against the Allegiant Defendants and the National HR Defendants, the Court noted that although there was evidence suggesting that the documents may not have come from the Allegiant Defendants, plaintiff's evidence was sufficient to raise serious questions going to the merits of its claims as against these defendants.  The Court further found that the balance of hardships tipped towards sharply in plaintiff's favor, that there was a likelihood of irreparable injury and that the injunction was in the public interest.

With respect to the Archway Defendants, however, as noted by the Court in the first hearing on the matter, plaintiff fails to put forth sufficient evidence to raise even a serious question going to the merits of their claims.  While plaintiff argues that the Archway Defendants participated in the alleged conspiracy by issuing certificates of insurance in connection with unauthorized policies, it offers no evidence in support of this contention.  In plaintiff's renewed request for a preliminary injunction against the Archway Defendants, for example, plaintiff argues that "certificates of liability signed by Mr. Agnew were provided to those companies [identified as purchasers of unauthorized insurance, including Family Care, Global Paratransit, and Southland Transit] to evidence their employees' coverage for workers compensation claims under the Arch Policies," but do not cite to any evidence before the Court that would support such an allegation.  The Court has reviewed the certificates submitted with the Fitzgerald Declaration in support of Arch's opposition to the Archway Defendants' motion to dismiss.  Having reviewed the certificates, the Court finds them to be insufficient to raise a serious question as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | June 23, 2011 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

their fraudulence, and has not identified any certificates issued to any of the named third parties.

In light of the fact that plaintiff fails to present evidence linking the Archway Defendants to the wrongful acts alleged in the complaint, the Court finds that plaintiff has not raised a serious question going to the merits of their claims against the Archway Defendants, and therefore that a preliminary injunction should not issue.

## IV.    CONCLUSION

In light of the foregoing, the Court hereby DENIES plaintiff's renewed request for a preliminary injunction against the Archway Defendants.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |