MICHAEL McCARTHY (SBN 89588)
mmccarthy@nemecek-cole.com
TOMMY Q. GALLARDO (SBN 202588)
tgallardo@nemecek-cole.com
**NEMECEK & COLE**
A Professional Corporation
15260 Ventura Boulevard, Suite 920
Sherman Oaks, California 91403-5399
(818) 788-9500 \ (818) 501-0328 - Fax

Attorneys for Defendants ARCHWAY INSURANCE
SERVICES, LLC, a Pennsylvania Limited Liability
Company, and HUGH JAMES AGNEW

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF**

**CALIFORNIA - WESTERN DIVISION - SPRING STREET COURTHOUSE**

| | |
|---|---|
| ARCH INSURANCE COMPANY, a Missouri corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC., a Nevada corporation; NATIONAL HR COMPANIES, LLC, a Delaware Limited Liability Company with its principal place of business in Missouri; ARCHWAY INSURANCE SERVICES, LLC, a Pennsylvania Limited Liability Company; BRIAN BONAR, an individual; COLIN NIVEN BONAR, an individual; DAVID GOLDBERG, an individual; NORMAN TIPTON, an individual; JOHN CAPEZZUTO, an individual; DAVID JATHO, an individual; ROY HOMBS, an individual; and HUGH JAMES AGNEW, an individual,<br><br>            Defendants. | Case No.: CV11-01675 CAS (PJWx)<br><br>**DEFENDANTS ARCHWAY INSURANCE SERVICES, LLC'S AND HUGH JAMES AGNEW'S ANSWER TO THE FIRST AMENDED COMPLAINT**<br><br>Judge:      Hon. Christina A. Snyder<br>Room:      5<br><br><br><br>Complaint Filed:   February 25, 2011<br>Trial Date:          None Set. |

NEMECEK & COLE<br>A PROFESSIONAL CORPORATION<br>15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344<br>TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

1

Defendants ARCHWAY INSURANCE SERVICES, INC., a Pennsylvania limited liability company, ("Archway") and HUGH JAMES AGNEW ("Mr. Agnew"; collectively "Defendants") hereby submit this Answer to the First Amended Complaint ("FAC") filed by Plaintiff ARCH INSURANCE COMPANY, a Missouri corporation ("Arch"), as follows:

Introduction.    Defendants deny, generally and specifically, conjunctively and disjunctively, the first sentence in the Introduction to the FAC in part.  Defendants deny that Arch has been the victim of a massive fraud perpetrated by Archway or Mr. Agnew (either by themselves or with others) in connection with Arch's workers' compensation insurance business.  Defendants have insufficient information or belief to enable them to answer the remaining part of the first sentence in the Introduction that Arch has been the victim of a massive fraud perpetrated by ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC. ("Allegiant"), NATIONAL HR COMPANIES, LLC ("National HR"), and other co-conspirators in connection with Arch's workers' compensation insurance business, and placing their denial on that basis, deny generally and specifically, conjunctively and disjunctively the remaining part of the first sentence in the Introduction.    Defendants deny, generally and specifically, conjunctively and disjunctively, the implied statement in the second sentence in the Introduction that Archway and/or Mr. Agnew have effectively sold workers' compensation insurance to third-party companies and have represented to them and their workers that they are covered under Arch insurance policies.  Defendants deny, generally and specifically, conjunctively and disjunctively, the fifth sentence in the Introduction that Archway and/or Mr. Agnew, in collecting millions of premium dollars for this fake insurance, keeping those premiums for their own coffers, and sending the subsequent workers' compensation claims to Arch for payment have duped hundreds of workers and their employers into believing they are covered by insurance – insurance that was never authorized or validity issued.  Defendants deny as phrased the sixth sentence in the Introduction that workers' compensation insurance is designed to protect workers from injuries they sustain in the

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

course of their employment. Defendants admit the seventh sentence in the Introduction in part. Defendants admit that there is a public interest in ensuring that employers maintain workers' compensation insurance, but Defendants deny as phrased the remaining part of the sentence that such insurance be in place so that workers' claims will be covered under collectible insurance issued by reputable insurers. Defendants deny, generally and specifically, conjunctively and disjunctively, the ninth sentence in the Introduction that Archway and/or Mr. Agnew have abused Arch's good name and standing in the insurance industry by fraudulently causing the issuance of purported workers' compensation insurance, thereby creating significant and hidden financial exposure for numerous employers that were duped into believing in good faith that they have obtained valid coverage for their workers. Defendants deny, generally and specifically, conjunctively and disjunctively, the implied statement in the tenth sentence of the Introduction that Archway and/or Mr. Agnew participated in a scam , participated in a fraud, and caused Arch to sustain damages. Defendants have insufficient information or belief to enable them to answer the remaining statements, implied statements, and sentences in the Introduction, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining statement, implied statement, and sentence in the Introduction.

1.     Defendants admit the allegation in Paragraph 1 of the FAC.

2.     Defendants deny as phrased the allegation in Paragraph 2 of the FAC.

3.     Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 3 of the FAC.

4.     Defendants have insufficient information or belief to enable them to answer the allegations in Paragraph 4 of the FAC, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every allegation in Paragraph 4.

5.     Archway admits the allegation in the first sentence in Paragraph 5 of the FAC in part. Archway admits upon information and belief that Allegiant is a publicly

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

traded Nevada corporation, but deny upon information and belief that Allegiant's principal place of business is in Anaheim, California, located in the County of Orange. Archway admits upon information and belief the allegation in the second sentence in Paragraph 5 that Allegiant is, and at all relevant times was, a Nevada corporation organized under the laws of the State of Nevada that regularly does business in California. Mr. Agnew has insufficient information or belief to enable him to answer the allegations in Paragraph 5, and placing his denial on that basis, denies, generally and specifically, conjunctively and disjunctively, each and every allegation in Paragraph 5.

6.    Defendants have insufficient information or belief to enable them to answer the allegations in Paragraph 6 of the FAC, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every allegation in Paragraph 6.

7.    Defendants admit the allegation in the first sentence in Paragraph 7 of the FAC.  Defendants admit the allegation in the second sentence in Paragraph 7 in part. Defendants admit that Archway does business in California, but Defendants deny that Archway regularly does business in California.  Defendants admit the allegation in the second sentence in Paragraph 7 that there is no current relationship or affiliation between Arch and Archway.  Defendants note that there was a past relationship and affiliation between Arch and Archway.

