John A. Mayers, Esq. (CSB #149149)
Patrick L. Prindle, Esq. (CSB # 87516)
MULVANEY, KAHAN & BARRY LLP
401 West A Street, 17th Floor
San Diego, CA 92101-7994
Telephone: 619 238-1010
Facsimile: 619 238-1981

Attorneys for Defendant
NORMAN TIPTON, JR.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCH INSURANCE COMPANY, a Missouri corporation,,<br><br>Plaintiff,<br><br>v.<br><br>ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC., a Nevada corporation; NATIONAL HR COMPANIES, LLC, a Delaware Limited Liability Company with its principal place of business in Missouri; ARCHWAY INSURANCE SERVICES, LLC, a Pennsylvania Limited Liability Company; BRIAN BONAR, an individual; COLIN NIVEN BONAR, an individual; DAVID GOLDBERG, an individual; NORMAN TIPTON, an individual; JOHN CAPEZZSUTO, an individual; DAVID JATHO, an individual; ROY HOMBS, an individual; and HUGH JAMES AGNEW, an individual,,<br><br>Defendants. | CASE NO. CV11- 01675 CAS (PJWx)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NORMAN TIPTON'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [FRCP Rule 12(b)(6)]<br><br>DATE: August 1, 2011<br>TIME: 10:00 a.m.<br>CRTRM: 5<br>JUDGE: Hon. Christina A. Snyder |

Defendant NORMAN TIPTON (hereafter, "TIPTON") respectfully submits the following Memorandum of Points and Authorities in support of the instant Motion To Dismiss The First Amended Complaint ("FAC"), pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), as follows:

1

## I. INTRODUCTION AND LEGAL STANDARD

FRCP Rule 8(a)(2) requires a litigant to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Though simple in style, historically Rule 8(a) (2) generates much consternation.

In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), the Court framed the central issue as: "what a plaintiff must plead in order to state a claim under § 1 of the Sherman Act." *Twombly,* 550 U.S. at 554-555. Acknowledging that a complaint need not provide every detailed factual allegation, the Court observed that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "Asking for plausible grounds to infer" [an allegation] "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation" that discovery will later reveal evidence to support the allegation. *Id.* at 556. Something "beyond the mere possibility" must be alleged. *Id.* at 557. Indeed, "[s]ome threshold of plausibility must be crossed at the outset before [a case] should be permitted to go into its inevitably costly and protracted discovery phase." *Id.* at 558.

More recently, in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Court further clarified the manner in which an allegation must be couched to properly plead a cause of action. Particular attention focused on the plausibility standard: "…a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Clarifying *Twombly,* the *Iqbal* Court stated: "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice…We are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50. "Only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss." *Id.* at 1950 (emphasis added).

On May 23, 2011, the Court ruled, "Plaintiff's bare allegations that defendant Tipton is a 'director and officer' of Allegiant without any further allegations of his role in the alleged activity are insufficient to support any claims against him."[1] How then, did ARCH choose to respond?

During the May 23, 2011 hearing, while addressing the Court's concern about providing more facts, on behalf of ARCH, Mr. Fitzgerald responded: "We have developed more facts since the filing of the complaint."[2] Further, Mr. Fitzgerald said, "And we also have correspondence that we have received now from those third parties with regard to Mr. Tipton and him writing letters as well."[3] The Court advised that it would grant leave to amend, cautioning, "***….but just be certain* that we are making allegations against these individuals *in their individual capacity and not as agents of the company* ….**"[4] If Mr. Fitzgerald developed more facts about TIPTON, he elected not to state them in the FAC.

As it relates to TIPTON, the substantive changes made to the FAC reside largely in new paragraph 33. That brief paragraph, three short sentences, alleges just two things. First, that TIPTON signed letters discussing issues of solvency and reinsurance. But that's nothing new, at all. Arch previously referred to that very correspondence in its Opposition to TIPTON's initial Motion To Dismiss

---

[1] Page 5 of 17, Civil Minutes – General, dated May 23, 2011 [Dkt. 113].
[2] Reporter's Transcript of Proceedings, May 23, 2011, at Page 15, Lines 6-7.
[3] Reporter's Transcript of Proceedings, May 23, 2011, at Page 15, Lines 16-19.
[4] Reporter's Transcript of Proceedings, May 23, 2011, at Page 15, Lines 20-23.

[Dkt. 85], filed April 18, 2011.[5]  Second, that TIPTON transmitted a declaration, signed by someone else, to Arch in February of this year.  That's nothing new either.

