1  John A. Mayers, Esq. (CSB #149149)
   Patrick L. Prindle, Esq. (CSB # 87516)
2  MULVANEY, KAHAN & BARRY LLP
   401 West A Street, 17th Floor
3  San Diego, CA 92101-7994
   Telephone: 619 238-1010
4  Facsimile: 619 238-1981

5  Attorneys for Defendant
   NORMAN TIPTON, JR.

6

7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  ARCH INSURANCE COMPANY, a Missouri corporation, | CASE NO. CV11-01675 CAS (PJWx) |
| 11 | |
| 12         Plaintiff, | DECLARATION OF NORMAN TIPTON, JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT |
| 13  v. | |
| 14  ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC., a Nevada corporation; NATIONAL HR COMPANIES, LLC, a Delaware Limited Liability Company with its principal place of business in Missouri; ARCHWAY INSURANCE SERVICES, LLC, a Pennsylvania Limited Liability Company; BRIAN BONAR, an individual; COLIN NIVEN BONAR, an individual; DAVID GOLDBERG, an individual; NORMAN TIPTON, an individual; JOHN CAPEZZUTO, an individual; DAVID JATHO, an individual; ROY HOMBS, an individual; and HUGH JAMES AGNEW, an individual, | DATE: August 1, 2011
TIME:   10:00 A.M.
DEPT:   Courtroom 5
JUDGE: HON. CHRISTINA A. SNYDER |
|        Defendants. | |

I, NORMAN TIPTON, JR., hereby declare as follows:

1.     I am an attorney licensed to practice in the State of California. I am

1

an adult, over the age of 18 years, and competent to testify if called as a witness. The following facts are true of my personal knowledge and if called upon to testify thereto, I could and would do so competently.

2. From time to time I represent ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC. ("ALLEGIANT"), and I am familiar with the facts of this case.

3. I am not, nor have I ever been, an officer of ALLEGIANT. I have, however, on occasion represented that I was "General Counsel" for the corporation. Serving as "General Counsel" does not make me an officer of ALLEGIANT.

4. I am not, nor have I ever been, a director of ALLEGIANT.

5. Attached hereto as Exhibit 1 is a true and correct copy of a letter dated January 25, 2011, drafted by me in my capacity as an attorney representing ALLEGIANT, Smart-Tek, and AMS Outsourcing.

6. Attached hereto as Exhibit 2 is a true and correct copy of a letter dated January 28, 2011, drafted by me in my capacity as "General Counsel" representing ALLEGIANT.

I declare under penalty of perjury, and under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on June 28, 2011, at San Diego, California.

NORMAN TIPTON, JR.

TIPN.101.255372.1

DECLARATION OF NORMAN TIPTON, JR. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT         Case No.CV11 01675 CAS PJWx

# EXHIBIT 1

# Law Offices of Norman Tipton

11838 Bernardo Plaza Court, Suite 220
San Diego, CA 92128
619 253-2226 phone
ntipjr@aol.com

January 25, 2011

To Whom it May Concern:

My name is Norman Tipton and I represent Smart-Tek, Allegiant Professional Business Services and AMS Outsourcing. I am writing to assure you that all three entities have reinsurance plans in place to cover the insolvency of any and all insurers.

Specifically:

    A. In the event of insolvency and the appointment of a conservator, liquidator, or statutory successor of the Company, the portion of any risk or obligation assumed by the Reinsurer shall be payable to the conservator, liquidator, or statutory successor on the basis of the amounts of claim allowed in the insolvency proceeding, without diminution because of that insolvency, or because the conservator, liquidator, or statutory successor has failed to pay all or a portion of any claims. Payments by the Reinsurer as set forth in this subdivision shall be made directly to the Company or to its conservator, liquidator, or statutory successor except where, to the extent permitted by law, (a) this Agreement of reinsurance specifically provides another payee of such reinsurance in the event of the insolvency of the ceding insurer or (b) the Reinsurer with the consent of the direct insured(s) has assumed the Policy obligations of the Company as direct obligations of the Reinsurer to the payees under such Policies and in substitution for the obligations of the Company to such payees.

    B. In the event of the insolvency of the Company, the liquidator. receiver, conservator or statutory successor of the Company shall give written notice to the Reinsurer of the pendency of a claim against the insolvent Company on the Policy or Policies reinsured within a reasonable time after such claim is filed in the insolvency proceeding and during the pendency of such claim any Reinsurer may investigate such claim and interpose, at its own expense, in the proceeding where such claim is to be adjudicated any defense or defenses which it may deem available to the Company or its liquidator, receiver, conservator or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable subject to court approval against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer. Where two or more Reinsurers are involved in the same claim and a majority in interest elect to interpose defense to such claim, the expense shall be apportioned in accordance with the terms of this Agreement as though such expense had been incurred by the Company.

If you have any questions, please do not hesitate to call me.

Sincerely,

*[signature]*
Norman Tipton

**EXHIBIT 1**

# EXHIBIT 2



January 28, 2011

To Whom it May Concern:

My name is Norman Tipton and I represent Allegiant Professional Business Services. I am writing to assure you that the company has agreements / reinsurance plans in place to cover any insolvency.

Specifically:

> A. In the event of insolvency and the appointment of a conservator, liquidator, or statutory successor of the Company, the portion of any risk or obligation assumed by the Reinsurer shall be payable to the conservator, liquidator, or statutory successor on the basis of the amounts of claim allowed in the insolvency proceeding, without diminution because of that insolvency, or because the conservator, liquidator, or statutory successor has failed to pay all or a portion of any claims. Payments by the Reinsurer as set forth in this subdivision shall be made directly to the Company or to its conservator, liquidator, or statutory successor except where, to the extent permitted by law, (a) this Agreement of reinsurance specifically provides another payee of such reinsurance in the event of the insolvency of the ceding insurer or (b) the Reinsurer with the consent of the direct insured(s) has assumed the Policy obligations of the Company as direct obligations of the Reinsurer to the payees under such Policies and in substitution for the obligations of the Company to such payees.
>
> B. In the event of the insolvency of the Company, the liquidator. receiver, conservator or statutory successor of the Company shall give written notice to the Reinsurer of the pendency of a claim against the insolvent Company on the Policy or Policies reinsured within a reasonable time after such claim is filed in the insolvency proceeding and during the pendency of such claim any Reinsurer may investigate such claim and interpose, at its own expense, in the proceeding where such claim is to be adjudicated any defense or defenses which it may deem available to the Company or its liquidator, receiver, conservator or statutory successor. The expense thus incurred by the Reinsurer shall be chargeable subject to court approval against the insolvent Company as part of the expense of liquidation to the extent of a proportionate share of the benefit which may accrue to the Company solely as a result of the defense undertaken by the Reinsurer. Where two or more Reinsurers are involved in the same claim and a majority in interest elect to interpose defense to such claim, the expense shall be apportioned in accordance with the terms of this Agreement as though such expense had been incurred by the Company.

If you have any questions, please do not hesitate to call me.

Sincerely,

Norman Tipton
General Counsel

11838 Bernardo Plaza Court, #240, San Diego, CA 92128                858-798-1636

**EXHIBIT 2**