LAW OFFICE OF ANDREW L. JONES, P.C.
Andrew L. Jones (Texas Bar No. 24012919)
ajones@andrewjoneslaw.com
5400 LBJ Freeway, Suite 1200
Dallas, Texas 75240
Telephone: 214-979-0100
Facsimile: 214-979-0101

PISTONE & WOLDER, LLP
Eric Medel (State Bar No. 211808)
emedel@PistoneWolder.com
2020 Main Street, Suite 900
Irvine, California 92614
Telephone: 949-622-8980
Facsimile: 949-622-8985

Attorneys for Defendants
National HR Companies, LLC,
David Jatho and Roy Hombs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCH INSURANCE COMPANY, a Missouri corporation, | Case No. CV11-01675 CAS (PJWx) |
| Plaintiff, | DEFENDANTS NATIONAL HR COMPANIES, LLC, DAVID JATHO AND ROY HOMBS' ANSWER WITH AFFIRMATIVE DEFENSES TO ARCH INSURANCE COMPANY'S FIRST AMENDED COMPLAINT |
| vs. | |
| ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC., a Nevada Corporation; NATIONAL HR COMPANIES, LLC, a Delaware Limited Liability Company with its principal place of business in Missouri; ARCHWAY INSURANCE SERVICES, LLC, a Pennsylvania | |
| | Case Filed: February 25, 2011 |

DEFENDANTS NATIONAL HR COMPANIES, LLC, DAVID JATHO AND ROY HOMBS' ANSWER WITH
AFFIRMATIVE DEFENSES TO ARCH INSURANCE COMPANY'S FIRST AMENDED COMPLAINT

1

Limited Liability Company; BRIAN BONAR, an individual; COLIN NIVEN BONAR, an individual; DAVID GOLDBERG, an individual; NORMAN TIPTON, an individual; JOHN CAPEZZUTO, an individual; DAVID JATHO, an individual; ROY HOMBS, an individual; and HUGH JAMES AGNEW, an individual,

Defendants.

## ANSWER WITH AFFIRMATIVE DEFENSES

COME NOW, Defendants NATIONAL HR COMPANIES, LLC ("National HR"), DAVID JATHO ("Jatho") and ROY HOMBS ("Hombs"), by and through undersigned counsel hereby files this, their Answer With Affirmative Defenses responding to the allegations in Plaintiff Arch Insurance Company's ("Arch") First Amended Complaint, as follows:

## INTRODUCTION

Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of the allegations in Arch's Introduction related to any other defendants, but deny the allegations in Arch's Introduction to the extent that they are directed at Defendants National HR, Jatho and Hombs.

## GENERAL ALLEGATIONS

A.  **Jurisdiction and Venue**

1. Defendants National HR, Jatho and Hombs admit the allegations in paragraph 1 of the First Amended Complaint strictly and solely for jurisdictional purposes.

DEFENDANTS NATIONAL HR COMPANIES, LLC, DAVID JATHO AND ROY HOMBS' ANSWER WITH AFFIRMATIVE DEFENSES TO ARCH INSURANCE COMPANY'S FIRST AMENDED COMPLAINT

2

2.     Defendants National HR, Jatho and Hombs admit the allegations in paragraph 2 of the First Amended Complaint strictly and solely for jurisdictional purposes.

3.     Defendants National HR, Jatho and Hombs admit the allegations in paragraph 3 of the First Amended Complaint strictly and solely for venue purposes.

**B.    The Parties**

4.     Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 4 of the First Amended Complaint and, therefore, must deny same.

5.     Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 5 of the First Amended Complaint and, therefore, must deny same.

6.     Defendant National HR admits the allegations in paragraph 6 of the First Amended Complaint strictly and solely for jurisicitional and venue purposes.

7.     Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 7 of the First Amended Complaint and, therefore, must deny same.

8.     Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 8 of the First Amended Complaint and, therefore, must deny same.

9.     Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 9 of the First Amended Complaint and, therefore, must deny same.

10.    Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 10 of the First Amended Complaint and, therefore, must deny same.

11.   Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 11 of the First Amended Complaint and, therefore, must deny same.