8.    Defendants admit upon information and belief the allegations in Paragraph 8 of the FAC.

9.    Defendants admit upon information and belief the allegations in Paragraph 9 of the FAC.

10.    Defendants have insufficient information or belief to enable them to answer the allegation in Paragraph 10 of the FAC, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 10.

11.    Defendants have insufficient information or belief to enable them to answer

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

4

the allegation in Paragraph 11 of the FAC, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 11.

12.    Defendants have insufficient information or belief to enable them to answer the allegation in Paragraph 12 of the FAC, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 12.

13.    Defendants have insufficient information or belief to enable them to answer the allegation in Paragraph 13 of the FAC, and placing their denial on that basis, deny generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 13.

14.    Defendants admit the allegation in Paragraph 14 of the FAC.

15.    Defendants admit the allegations in Paragraph 15 of the FAC.

16.    Defendants admit the first sentence in Paragraph 16 of the FAC in part. Defendants admit upon information and belief that Allegiant operated two business divisions:  a temporary staffing division and a Professional Employer Organization ("PEO") division that offer similar products and services, but Defendants deny, generally and specifically, conjunctively and disjunctively, upon information and belief that Allegiant operated two types of businesses:  a temporary staffing unit and a PEO. Defendants also admit upon information and belief the allegation in the second sentence in Paragraph 16 in part.  Defendants admit that the temporary staffing division provides Allegiant employees to third-party or client companies under contract to meet the needs of the third-party or client companies. Defendants have insufficient information or belief to enable them to answer the remaining allegations in Paragraph 16, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, the remaining allegations in  Paragraph 16.

17.    Defendants have insufficient information or belief to enable them to answer the allegation in Paragraph 17 of the FAC, and placing their denial on that basis, deny,

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

1   generally and specifically, conjunctively and disjunctively, the allegation in  Paragraph

2   17.

3       18.   Defendants admit the allegation in the first sentence in Paragraph 18 of the

4   FAC in part.  Defendants admit that at all relevant times Archway was an independent

5   insurance brokerage firm engaged in the business of brokering insurance for third parties

6   through carriers with which it was aligned, but Defendants deny, generally and

7   specifically, conjunctively and disjunctively, that Archway was in the business of

8   procuring insurance.  Defendants admit the allegation in the second sentence in Paragraph

9   18 in part.  Defendants admit that Archway has never been authorized to formally

10  underwrite insurance, bind a contract of insurance, or issue an insurance policy on behalf

11  of Arch, but Defendants deny, generally and specifically, conjunctively and disjunctively,

12  that Archway has never been authorized to sell or issue insurance on behalf of Arch or

13  to act as Arch's agent for any purpose.

14      19.   Defendants admit the allegation in the first sentence in Paragraph 19 of the

15  FAC in part.  Defendants admit that in early 2008, Arch issued Workers Compensation

16  and Employers Liability Insurance Policy number ZAWCI9116700 ("2008 Policy") to

17  Mercer Ventures, Inc. ("Mercer"), the predecessor of Allegiant, providing coverage for

18  Mercer's temporary staffing division, but Defendants deny that the 2008 Policy was

19  issued pursuant to a Binder Agreement between Arch and Allegiant.  In addition,

20  Defendants have insufficient information or belief to enable them to answer any implied

21  allegation that the 2008 Policy only provided coverage for Mercer's temporary staffing

22  operations, and placing their denial on that basis, deny, generally and specifically,

23  conjunctively and disjunctively, that such allegation in the first sentence in Paragraph 19.

24  Defendants admit the allegation in the second sentence in Paragraph 19 that the 2008

25  Policy period was February 28, 2008 through February 28, 2009.  Defendants have

26  insufficient information or belief to enable them to answer the allegation in the third

27  sentence in Paragraph 19, and placing their denial on that basis, deny, generally and

28  specifically, conjunctively and disjunctively, the allegation in the third sentence in

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

6

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

1  Paragraph 19.  Defendants have insufficient information or belief to enable them to
2  answer the allegation in the fourth sentence in Paragraph 19, and placing their denial on
3  that basis, deny, generally and specifically, conjunctively and disjunctively, the allegation
4  in the fourth sentence in  Paragraph 19.  Defendants have insufficient information or
5  belief to enable them to answer any other allegation in Paragraph 19, and placing their
6  denial on that basis, deny, generally and specifically, conjunctively and disjunctively, any
7  other allegation in Paragraph 19.

8      20.    Defendants admit the allegation in the first sentence in Paragraph 20 of the
9  FAC in part.  Defendants admit that in early 2009, Arch issued Workers Compensation
10  and Employers Liability Insurance Policy number ZAWCI9154700 ("2009 Policy") to
11  Mercer, effective February 28, 2009 through February 28, 2010, but Defendants deny that
12  the 2009 Policy was issued pursuant to a Binder Agreement between Arch and Allegiant.
13  Defendants have insufficient information or belief to enable them to answer the allegation
14  in the second sentence in Paragraph 20, and placing their denial on that basis, deny
15  generally and specifically, conjunctively and disjunctively, the allegation in the second
16  sentence in  Paragraph 20.

17      21.    Defendants admit the allegation in the first sentence in Paragraph 21 of the
18  FAC in part.  Defendants admit that in or about March 2010, Arch and Allegiant entered
19  into a written agreement ("Binder Agreement"), signed by Brian Bonar on behalf of
20  Allegiant.  Defendants deny as phrased the remaining part of the first sentence in
21  Paragraph 21 that Arch would provide workers' compensation insurance to Allegiant and
22  its employees under the terms and conditions of the Binder Agreement.  Defendants have
23  insufficient information or belief to enable them to answer the allegation in the second
24  sentence in Paragraph 21, and placing their denial on that basis, deny, generally and
25  specifically, conjunctively and disjunctively, the allegation in the second sentence in
26  Paragraph 21.  Defendants deny, generally and specifically, conjunctively and
27  disjunctively, the allegation in the third sentence in Paragraph 21 that Archway acted as
28  Allegiant's agent in the negotiation of the Binder Agreement and the subsequent issuance

of workers' compensation policy to Allegiant.

22.     Defendants admit the allegations in Paragraph 22 of the FAC.

23.     Defendants admit the allegation in Paragraph 23 of the FAC.

24.     Defendants admit the allegation in Paragraph 24 of the FAC.

25.     Defendants admit the allegation in Paragraph 25 of the FAC.

26.     Defendants admit the allegation in the first sentence in Paragraph 26 of the FAC in part.   Defendants admit that in or about December 2010, Arch sent Allegiant a Premium Invoice for $637,505.95.  Defendants have insufficient information or belief to enable them to answer the remaining allegations in Paragraph 26, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, the remaining allegations in Paragraph 26.