Though Arch states at paragraph 33 that "TIPTON signed letters on behalf of Allegiant," none were attached to the FAC.  One possibility: Arch doesn't have any such letters.  Another possibility:  the letters say something other than that which Arch claims.  It seems Arch intended to describe one or both of two letters signed by TIPTON, one dated January 25, 2011[6] and the other dated January 28, 2011[7].  Each was recently produced by TIPTON in connection with Rule 26 intial disclosures.  Notably, both letters begin by stating, **"My name is Norman Tipton and I represent ..."**  Without question, the letters came from TIPTON in his capacity as an attorney, not as an individual, a fact apparently well known to Arch prior to filing opposition and attending the hearing on TIPTON's initial 12(b)(6) Motion.  Nevertheless, ARCH chose to ignore the Court's admonition to limit "allegations against these individuals in their individual capacity and not as agents of the company ...."  The Motion should be granted.

## II. THE FAC STILL FAILS TO STATE A CLAIM FOR RELIEF PLAUSIBLE ON ITS FACE.

A comparison of the allegations pertaining to TIPTON in the Complaint and the FAC are hereafter set forth in tabular fashion.  Even the briefest review exposes ARCH's failure to heed the Court's admonition.

///

///

---

[5] Page 7, footnote 1.
[6] Exhibit 1, on the letterhead "Law Offices of Norman Tipton".
[7] Exhibit 2, on the letterhead "Allegiant Professional" and signed as General Counsel.

4

| COMPLAINT | FIRST AMENDED COMPLAINT |
|---|---|
| Paragraph 11. | Paragraph 10. |
| "Upon information and belief, Defendant Norman Tipton is a Director and principal shareholder of Allegiant, and a resident of California." | "Upon information and belief, Defendant Norman Tipton is a Director of Allegiant and, during the relevant times mentioned herein, was Allegiant's general counsel, and a resident of the State of California." |
| | Paragraph 11. |
| | "Upon information and belief, Defendants .... and Norman Tipton were, at all times mentioned herein, acting as the agents, servants or employees of Defendant Allegiant Professional Business Services, Inc., and were at all times acting within the scope of such relationships." |
| | Paragraph 33. |
| | "Upon information and belief, Defendant Norman Tipton signed letters on behalf of Allegiant in connection with the purported placement of insurance through R-T. In the letters, Tipton communicated to prospective third-party insureds that Allegiant, and its related entities, was solvent and that it had appropriate reinsurance. Tipton also sent a letter to Arch in mid-February 2011 in which he indicated that he is Allegiant's general counsel and forwarded an affidavit by Alyssa Wilcox disavowing any knowledge of or involvement in the Alltown binders that bore her name." |

The foregoing table depicts the sum total of new allegations made by ARCH against TIPTON. When pleading fraud claims, "Rule 9(b) requires a party to 'state with particularity the circumstances constituting fraud or mistake,' including 'the who, what, when, where, and how of the misconduct charged.'" *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010). The FAC, like its predecessor remains absolutely void of factual allegations concerning TIPTON with respect to activities performed in his individual capacity relative to any sort of alleged fraud or misconduct; i.e., the who, what, when, where, and how of the

5

claimed wrongdoing.

Moreover, ARCH pleads its theory on "information and belief," hardly expanding the wafer thin allegations to something substantial or providing the level of particularity required by FRCP Rule 9(b). "Claims made on information and belief are not usually sufficiently particular, unless they accompany a statement of facts on which the belief is founded." *Shroyer v. New Cingular Wireless Servs., Inc.*, 606 F.3d 658, 665 (9th Cir. 2010). While Rule 9(b) generally prohibits pleading fraud based upon "information and belief", "[p]leading on 'information and belief' is permitted under Rule 9(b) when essential information lies uniquely within another party's control, but only if the pleading sets forth the specific facts upon which the belief is reasonably based." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330 (Fed. Cir. 2009). However, ***boilerplate and conclusory allegations will not suffice. Plaintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible.*** (emphasis in original). *In re Rockefeller Ctr. Props., Inc. v. Secs. Litig.*, 311 F.3d 198, 216 (3rd Cir. 2002).

### III. ARCH IGNORED THE COURT'S ADMONITION THAT ALLEGATIONS BE MADE AGAINST THE INDIVIDUALS IN THEIR INDIVIDUAL CAPACITY, NOT AS AGENTS OF THE COMPANY.

During the May 23, 2011, hearing the Court announced that it would allow ARCH leave to amend, however it instructed ARCH to be certain that it made allegations against the individuals in their individual capacity, not as agents of the company.[8] ARCH did just the opposite, pleading as follows:

///

///

---

[8] Reporter's Transcript of Proceedings, May 23, 2011, at Page 15, Lines 20-23.