12.   Defendant Jatho admits the allegations in paragraph 12 of the First Amended Complaint strictly and solely for jurisdictional and venue purposes.

13.   Defendant Hombs admits the allegations in paragraph 13 of the First Amended Complaint strictly and solely for jurisdictional and venue purposes.

14.   Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 14 of the First Amended Complaint.

## C. Background

15.   Defendants National HR, Jatho and Hombs admit the allegations in paragraph 15 of the First Amended Complaint.

16.   Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 16 of the First Amended Complaint and, therefore, must deny same.

17.   Defendants National HR, Jatho and Hombs admit the allegations in paragraph 17 of the First Amended Complaint strictly and solely for jurisdictional and venue purposes.

18.   Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 18 of the First Amended Complaint and, therefore, must deny same.

19.   Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 19 of the First Amended Complaint and, therefore, must deny same.

20. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 20 of the First Amended Complaint and, therefore, must deny same.

21. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 21 of the First Amended Complaint and, therefore, must deny same.

22. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 22 of the First Amended Complaint and, therefore, must deny same.

23. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 23 of the First Amended Complaint and, therefore, must deny same.

24. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 24 of the First Amended Complaint and, therefore, must deny same.

25. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 25 of the First Amended Complaint and, therefore, must deny same.

26. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 26 of the First Amended Complaint and, therefore, must deny same.

27. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 27 of the First Amended Complaint and, therefore, must deny same.

28. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 28 of the First Amended Complaint and, therefore, must deny same.

29. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 29 of the First Amended Complaint and, therefore, must deny same.

30. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 30 of the First Amended Complaint and, therefore, must deny same.

31. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 31 of the First Amended Complaint and, therefore, must deny same.

32. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 32 of the First Amended Complaint and, therefore, must deny same.

33. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 33 of the First Amended Complaint and, therefore, must deny same.

34. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of paragraph 34 of the First Amended Complaint and, therefore, must deny same.

35. Defendant National HR admits that Global Paratransit and Southland Transit paid approximately $2,900,000 to National HR, and National HR and Allegiant have accepted said payments. Defendant National HR denies that Global Paratransit and Southland Transit, as well as their broker (American Business Insurance Services, Inc.), were told by National HR that the money they were paying was solely for workers' compensation insurance for their companies and their employees. Defendant National HR admits that Global Paratransit and Southland Transit submitted workers' compensation claims for their employees directly to National HR and/or Allegiant. Defendants National HR, Jatho and

Hombs lack sufficient knowledge or information to form a belief about the truth of Arch's remaining allegations in paragraph 35 of the First Amended Complaint and, therefore, must deny same.

36. Defendant National HR admits that Arch has never authorized National HR to issue an insurance binder or any other evidence of insurance to Global Paratransit or Southland Transit. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of Arch's remaining allegations in paragraph 36 of the First Amended Complaint and, therefore, must deny same.

37. Defendant National HR denies the allegation that National HR provided consent and/or direction to Agnew to execute Certificates of Insurance to Global Paratransit, Inc., or to Southland Transit, Inc., to evidence to them and their insurance broker that Global Paratransit and Southland Transit were covered for workers' compensation claims of their employees. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of Arch's remaining allegations in paragraph 37 of the First Amended Complaint and, therefore, must deny same.

38. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 38 of the First Amended Complaint and, therefore, must deny same.

39. Defendants National HR, Jatho and Hombs deny the allegation that they, or some of them, are responsible for issuance of documents that purport to evidence existence of workers' compensation insurance under the Policy for the benefit of third-party entities and their employees, including but not limited to Alltown, Global Paratransit, Southland Transit and Family Care. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form

a belief about the truth of Arch's remaining allegations in paragraph 39 of the First Amended Complaint and, therefore, must deny same.

40. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 40 of the First Amended Complaint and, therefore, must deny same.