27.     Defendants have insufficient information or belief to enable them to answer the allegations in Paragraph 27 of the FAC, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every allegation in Paragraph 27.

28.     Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the twelfth sentence in Paragraph 28 that in furtherance of the purported issuance of this fake insurance to Family Care, Allegiant sought the assistance of its agent, Archway.  Defendants admit the allegation in the thirteenth sentence in Paragraph 28 in part.   Defendants admit that Allegiant requested, and Archway provided to Allegiant, an Acord Certificate of Liability Insurance listing Family Care as a certificate holder, but Defendants deny, generally and specifically, conjunctively and disjunctively, that Archway provided an Acord Certificate of Liability Insurance purporting to evidence Family Care as being insured under Allegiant's Policy with Arch.  Defendants admit the allegation in the fourteenth sentence in Paragraph 28, but note that it was a digital signature.  Defendants admit the allegation in the fifteenth sentence in Paragraph 28 in part. Defendants admit that Allegiant requested, and Archway provided to Allegiant, an Acord Certificate of Liability Insurance listing Family Care as a certificate of holder, but

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

8

Defendants deny, generally and specifically, conjunctively and disjunctively, that Archway provided the Acord Certificate of Liability Insurance to Family Care and that Archway provided the Acord Certificate of Liability Insurance to Allegiant and Family Care to evidence to them and their insurance broker that Family Care's employees were covered for workers' compensation claims under the Arch Policy. Defendants have insufficient information or belief to enable them to answer the remaining allegations in Paragraph 28, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 28.

29.      Defendants have insufficient information or belief to enable them to answer the allegations in Paragraph 29 of the FAC, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every allegation in Paragraph 29.

30.      Defendants have insufficient information or belief to enable them to answer the allegations in Paragraph 30 of the FAC, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every allegation in Paragraph 30.

31.      Defendants have insufficient information or belief to enable them to answer the allegations in Paragraph 31 of the FAC, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every allegation in Paragraph 31.

32.      Defendants admit the allegation in Paragraph 32 of the FAC in part. Defendants admit that at no time has Arch authorized Archway or Mr. Agnew to issue an insurance binder to Alltown under the Policy or any other workers' compensation policy written by Arch. Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 32, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, the remaining allegation in  Paragraph 32.

33.      Defendants have insufficient information or belief to enable them to answer

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

the allegations in Paragraph 33 of the FAC, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every allegation in Paragraph 33.

34.    Defendants have insufficient information or belief to enable them to answer the allegations in Paragraph 34 of the FAC, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every allegation in Paragraph 34.

35.    Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the fourth sentence in Paragraph 35 of the FAC in part.  Defendants deny that Global Paratransit and Southland Transit, as well as their broker (American Business Insurance Services, Inc.), were told by Archway, and based thereon believed, that the premium they were paying for inclusion under the Policy was for workers' compensation insurance for their companies and their employees.  Defendants have insufficient information or belief to enable them to answer the remaining allegation in the fourth sentence in Paragraph 35, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, the remaining allegation in the fourth sentence in Paragraph 35.  Defendants admit the allegation in the sixth sentence in Paragraph 35 that under the Binder Agreement and the Policy, workers' compensation claims are to be administered by Arch's appointed representative, Gallagher Bassett Services, Inc.  Defendants have insufficient information or belief to enable them to answer the remaining allegations in Paragraph 35, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, the remaining allegations in  Paragraph 35.

36.    Defendants admit the allegation in Paragraph 36 in part.  Defendants admit that Arch has never authorized Archway or Mr. Agnew to issue an insurance binder to Global Paratransit or Southland Transit or any agent or broker of those entities under the Policy or any other workers' compensation policy written by Arch to cover non-Allegiant employees.  Defendants deny, generally and specifically, conjunctively and disjunctively,

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

the allegation that Arch did not authorize Archway or Mr. Agnew to issue "any other evidence of insurance" to Global Paratransit or Southland Transit as that phrase is being used by Arch in this litigation and the implied allegation that Arch did not authorize Archway or Mr. Agnew to complete an Acord Certificate of Liability Insurance at Allegiant's request for Global Paratransit or Southland Transit that reflects that Allegiant is the insured under the Policy and that coverage is afforded to temporary staffed employees or employees placed with Global Paratransit and Southland Transit. Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 36, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, the remaining allegation in Paragraph 36.

37.     Defendants admit the allegation in the first sentence in Paragraph 37 of the FAC in part. Defendants admit that Archway completed an Acord Certificate of Liability Insurance at Allegiant's request for Global Paratransit, Inc. and for Southland Transit, Inc., but Defendants deny, generally and specifically, conjunctively and disjunctively, that Mr. Agnew executed the Acord Certificate of Liability Insurance with the consent and/or direction of Allegiant and/or National HR to Global Paratransit, Inc. and Southland Transit, Inc., to evidence to them and their insurance broker that Global Paratransit and Southland Transit were covered for workers' compensation claims of their (i.e., Global Paratransit, Inc.'s and Southland Transit, Inc.'s) employees. Defendants note that Mr. Agnew's signatures on the Acord Certificate of Liability Insurance are digital signatures. Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 37, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, the remaining allegation in Paragraph 37.

38.     Defendants deny, generally and specifically, conjunctively and disjunctively, the implied allegations in Paragraph 38 of the FAC that Archway charged or received a premium for any worker's compensation insurance for Alltown, Global Paratransit, Southland Transit, or Family Care. Defendants have insufficient information or belief to enable them to answer the remaining allegations in Paragraph 38, and placing their denial

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

11

1   on that basis, deny, generally and specifically, conjunctively and disjunctively, each and

2   every remaining allegation in  Paragraph 38.

3        39.     Defendants deny, generally and specifically, conjunctively and disjunctively,

4   the allegation in the first sentence in Paragraph 39 of the FAC in part.  Defendants deny,

5   generally and specifically, conjunctively and disjunctively, the allegation that Archway

6   or Mr. Agnew is responsible for the issuance of documents that purport to evidence the

7   existence of workers' compensation insurance under the Policy for the benefit of third-

8   party entities and their employees, including but not limited to Alltown, Global

9   Paratransit, Southland Transit and Family Care. Defendants have insufficient information

10  or belief to enable them to answer the remaining allegations in Paragraph 39, and placing

11  their denial on that basis, deny, generally and specifically, conjunctively and

12  disjunctively, each and every remaining allegation in  Paragraph 39.