**Paragraph 11**. "Upon information and belief, Defendants .... and Norman Tipton were, at all times mentioned herein, ***acting as the agents***, servants or employees of Defendant Allegiant Professional Business Services, Inc., and were at all times acting within the scope of such relationships." (emphasis added).

**Paragraph 33**. "Upon information and belief, Defendant Norman Tipton signed letters ***on behalf of*** Allegiant ....." (emphasis added).

ARCH recently produced in excess of 2000 pages in connection with Rule 26 initial disclosure obligations. ALLEGIANT produced nearly nine times as many documents. Other parties have collectively produced thousands more pages. Despite a wealth of written data at its disposal, ARCH chose not to attach to the FAC, or describe with particularity, any documentation to support allegations of fraud or misconduct by TIPTON. Indeed, the two letters attached as Exhibits 1 and 2 to the Declaration of Norman Tipton filed concurrently with this Memorandum, appear to be the only documents ARCH chose to coyly reference. Both clearly show that TIPTON acted only as an attorney for ALLEGIANT and neither discloses a fraudulent scheme or some form of misconduct. ARCH has failed to provide the circumstances constituting the fraud or misconduct; including the who, what, where when, and how. *Lungwitz*, 616 F.3d at 998. The Motion should be granted.

### IV. THOUGH SHOWN OTHERWISE BY TIPTON, ARCH CLINGS TO THE NOTION THAT TIPTON WAS A DIRECTOR.

While ARCH dropped the allegation that TIPTON served as a principal shareholder of ALLEGIANT, the FAC still blindly and erroneously insists that he also serves as a director. TIPTON previously disabused ARCH of that notion by pointing out that the "Comprehensive Business Report" on which ARCH relied to make this allegation does not itself claim to be accurate (Dkt. 89 P2, LL 12-25). TIPTON also submitted publicly available documents from the Nevada Secretary

7

of State to prove that he holds no such office (Dkt. 89 fn. 1).

Be that as it may, so what?  The FAC still says nothing about what TIPTON did or failed to do and how either might constitute some form of wrongdoing.  As the Court noted in its May 23, 2011, Minute Order, "Plaintiff's bare allegations that defendant Tipton is a 'director and officer' of Allegiant without further allegations of his role in the alleged activity are *insufficient to support any claims against him*." (emphasis added).  The Court told ARCH what it needed to do to state causes of action against TIPTON, yet the advice went unheeded.  No facts exist in the FAC sufficient to support any liability on TIPTON's part.

## V. THE COMPLAINT WAS NOT AMENDED IN ANY MEANINGFUL MANNER TO STATE CAUSES OF ACTION AGAINST TIPTON

Insofar as it relates to TIPTON, only three minor changes were made in the General Allegations of the FAC.  None of the claims received any supplementation or alteration.  In Paragraph 10, ARCH dropped the "shareholder" allegation.  In Paragraph 11, ARCH labeled TIPTON as ALLEGIANT's agent.  In Paragraph 33 ARCH states that TIPTON signed letters on ALLEGIANT's behalf, as its attorney.  For all intents and purposes, as to TIPTON the Complaint and FAC remain substantively identical.

With respect to the Fourth, Fifth, and Seventh Claims For Relief (the fraud related claims), ARCH still fails to plead facts with the requisite particularity demanded by Rule 9(b). Moreover, the FAC still fails to state any facially plausible fraud related claims.

With respect to the "non-fraud" related causes of action, the First Claim For Relief (Violation of Lanham Act) and the Sixth Claim For Relief (Negligent Misrepresentation), the allegations remain identical to the deficient allegations in the Complaint.  Nothing was changed.

///

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
NORMAN TIPTON'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Case No. CV11-01675 CAS (PJWx)

Other than the minor changes to the General Allegations noted above, no other effort was made to properly state causes of action against TIPTON. Incredibly, two of the three changes fly in the face of the Court's directive that allegations against the individuals be made in their individual capacity and not as agents. If anything, the FAC does less to state viable claims for relief than did the Complaint. This Motion To Dismiss should be granted.

## VI. CONCLUSION

Based upon the foregoing Memorandum of Points and Authorities, it is respectfully requested that the FAC be dismissed as to TIPTON, and that no leave be granted.

DATED: June 28, 2011              MULVANEY, KAHAN & BARRY LLP


By: /s/ John A. Mayers
    John A. Mayers
    Patrick L. Prindle
    Attorneys for Defendant
    NORMAN TIPTON, JR.

TIPN.101.255589.1

---

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF                Case No. CV11-01675 CAS (PJWx)
NORMAN TIPTON'S MOTION TO DISMISS FIRST AMENDED COMPLAINT