41. Defendant National HR admits the allegation that National HR has represented to third-party companies, entities and individuals that these third parties have workers' compensation insurance coverage under the Policy. Defendant National HR admits the allegation that National HR has accepted millions of dollars in premium for such purported coverage, but denies that National HR has submitted workers' compensation claims of non-Allegiant workers to Arch for payment under the guise that they are claims for Allegiant workers pursuant to the Policy coverage. Defendant National HR denies that National HR conspired with Allegiant and Archway, and possibly others, to sell workers' compensation coverage under the Policy, collect millions of premium dollars for that coverage, and then submit workers' compensation claims for payment to Arch while falsely representing to Arch that the claims were those of their employees. Defendant National HR denies that National HR represented to third parties that National HR was authorized to confirm such coverage with the use of insurance binders and certificates of insurance while concealing this fraudulent scheme from Arch. Defendants National HR, Jatho and Hombs deny that they engaged in such conduct. Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of Arch's remaining allegations in paragraph 41 of the First Amended Complaint and, therefore, must deny same.

42. Defendants National HR, Jatho and Hombs deny the allegations in paragraph 42 of the First Amended Complaint.

DEFENDANTS NATIONAL HR COMPANIES, LLC, DAVID JATHO AND ROY HOMBS' ANSWER WITH AFFIRMATIVE DEFENSES TO ARCH INSURANCE COMPANY'S FIRST AMENDED COMPLAINT

8

## FIRST CLAIM FOR RELIEF

## (Violation of 15 U.S.C. Section 1125/Lanham Act)

43.  Defendants National HR, Jatho and Hombs deny the allegations in paragraph 43 of the First Amended Complaint.

44.  Defendants National HR, Jatho and Hombs deny the allegations in paragraph 44 of the First Amended Complaint.

45.  Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 45 of the First Amended Complaint and, therefore, must deny same.

46.  Defendants National HR, Jatho and Hombs deny the allegations in paragraph 46 of the First Amended Complaint.

47.  Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 47 of the First Amended Complaint and, therefore, must deny same.

48.  Defendants National HR, Jatho and Hombs deny the allegations in paragraph 48 of the First Amended Complaint.

49.  Defendants National HR, Jatho and Hombs deny the allegations in paragraph 49 of the First Amended Complaint.

50.  Defendants National HR, Jatho and Hombs deny the allegations in paragraph 50 of the First Amended Complaint.

\\
\\
\\
\\
\\
\\
\\

## SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF

(For Breach of the Binder Agreements Against Allegiant)

(For Breach of the Insurance Policies Against Allegiant)

(For Intentional Misrepresentation Against Allegiant, Archway, Brian Bonar, Colin Nevin Bonar, David Goldberg, Norman Tipton, John Capezzuto and Hugh James Agnew)

51. Paragraphs 51 through 65 of the First Amended Complaint do not appear to be directed to Defendants National HR, Jatho or Hombs, making a response superfluous. However, in an abundance of caution, Defendants National HR, Jatho and Hombs would deny the allegations in paragraph 51 through 65 of the First Amended Complaint.

## FIFTH CLAIM FOR RELIEF

(For Concealment Against all Defendants)

52. Defendants National HR, Jatho and Hombs deny the allegations in paragraph 66 of the First Amended Complaint.

53. Defendants National HR, Jatho and Hombs deny the allegations in paragraph 67 of the First Amended Complaint.

54. Defendants National HR, Jatho and Hombs deny the allegations in paragraph 68 of the First Amended Complaint.

55. Defendants National HR, Jatho and Hombs deny the allegations in paragraph 69 of the First Amended Complaint.

56. Defendants National HR, Jatho and Hombs deny the allegations in paragraph 70 of the First Amended Complaint.

57. Defendants National HR, Jatho and Hombs deny the allegations in paragraph 71 of the First Amended Complaint.

## SIXTH CLAIM FOR RELIEF

### (For Negligent Misrepresentation Against Allegiant, Archway, Brian Bonar, Colin Nevin Bonar, David Goldberg, Norman Tipton, John Capezzuto and Hugh James Agnew)

58.  Paragraphs 72 through 76 of the First Amended Complaint do not appear to be directed to Defendants National HR, Jatho or Hombs, making a response superfluous. However, in an abundance of caution, Defendants National HR, Jatho and Hombs would deny the allegations in paragraph 72 through 76 of the First Amended Complaint.