13       40.     Defendants admit the allegation in the first sentence in Paragraph 40 of the

14  FAC.  Defendants admit the allegation in the second sentence in Paragraph 40.

15  Defendants have insufficient information or belief to enable them to answer the allegation

16  in the third sentence in Paragraph 40, and placing their denial on that basis, deny,

17  generally and specifically, conjunctively and disjunctively, the allegation in the third

18  sentence in Paragraph 40.

19       41.     Defendants deny, generally and specifically, conjunctively and disjunctively,

20  the allegation in the first sentence in Paragraph 41 of the FAC that Archway has

21  represented to third-party companies, entities, and individuals that third parties have

22  workers' compensation insurance coverage under the Policy.  Defendants deny, generally

23  and specifically, conjunctively and disjunctively, the allegation in the second sentence of

24  Paragraph 41 that Archway has accepted millions of dollars in premium for such

25  purported coverage, and have submitted workers' compensation claims of non-Allegiant

26  workers to Arch for payment under the guise that they are claims for Allegiant workers

27  pursuant to the Policy coverage.  Defendants deny, generally and specifically,

28  conjunctively and disjunctively,  the allegation in the third sentence in Paragraph 41 that

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

Archway has conspired with Allegiant and National HR or others to sell workers' compensation coverage under the Policy, collect millions of premium dollars for that coverage, and then submit workers' compensation claims for payment to Arch while falsely representing to Arch that the claims were those of their employees.  Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the fourth sentence in Paragraph 41 that Archway represented to third parties that it was authorized to confirm such coverage with the use of insurance binders and certificates of insurance while concealing this fraudulent scheme from Arch.  Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the fifth sentence in Paragraph 41 that Archway or Mr. Agnew engaged in the alleged conduct or jeopardized and caused detriment to the name and reputation of Arch in the insurance industry and general business community.  Defendants have insufficient information or belief to enable them to answer the remaining allegations in Paragraph 41, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in  Paragraph 41.

42.     Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 42 of the FAC that Archway or Mr. Agnew were part of a rogue plan to sell insurance without the knowledge or authorization of the licensed insurer (Arch) and thereafter submitted claims falsely to states and to Arch for payment, and engaged in numerous criminal and illegal activities under the laws of many states, including, but not limited to, California.  Defendants have insufficient information or belief to enable them to answer the remaining allegations in Paragraph 42, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in  Paragraph 42.

43.     Defendants deny and admit the allegation in Paragraph 43 of the FAC as set forth in Paragraphs 1 through 42 of this Answer.

44.     Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 44 of the FAC that Archway, in connection with the purported

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

2458001P.18     DEFENDANTS ARCHWAY INSURANCE SERVICES, LLC AND HUGH JAMES AGNEW'S, ETC.

binding of insurance coverage, calculation of purported premium and presentation of false insurance claims, used in commerce the service-marked name of Arch Insurance Company and falsely represented to purported insureds that coverage had been bound with Arch, how Arch calculates premium for workers' compensation insurance and how it processes insureds' claims under such insurance. Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 44, and placing their denial on that basis, deny generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 44.

45.     Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 45 of the FAC that Archway or Mr. Agnew made an improper and unapproved use of Arch's name that is likely to deceive the general public as to the origin, sponsorship, or approval of goods, services, or commercial activities, specifically, the workers' compensation insurance coverage purported to be bound by Arch.

46.     Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the first sentence in Paragraph 46 of the FAC that Archway or Mr. Agnew made a false representation that coverage was bound by Arch for Alltown Bus Service, Inc., Global Paratransit, Inc., Southland Transit, Inc., and Family Care that is a violation of Section 43 of the Lanham Act, codified at 15 U.S.C. § 1125. Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the second sentence in Paragraph 46 that Archway or Mr. Agnew is liable in a civil action if Arch is likely to be damaged by such act. Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 46, and placing their denial on that basis, deny generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 46.

47.     Defendants deny, generally and specifically, conjunctively and disjunctively, the implied allegation in the first sentence in Paragraph 47 of the FAC that Archway or Mr. Agnew engaged in the unauthorized binding of insurance coverage using Arch's name. Defendants deny, generally and specifically, conjunctively and disjunctively, the

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

14

allegation in the second sentence in Paragraph 47 that Archway or Mr. Agnew made misrepresentations regarding the binding of insurance coverage.  Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the third sentence in Paragraph 47 that Archway or Mr. Agnew engaged in unauthorized and fraudulent conduct that has damaged Arch's reputation and good name with state insurance departments and other governmental agencies that regulate the workers' compensation insurance business.  Defendants have insufficient information or belief to enable them to answer the remaining allegations in Paragraph 47, and placing their denial on that basis, deny generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 47.

48.    Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 48 of the FAC that under 15 U.S.C. § 1116(a) Arch is entitled to injunctive relief ordering that Archway or Mr. Agnew cease and desist from invoking Arch's name in the unauthorized issuance of purported binders of insurance.  Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 48, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 48.

49.    Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the first sentence in Paragraph 49 of the FAC that under 15 U.S.C. § 1117(a) Arch is entitled to monetary relief in the amount of its own damages against Archway or Mr. Agnew, as well as Archway's or Mr. Agnew's profits from the alleged infringement of Arch's service mark.  Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the second sentence in Paragraph 49 that Arch has suffered damages as a result of Archway's or Mr. Agnew's conduct in an amount to be proven at trial, but no less than $1,000,000.  Defendants have insufficient information or belief to enable them to answer the remaining allegations in Paragraph 49, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 49.

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

15

50.     Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 50 of the FAC that under 15 U.S.C. § 1117(a) Arch is entitled to attorney's fees and costs it incurred due to Archway's or Mr. Agnew's alleged wrongful conduct set forth in the FAC. Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 50, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 50.

51.     Defendants deny and admit the allegation in Paragraph 51 of the FAC as set forth in Paragraphs 1 through 50 of this Answer.

52.     Defendants admit the allegation in the first sentence in Paragraph 52 of the FAC in part.  Defendants admit that the 2008 Binder Agreement, the 2009 Binder Agreement, and the 2010 Binder Agreement ("Binder Agreements") were entered into by Arch based on representations made by Allegiant (which also refers to its predecessor company, Mercer for purposes of this claim) and Allegiants' agents in the application process, but Defendants deny, generally and specifically, conjunctively and disjunctively, that the Binder Agreements were entered into by Arch based on Archway's or Mr. Agnew's representations in the application process.  Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the second sentence in Paragraph 52.

53.     Defendants have insufficient information or belief to enable them to answer the allegations in Paragraph 53 of the FAC, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every allegation in Paragraph 53.