## SEVENTH CLAIM FOR RELIEF

### (For Violation of California Business & Professions Code Section 17200 Against all Defendants)

59.  Defendants National HR, Jatho and Hombs deny the allegations in paragraph 77 of the First Amended Complaint.

60.  Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 78 of the First Amended Complaint and, therefore, must deny same.

61.  Defendants National HR, Jatho and Hombs deny the allegations in paragraph 79 of the First Amended Complaint.

62.  Defendants National HR, Jatho and Hombs deny the allegations in paragraph 80 of the First Amended Complaint.

63.  Defendants National HR, Jatho and Hombs deny the allegations in paragraph 81 of the First Amended Complaint.

\\

\\

\\

\\

# EIGHTH CLAIM FOR RELIEF

## (Violation of 18 U.S.C. Section 1961 et seq./RICO)

### (Against all Defendants)

64.  Defendants National HR, Jatho and Hombs deny the allegations in paragraph 82 of the First Amended Complaint.

65.  Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 83 of the First Amended Complaint and, therefore, must deny same.

66.  Defendants National HR, Jatho and Hombs deny the allegations in paragraph 84 of the First Amended Complaint.

67.  Defendants National HR, Jatho and Hombs deny the allegations in paragraph 85 of the First Amended Complaint.

68.  Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 86 of the First Amended Complaint and, therefore, must deny same.

69.  Defendants National HR, Jatho and Hombs deny the allegations in paragraph 87 of the First Amended Complaint.

70.  Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 88 of the First Amended Complaint and, therefore, must deny same.

71.  Defendants National HR, Jatho and Hombs deny the allegations in paragraph 89 of the First Amended Complaint.

72.  Defendants National HR, Jatho and Hombs lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 90 of the First Amended Complaint and, therefore, must deny same.

73.  Defendants National HR, Jatho and Hombs deny the allegations in paragraph 91 of the First Amended Complaint.

DEFENDANTS NATIONAL HR COMPANIES, LLC, DAVID JATHO AND ROY HOMBS' ANSWER WITH AFFIRMATIVE DEFENSES TO ARCH INSURANCE COMPANY'S FIRST AMENDED COMPLAINT

12

74. Defendants National HR, Jatho and Hombs deny the allegations in paragraph 92 of the First Amended Complaint.

75. Defendants National HR, Jatho and Hombs deny the allegations in paragraph 93 of the First Amended Complaint.

76. Defendants National HR, Jatho and Hombs deny the allegations in paragraph 94 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

For a further answer to the First Amended Complaint, and by way of affirmative defenses, Defendants National HR, Jatho and Hombs allege as follows:

1. For their first Affirmative Defense, Defendants National HR, Jatho and Hombs allege that the Plaintiff has failed to state a claim upon which the relief sought can be granted.

2. For their second Affirmative Defense, Defendants National HR, Jatho and Hombs allege that the claims set forth in the First Amended Complaint are barred by the applicable statutes of limitations.

3. For their third Affirmative Defense, Defendants National HR, Jatho and Hombs allege that Plaintiff has no standing to assert the claims set forth in the First Amended Complaint.

4. For their fourth Affirmative Defense, Defendants National HR, Jatho and Hombs allege that Plaintiff's claims are barred by virtue of Plaintiff's unclean hands.

5. For their fifth Affirmative Defense, Defendants National HR, Jatho and Hombs allege that the claims set forth in the First Amended Complaint have been waived.

6. For their sixth Affirmative Defense, Defendants National HR, Jatho and Hombs allege that the claims set forth in the First Amended Complaint are estopped by virtue of the conduct of the Plaintiff.

7. For their seventh Affirmative Defense, Defendants National HR, Jatho and Hombs allege that the claims set forth in the First Amended Complaint are barred by laches.

8. For their eighth Affirmative Defense, Defendants National HR, Jatho and Hombs allege that Defendants' conduct was justified.

9. For their ninth Affirmative Defense, Defendants National HR, Jatho and Hombs allege that the Plaintiff is not entitled to an equitable remedy in the absence of any ability to recover at law.

10. For their tenth Affirmative Defense, Defendants National HR, Jatho and Hombs allege that Plaintiff has failed to mitigate any damages alleged in the First Amended Complaint.