54.     Defendants have insufficient information or belief to enable them to answer the allegation in Paragraph 54 of the FAC, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every allegation in Paragraph 54.

55.     Defendants have insufficient information or belief to enable them to answer

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

the allegation in Paragraph 55 of the FAC, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every allegation in Paragraph 55.

56.     Defendants deny and admit the allegation in Paragraph 56 of the FAC as set forth in Paragraphs 1 through 50 and 52 through 55 of this Answer.

57.     Defendants admit the allegation in the first sentence in Paragraph 57 of the FAC in part.  Defendants admit that the Binder Agreements were entered into by Arch based on representations made by Allegiant and Allegiants' agents in the application process, but Defendants deny, generally and specifically, conjunctively and disjunctively, that the Binder Agreements were entered into by Arch based on Archway's or Mr. Agnew's representations in the application process.  Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 57, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 57.

58.     Defendants have insufficient information or belief to enable them to answer the allegation in Paragraph 58 of the FAC, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every allegation in Paragraph 58.

59.     Defendants have insufficient information or belief to enable them to answer the allegation in Paragraph 59 of the FAC, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every allegation in Paragraph 59.

60.     Defendants have insufficient information or belief to enable them to answer the allegation in Paragraph 60 of the FAC, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every allegation in Paragraph 60.

61.     Defendants deny and admit the allegation in Paragraph 61 of the FAC as set forth in Paragraphs 1 through 50, 52 through 55, and 57 through 60, of this Answer.

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

2458001P.18     DEFENDANTS ARCHWAY INSURANCE SERVICES, LLC AND HUGH JAMES AGNEW'S, ETC.

62.    Defendants deny, generally and specifically, conjunctively and disjunctively, the implied allegation in the first sentence in Paragraph 62 of the FAC that Archway or Mr. Agnew negotiated the Binder Agreement.  Defendants also deny, generally and specifically, conjunctively and disjunctively, the allegation in the first sentence in Paragraph 62 that, during the negotiation of the Binder Agreement and the underwriting of the Policy, and during the term of those two agreements, Archway represented to Arch that Allegiant was only looking to insure its temporary staffing employees for workers' compensation, and that none of its PEO operations would be covered under the Policy; however, Defendants admit that the Commercial Insurance Application dated January 22, 2010 that Archway transmitted to Arch on behalf of Allegiant listed the "Nature of Business/Description of Operations by Premise(s)" for Allegiant as "Temporary Employment Staffing Agency." Defendants admit the allegation in the second sentence in Paragraph 62 in part.  Defendants admit that Archway did not tell Arch that Allegiant and Archway would be selling insurance to third parties using Arch's policy as the vehicle to do so, but deny, generally and specifically, conjunctively and disjunctively, any implied allegation that Archway sold insurance to third parties (with or without Allegiant) using Arch's policy as the vehicle to do so.  Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the third sentence in Paragraph 62 that Archway knew that Arch did not insure PEOs.  Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the fourth sentence in Paragraph 62 that Archway, with assistance to Allegiant, sought to extend Allegiant's workers' compensation coverage under the Policy to entities and workers that were not listed in the Policy, and to its PEO clients and their workers, who were not employed by Allegiant. Defendants have insufficient information or belief to enable them to answer the remaining allegations in Paragraph 62, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 62.

63.    Defendants admit the allegation in Paragraph 63 of the FAC in part.

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

Defendants admit that Archway acted as Allegiant's broker in brokerage of the Policy. Defendants deny, generally and specifically, conjunctively and disjunctively that Archway, in acting as Allegiant's broker and agent in the procurement of the Policy, and in connection with the continued maintenance and management of the Policy from 2008-2011, knew and participated with Allegiant in making false representations described above with the intent to deceive and defraud Arch into continuing to keep the Policy in place and providing coverage under the Policy to third parties that were in fact not covered thereunder. Defendants note that the term "Policy" is defined in Paragraph 25 to refer to the Workers' Compensation and Employers Liability Insurance Policy Number ZAWCI9199300 for the policy period February 28, 2010 through February 28, 2011. Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 63, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 63.

64.     Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the first sentence in Paragraph 64 of the FAC that as a proximate result of Archway's alleged misrepresentations, Arch has been exposed to potential workers' compensation claims for workers it did not agree to insure. Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the second sentence in Paragraph 64 that as a further proximate result of Archway's alleged misrepresentations, Arch has been damaged in an amount to be proven at trial, but no less than $1,000,000. Defendants have insufficient information or belief to enable them to answer the remaining allegations in Paragraph 64, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 64.

65.     Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the first sentence in Paragraph 65 of the FAC that Archway knew that its acts or Allegiant's acts allegedly against Arch were in direct contravention of their

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

19

1  representations made to Arch and in direct contravention of the Binder Agreement and

2  the Policy.  Defendants deny, generally and specifically, conjunctively and disjunctively,

3  the allegation in the second sentence in Paragraph 65 that Archway knew that its acts or

4  Allegiant's acts were unauthorized when they performed them and were consciously done

5  in a secretive manner to avoid Arch's discovery of them.  Defendants deny, generally and

6  specifically, conjunctively and disjunctively, the allegation in the third sentence in

7  Paragraph 65 that Archway acted with malice, oppression, and fraud and with a willful

8  and conscious disregard of Arch's rights, thus entitling Arch to recover, in addition to its

9  actual damages, punitive damages in an amount subject to proof at trial.

10      66.      Defendants deny and admit the allegation in Paragraph 66 of the FAC as set

11  forth in Paragraphs 1 through 50, 52 through 55, 57 through 60, and 62 through 65 of this

12  Answer.

13      67.      Defendants deny, generally and specifically, conjunctively and disjunctively,

14  the allegation in the third sentence in Paragraph 67 of the FAC that Archway concealed

15  that Archway, Allegiant, or National HR had issued purported binders and/or other

16  documentation to entities that were not covered under the Policy in an effort to evidence

17  coverage under the Policy for those entities and their employees.  Defendants deny,

18  generally and specifically, conjunctively and disjunctively, the allegation in the fourth

19  sentence in Paragraph 67 that Archway concealed from Arch that Archway, Allegiant, or

20  National HR had accepted millions of dollars in premiums for coverage under the Policy

21  and submitted claims under the Policy containing false information as to whom those

22  claimants were actually employed by, thereby representing to third parties that they were

23  authorized to act on behalf of Arch in the issuance of coverage, the remittance of

24  premiums and the presentation of their claims to Arch.  Defendants have insufficient

25  information or belief to enable them to answer the remaining allegations in Paragraph 67,

26  and placing their denial on that basis, deny, generally and specifically, conjunctively and

27  disjunctively, each and every remaining allegation in Paragraph 67.