11. For their eleventh Affirmative Defense, Defendants National HR, Jatho and Hombs would assert that the actions and/or omissions complained of were caused by actions, omissions, and/ or errors of individuals and/or entities, whether parties to this litigation or not, over whom Defendants National HR, Jatho and Hombs have neither authority nor an ability to control.

12. For their twelfth Affirmative Defense, Defendants National HR, Jatho and Hombs allege that the Plaintiff was contributorily negligent.

13. For their thirteenth Affirmative Defense, Defendants National HR, Jatho and Hombs allege that the Plaintiff has acquiesced in the conduct of which it complains and has accepted the benefits of that conduct.

Defendants National HR, Jatho and Hombs reserve the right to amend their answer and defenses, to assert additional defenses, and to supplement, alter or change this answer upon revelation of more definite facts and upon the undertaking of discovery in this matter.

## DEMAND FOR JURY TRIAL

Defendants National HR, Jatho and Hombs request a jury trial on all issues so triable as a matter of right.

WHEREFORE, Defendants National HR, Jatho and Hombs pray for judgment as follows:

1. That Plaintiff take nothing by way of the First Amended Complaint;
2. For costs of suit incurred herein;
3. For reasonable attorneys' fees; and
4. For such other and further relief as the Court deems just and proper.

Dated: June 30, 2011

Respectfully submitted,

PISTONE & WOLDER, LLP

By: _____
ERIC J. MEDEL
Attorneys for Defendants National HR Companies, LLC, David Jatho, and Roy Hombs

---

DEFENDANTS NATIONAL HR COMPANIES, LLC, DAVID JATHO AND ROY HOMBS' ANSWER WITH AFFIRMATIVE DEFENSES TO ARCH INSURANCE COMPANY'S FIRST AMENDED COMPLAINT

15

## PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss:
COUNTY OF ORANGE      )

I am employed in the County of Orange, State of California, at the law firm of PISTONE & WOLDER, LLP (2020 Main Street, Suite 900, Irvine, California 92614-8203). I am over the age of 18 and not a party to the within action.

On June 30, 2011, I served, in the manner indicated below, the foregoing document described as:

**DEFENDANTS NATIONAL HR COMPANIES, LLC, DAVID JATHO AND RAY HOMBS' ANSWER WITH AFFIRMATIVE DEFENSES TO ARCH INSURANCE COMPANY'S FIRST AMENDED COMPLAINT**

on the interested parties to this action as follows:

SEE ATTACHED SERVICE LIST.

☐ (BY OVERNITE EXPRESS) I caused such envelope(s) to be deposited in the Overnite Express depository at Irvine, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with Overnite Express each day, and that practice was followed in the ordinary course of business for the service herein attested to. [C.C.P. Section 1013(a)(3)

☐ (BY ELECTRONIC MAIL) I caused such document(s) to be served by electronic mailing to the electronic mail addresses of the parties listed above.

☒ (BY REGULAR MAIL) I caused such envelope(s) to be deposited in the United States mail at Irvine, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day, and that practice was followed in the ordinary course of business for the service herein attested to. [C.C.P. Section 1013(a)(3)]

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand to the offices of the parties listed in the Service List.

I declare under penalty of perjury under the laws of the State of California that all the foregoing is true and correct.

Executed on June 30, 2011, at Irvine, California.

_____
Sara L. Gonzalez, Declarant

*Arch Insurance Company v. Allegiant Professional Business Services, Inc., et al.*
Case No. CV 11-1675 CAS(PJWx)

SERVICE LIST

James E. Fitzgerald
Jason R. Bendel
Brian Fodera
STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Suite 1600
Los Angeles, CA 90067

Robert F. Hinton
Archer Norris, PLC
333 South Grand Avenue, Suite 1700
Los Angeles, CA 90071

Michael McCarthy
Tommy Q. Gallardo
Nemecek & Cole
15260 Ventura Blvd., Suite 920
Sherman Oaks, CA 91403-5344

John A. Mayers
Mulvaney, Kahan & Barry, LLP
401 West A Street, 17th Fl.
San Diego, CA 92101

Andrew L. Jones
Law Offices of Andrew L. Jones, P.C.
5400 LBJ Freeway, Suite 1200
Dallas, TX 75240