28      68.      Defendants deny, generally and specifically, conjunctively and disjunctively,

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

20

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

the allegation in the first sentence in Paragraph 68 of the FAC that Archway knew that Archway's, Allegiant's, or National HR's alleged acts described above allegedly concealed from Arch were done without any authorization by Arch and were done secretly to avoid Arch from discovering such egregious conduct. Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the second sentence in Paragraph 68 that Archway intentionally concealed material information with the intent to deceive Arch and profit financially at Arch's expense and to its detriment. Defendants have insufficient information or belief to enable them to answer the remaining allegations in Paragraph 68, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 68.

69.    Defendants deny, generally and specifically, conjunctively, and disjunctively, the allegation in Paragraph 69 of the FAC that Archway concealed material information that Arch was unaware of and justifiably relied on during the term of the Policy. Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 69, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 69.

70.    Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 70 of the FAC that as a proximate result of Archway's alleged concealment of material information, Arch has been damaged in an amount to be proven at trial, but no less than $1,000,000. Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 70, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 70.

71.    Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the first sentence in Paragraph 71 of the FAC that Archway acted with oppression, fraud, and malice and with a willful and conscious disregard of Arch's rights

in connection with the matters alleged in the fifth claim for relief.  Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the second sentence in Paragraph 71 that Archway in allegedly holding out to the public and workers that Archway, Allegiant, and National HR were covered under insurance that was never issued by the insurer and collecting millions of dollars in premiums in the process was despicable.  Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the third sentence in Paragraph 71 that based on Archway's conduct alleged in the FAC, Arch is entitled to recover, in addition to its actual damages, punitive damages in an amount subject to proof at trial.  Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 71, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in  Paragraph 71.

72.    Defendants deny and admit the allegation in Paragraph 72 of the FAC as set forth in Paragraphs 1 through 50, 52 through 55, 57 through 60, and 62 through 65 of this Answer.

73.    Defendants admit the allegation in the first sentence in Paragraph 73 of the FAC in part.  Defendants admit that Allegiant and Archway represented to Arch that Allegiant sought to insure its temporary staffing division for workers' compensation, but Defendants deny, generally and specifically, conjunctively and disjunctively, the implied allegation in the first sentence in Paragraph 73 that Archway or Mr. Agnew negotiated the Binder Agreement and also deny, generally and specifically, conjunctively and disjunctively, the allegation in the first sentence in Paragraph 73 that, during the negotiation of the Binder Agreement and the underwriting of the Policy, and during the term of those two agreements, Archway represented to Arch that none of Allegiant's PEO operations would be covered under the Policy.  Defendants admit the allegation in the second sentence in Paragraph 73 in part.  Defendants admit that Archway did not tell Arch that Allegiant and Archway would be selling insurance to third parties using Arch's policy as the vehicle to do so, but deny, generally and specifically, conjunctively and

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

disjunctively, any implied allegation that Archway sold insurance to third parties (with or without Allegiant) using Arch's policy as the vehicle to do so. Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the third sentence in Paragraph 62 that Archway knew that Arch did not insure PEOs. Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the fourth sentence in Paragraph 73 that Archway, with assistance to Allegiant, sought to extend Allegiant's workers' compensation coverage under the Policy to entities and workers that were not listed in the Policy, and to its PEO clients and their workers, which were not employed by Allegiant. Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in the fifth sentence in Paragraph 73 that Archway made misrepresentations that Arch justifiably relied upon when Arch entered into the Binder Agreement and subsequently issued the Policy, and while the Policy was in effect. Defendants have insufficient information or belief to enable them to answer the remaining allegations in Paragraph 73, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 73.

74. Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 74 of the FAC that Archway made material representations that it knew, or should have known, were not true, and/or had no reasonable grounds for believing them not to be true, and did so with the intent to induce Arch's reliance thereon. Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 74, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 74.

75. Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 75 of the FAC that Archway made material misrepresentations that Arch justifiably relied upon when it issued the Policy, and while the Policy was in effect. Defendants have insufficient information or belief to enable them to answer the

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500  FACSIMILE (818) 501-0328

1  remaining allegation in Paragraph 75, and placing their denial on that basis, deny,

2  generally and specifically, conjunctively and disjunctively, each and every remaining

3  allegation in  Paragraph 75.

4        76.     Defendants deny, generally and specifically, conjunctively and disjunctively,

5  the allegation in the first sentence in Paragraph 76 of the FAC that as a proximate result

6  of Archway's alleged misrepresentations, Arch has been exposed to potential workers'

7  compensation claim for workers compensation claims for workers it did not agree to

8  insure.  Defendants deny, generally and specifically, conjunctively and disjunctively, the

9  allegation in the second sentence in Paragraph 76 that as a further proximate result of

10  Archway's alleged misrepresentations, Arch has been damaged in an amount to be proven

11  at trial, but no less than $1,000,000.  Defendants have insufficient information or belief

12  to enable them to answer the remaining allegations in Paragraph 76, and placing their

13  denial on that basis, deny, generally and specifically, conjunctively and disjunctively,

14  each and every remaining allegation in Paragraph 76.

15        77.     Defendants deny and admit the allegation in Paragraph 77 of the FAC as set

16  forth in Paragraphs 1 through 50, 52 through 55, 57 through 60, 62 through 65, 67

17  through 71, and 73 through 76 of this Answer.

18        78.     Defendants admit the allegation in Paragraph 78 of the FAC in part.

19  Defendants admit that California Business and Professions Code section 17200 prohibits

20  businesses from engaging in unlawful, unfair, or fraudulent business practices, including

21  those visited upon the unsuspecting public, but Defendants deny, generally and

22  specifically, conjunctively and disjunctively, that the California Business and Professions

23  Code section 17200 prohibits businesses from engaging in unlawful, unfair, or fraudulent

24  business practices, especially those visited upon the unsuspecting public.

25        79.     Defendants deny, generally and specifically, conjunctively and disjunctively,

26  the allegation in the first sentence in Paragraph 79 of the FAC that Archway or Mr.

27  Agnew have engaged in unlawful, unfair, and/or fraudulent business practices pursuant

28  to California Business and Professions Code section 17200 *et seq*.  Defendants deny,

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

generally and specifically, conjunctively and disjunctively, the allegation in the second sentence in Paragraph 79 that the unlawful, unfair, and/or fraudulent business practices of Archway and Mr. Agnew include holding themselves out as authorized representatives of Arch for the purpose of issuing insurance binders, certificates, or other documents evidencing insurance under Arch's name; collecting millions of dollars as premiums for coverage that does not exist; falsely assuring companies and their workers that they are insured with an A+ rated insurer; holding themselves out as licensed to act as an insurer and/or insurance broker/agent to the public; and making false reports to state agencies. Defendants note that Mr. Agnew is a licensed insurance broker and a licensed insurance agent and that Archway does business as a licensed insurance broker and as a licensed insurance agent under Mr. Agnew's licenses, but deny, generally and specifically, conjunctively and disjunctively, that these are unlawful, unfair, and/or fraudulent business practices within the meaning of California Business and Professions Code section 17200 *et seq*.  Defendants have insufficient information or belief to enable them to answer the remaining allegations in Paragraph 79, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in  Paragraph 79.

80.    Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 80 of the FAC that Archway's or Mr. Agnew's alleged unlawful, unfair, and fraudulent business practices have damaged the unsuspecting businesses and their workers that believed they were obtaining workers' compensation insurance from a reputable insurer, and have damaged Arch, which is left to pick up the pieces from the havoc raised by Archway's or Mr. Agnew's alleged outrageous and greedy conduct.  Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 80, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in  Paragraph 80.

81.    Defendants deny, generally and specifically, conjunctively and disjunctively,

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

the allegation in Paragraph 81 of the FAC that based on the alleged unlawful, unfair, and fraudulent conduct of Archway or Mr. Agnew, Arch is entitled to injunctive relief, restitution, and its attorney's fees and costs pursuant to California Business and Professions Code section 17200 *et seq*.  Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 81, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in  Paragraph 81.

82.    Defendants deny and admit the allegation in Paragraph 82 of the FAC as set forth in Paragraphs 1 through 50, 52 through 55, 57 through 60, 62 through 65, 67 through 71, and 73 through 76 of this Answer.

83.    Defendants admit the allegation in Paragraph 83 in part.  Defendants admit that Archway and Mr. Agnew each is an enterprise within the meaning of 18 U.S.C. § 1961(4), which is engaged in, or the activities of which affect, interstate commerce. Defendants deny, generally and specifically, conjunctively and disjunctively, that Archway or Mr. Agnew is an enterprise that includes any other defendant in this case. Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 83, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 83.

84.    Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 84 of the FAC that Archway or Mr. Agnew issued unauthorized insurance binders and other documentation purporting to evidence insurance under the Policy or intentionally trafficked in goods or services while knowingly using a counterfeit mark on or in connection with such goods or services.  Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 84, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 84.

85.    Defendants deny, generally and specifically, conjunctively and disjunctively,

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

the allegation in Paragraph 85 of the FAC that Archway or Mr. Agnew issued fraudulent documents purporting to evidence insurance for entities and their employees under the Policy, while collecting premium dollars for such purported insurance, and the subsequent fraudulent submission of workers' compensation claims, represented a scheme and artifice to defraud Arch and the purported insureds in violation of 18 U.S.C. § 2320, which prohibits trafficking in counterfeit goods or services. Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 85, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 85.

86.     Defendants admit the allegation in Paragraph 86 of the FAC.

87.     Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 87 of the FAC that Archway or Mr. Agnew made fraudulent misrepresentations or that their alleged fraudulent misrepresentations were facilitated by use of the United States mail, caused by them, or resulted in mail fraud within the meaning of 18 U.S.C. § 1341. Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 87, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 87.

88.     Defendants admit the allegation in Paragraph 88 of the FAC.

89.     Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 89 of the FAC that Archway or Mr. Agnew made fraudulent misrepresentations or that their alleged fraudulent misrepresentations were facilitated by use of the electronic mail, caused by them, or resulted in wire fraud within the meaning of 18 U.S.C. § 1343. Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 89, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in  Paragraph 89.

90.     Defendants admit the allegation in Paragraph 90 of the FAC.

27

91.     Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 91 that Archway or Mr. Agnew made multiple fraudulent misrepresentations or that their alleged multiple fraudulent misrepresentations constitute a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5). Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 91, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 91.

92.     Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 92 that Archway or Mr. Agnew or their agents, associates, or representatives have conducted, and have conspired to conduct, their affairs or the affairs of Allegiant or National HR through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d). Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 92, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 92.

93.     Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 93 of the FAC that as a direct and proximate result of Archway's or Mr. Agnew's alleged violations of 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d), Arch has suffered actual damages as a result of injury to its business and property in an amount to be proven at trial but at least $1,000,000. Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 93, and placing their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 93.

94.     Defendants deny, generally and specifically, conjunctively and disjunctively, the allegation in Paragraph 94 of the FAC that Archway or Mr. Agnew is liable to Arch for treble damages, together with all costs of this action plus reasonable attorney's fees, all as provided under 18 U.S.C. § 1964(c). Defendants have insufficient information or belief to enable them to answer the remaining allegation in Paragraph 94, and placing

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

28

their denial on that basis, deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in Paragraph 94. Finally, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in the FAC that has not been hereinbefore admitted or denied.

## AFFIRMATIVE DEFENSES

### 1.    McCarran-Ferguson Act

The answering Defendants allege that Arch's claims for violation of the Lanham Act and for violation of the Racketeer Influenced and Corrupt Organizations Act are barred by the McCarran-Ferguson Act codified in section 1011 *et seq*. of title 15 of the United States Code.

### 2.    Waiver

The answering Defendants allege that Arch waived the right, if the right ever existed, to assert any claim against the answering Defendants, particularly any claim that the completion of Acord Certificates of Liability Insurance at Allegiant's request was unauthorized.

### 3.    Estoppel

The answering Defendants allege that Arch is estopped from prevailing on the FAC and each of its purported claims against the answering Defendants, particularly any claim based upon the completion of Acord Certificates of Liability Insurance at Allegiant's request.

### 4.    Fraud

The answering Defendants allege that the FAC and each of its purported claims fail against the answering Defendants should persons or companies other than the answering Defendants have committed a fraud upon Archway, Mr. Agnew, and/or Arch.

### 5.    Mistake

The answering Defendants allege that the FAC and each of its purported claims fail against the answering Defendants should persons or companies other than the answering Defendants have committed a mistake that has injured Arch.

2458001P.18     DEFENDANTS ARCHWAY INSURANCE SERVICES, LLC AND HUGH JAMES AGNEW'S, ETC.

6.     Assumption of Risk (Both Primary and Secondary)

The answering Defendants allege that Arch assumed the risk of loss by issuing the Policies without exclusionary language limiting coverage only to temporary staffing employees, including without issuing the PEO Exclusion Endorsement that the National Council on Compensation Insurance developed and without any other exclusionary language for PEOs.

7.     Negligence

The answering Defendants allege that Arch negligently issued the Policies without exclusionary language limiting coverage only to temporary staffing employees, including without issuing the PEO Exclusion Endorsement that the National Council on Compensation Insurance developed or without any other exclusionary language for PEOs.

8.     Unclean Hands

The answering Defendants allege that the FAC and each of its purported claims are barred by the doctrine of unclean hands for Arch's unconscientious conduct, including Arch's conduct in seeking damages against the answering Defendants for alleged conduct upon which Arch has received premiums from Allegiant.

9.     Laches

The answering Defendants allege that the FAC and each of its purported equitable claims, as well as the violation of the Lanham Act and Unfair Competition Law claims, must fail due to Arch's delay and the doctrine of laches.

10.     Statute of Limitations

The answering Defendants allege that the FAC and each of its purported claims therein are barred in whole or in part by the applicable statute of limitations, namely Business and Professions Code section 17208, Code of Civil Procedure sections 338, subdivisions (a),and (d), 339, subdivision (3), 340, subdivision (a), and 343, and federal case law regarding the applicable statutes of limitations for violation of the Lanham Act and Racketeer Influenced and Corrupt Organizations Act claims, such as *Agency Holding Corp. v. Malley-Duff & Associates, Inc.* 483 U.S. 143 (1987) and *Au-Tomotive Gold, Inc.*

*v. Volkswagen of America, Inc.* 603 F.3d 1133 (2010).

    11.   <u>Mitigation of Damages</u>

The answering Defendants allege that Arch has failed to take all reasonable steps necessary to mitigate damages, if any, thereby barring or reducing its recovery accordingly.

    12.   <u>Offset</u>

The FAC and each of its purported claims are barred to the extent that any damage or loss sustained by Arch is offset pursuant to Code of Civil Procedure section 431.70 by any claim of Archway or Mr. Agnew against Arch or by any money owed, such as commissions, to the answering Defendants or to others.

    13.   <u>No Causation</u>

The FAC and each of its purported claims must fail because the answering Defendants, and each of them, did not cause any damage or loss to Arch.

    14.   <u>Failure to Join a Party</u>

The FAC and each of its purported claims must fail for reason that Arch failed to join a party under Federal Rules of Civil Procedure, rule 19.

    15.   <u>Voluntary Payment Doctrine/Arch Acted as a Volunteer</u>

The FAC and each of its purported claims must fail against the answering defendants to the extent that Arch acted as a volunteer in paying for allegedly uncovered claims and keeping premiums from Allegiant for the allegedly uncovered clients who made the allegedly uncovered claims.

    16.   <u>Special Benefit Doctrine</u>

The FAC and each of its purported claims are barred in whole or in part by the special benefit doctrine, because the alleged tortious conduct by Allegiant and National HR, if found true, conferred a special benefit upon Arch that should mitigate Arch's damages.

    17.   <u>Agent and Employee Immunity Rule</u>

The FAC and the conspiracy claim must fail on the ground that an agent may not

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

31

conspire with the agent's principal.

18.   No Conspiracy Liability for Performing an Act that Defendant Had Legal
Right to Perform

The FAC and the conspiracy claim must fail on the ground that the answering Defendants may not be liable for a conspiracy where they had the legal right to do the act complained of.

19.   Use of Servicemark with Permission

The violation of the Lanham Act claim must fail, because the answering Defendants used, if they used at all, Arch's servicemark with permission.

20.   Acquiescence

The violation of the Lanham Act claim must fail because Arch acquiesced in the answering Defendants' alleged use of Arch's servicemark.

21.   Nominative and Classic Fair Use

The violation of the Lanham Act claim must fail, because the answering Defendants used, if they used at all, Arch's servicemark fairly and in good faith within the meaning of the applicable statutory provisions, nominative fair use doctrine, and/or classic fair use doctrine.

22.   Unregistered Servicemark

The claim for violation of the Racketeer Influenced and Corrupt Organizations Act must fail because Arch did not register its servicemark.

23.   Standing

The Unfair Competition Law claim must fail because Arch lacks standing within the meaning of Business and Professions Code section 17204.

24.   No Restitution

The Unfair Competition Law claim must fail because Arch is not entitled to restitution against the answering Defendants, because the answering Defendants did not obtain something to which they was not entitled and that Arch had given up something that it was entitled to keep.

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

25.   Mootness/No Injunctive Relief based on a Continuing Threat

The claim for injunctive relief against the answering Defendants must fail because there is no continuing threat by these answering Defendants (who deny a threat ever existed) of doing any wrong to Arch.

26.   Business Judgement Rule

The Unfair Competition Law claim must fail based on the business judgment rule, particularly with regard to the answering Defendants' alleged completion of the Acord Certificates of Liability Insurance.

27.   Compliance with the Law

The Unfair Competition Law claim must fail, because the answering Defendants complied with the law.

28.   Substantial Compliance

The Unfair Competition Law claim must fail based on the substantial compliance with the law defense, particularly with regard to the answering Defendants alleged completion of the Acord Certificates of Liability Insurance.

29.   Consent

Arch is barred from any recovery in this action by reason of the fact that it willingly and voluntarily consented, expressly and implicitly, to any such acts or conduct as may be shown on the part of the answering Defendants, or any of them.

30.   Ratification

The answering Defendants, and each of them, deny causing any harm or damage to Arch, but to the extent that the answering Defendants, or any of them, committed any acts which caused Arch any harm or damage, which the answering Defendants, and each of them, vigorously deny, all said acts and conduct of these answering Defendants, and each of them, and any consequences thereof, or resulting therefrom were ratified and accepted by Arch.

WHEREFORE, the answering Defendants pray as follows:

1.   That Arch take nothing as to any and all claims of the FAC;

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

1    2.    That the answering Defendants be granted costs of suit;

2    3.    That the answering Defendants be granted reasonable attorneys fees; and

3    4.    For such other and further relief as the court deems just and proper.

5                                          NEMECEK & COLE

8    Dated: June 27, 2011          By: _____
9                                       MICHAEL McCARTHY
                                        TOMMY Q. GALLARDO
                                        Attorneys for Defendants
10                                      ARCHWAY INSURANCE
                                        SERVICES, LLC and HUGH
11                                      JAMES AGNEW

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

2458001P.18    DEFENDANTS ARCHWAY INSURANCE SERVICES, LLC AND HUGH JAMES AGNEW'S, ETC.