UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| James Fitzgerald<br>Brian Fodera | Tommy Gallardo<br>Marc Williams<br>Robert Hinton |

**Proceedings:**   **DEFENDANT'S MOTION TO DISMISS** (filed 03/20/12)

**I.    INTRODUCTION**

On February 25, 2011, plaintiff Arch Insurance Company ("Arch" or "plaintiff") filed a complaint against Allegiant Professional Business Services, Inc. ("Allegiant"), National HR Companies, LLC ("National HR"), Archway Insurance Services, LLC ("Archway"), Brian Bonar, Colin Niven Bonar, David Goldberg, Norman Tipton, John Capezzuto, David Jatho, Roy Hombs, and Hugh James Agnew.  The complaint alleged claims for: (1) violation of the Lanham Act, 15 U.S.C. § 1125; (2) breach of contract (binder agreement); (3) breach of contract (insurance policy); (4) intentional misrepresentation; (5) concealment; (6) negligent misrepresentation; (7) violation of the Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; (8) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (d).  The gravamen of the dispute is the alleged unauthorized issuance by defendants of insurance policies purporting to bind Arch.

On January 9, 2012, with leave of the Court, Arch filed its operative Second Amended Complaint ("SAC").  Among other things, the SAC adds Dino Miliotis ("Miliotis") as a defendant and asserts four claims for relief against him: (1) violation of RICO based on alleged mail and wire fraud and trafficking in counterfeit goods and services; (2) concealment; (3) violation of the UCL; and (4) violation of the Lanham Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

Miliotis filed the instant motion to dismiss on March 20, 2012. Arch opposed the motion on April 2, 2012. Miliotis replied on April 9, 2012. The Court heard oral argument on April 23, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

   **A.    Federal Rule of Civil Procedure 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).  A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B.     Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity.  Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud."  Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003).  A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim.  Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)."  Id.  However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements.  Id. at 1104.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

When a party pleads fraud against a corporation, the already heightened pleading standard is further heightened. "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153 (1991).

### III. DISCUSSION

Miliotis argues that all of Arch's claims must be dismissed. The Court addresses each claim in turn.

#### A. RICO

Arch claims two bases for RICO liability against Miliotis—violation of 18 U.S.C. § 1962(c) and (d). SAC ¶¶ 103–115.

Miliotis contends that Arch's RICO claims must be dismissed because the SAC does not adequately allege: (1) what part he played in directing the affairs of the alleged RICO enterprise; (2) any instance in which he used the U.S. mails or wires; (3) sufficient facts showing that he acted with the intent to deceive or defraud; (4) sufficient facts that he knowingly used a counterfeit mark; and (5) facts that would show he engaged in a pattern of mail or wire fraud or trafficking in counterfeit goods or services. Mot. at 4–11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

In opposition, Arch argues that it has sufficiently alleged that an association-in-fact enterprise existed between Miliotis, Allegiant, and National HR to sell and distribute fraudulent insurance policies to "unsuspecting" third parties. Opp'n at 7 (citing SAC ¶¶ 32, 58–61). Further, Arch argues that it has adequately alleged the conduct of this enterprise, namely its production, distribution, and sale of counterfeit insurance policies. Id. Next, Arch argues that it has met the requirement of alleging commission of a predicate act by averring that Miliotis perpetrated a scheme to defraud business and their employees of millions of dollars in premiums at Arch's expense. Arch maintains that the false policies themselves evidence Miliotis' intent to defraud, and that it has alleged that the fraudulent policies were sent through the United States Postal Service and by electronic mail in furtherance of this scheme. Opp'n at 8 (citing SAC ¶¶ 47, 51, 61, 108, 110). Further, Arch contends that the SAC adequately alleges that Miliotis knowingly trafficked in the sale and distribution of counterfeit insurance policies, using Arch's service mark, thereby representing the policies to be Arch policies. Id. (citing SAC ¶¶ 26, 30–32, 45–47, 65, 70, 105). With respect to the "pattern of racketeering" requirement, Arch asserts that it has alleged a series of related predicate acts extending over a substantial period of time. Specifically, Arch argues that it has alleged that counterfeit policies were produced, sold, and distributed at least during the 2010–2011 policy period. Opp'n at 9–10 (citing SAC ¶¶ 44–55). Arch asserts that it has also met the continuity requirement by alleging that Miliotis is part of a sophisticated enterprise that colluded to produce the fraudulent insurance documents. Id. at 10. Finally, Arch maintains that it has adequately pled a RICO claim under § 1962(d) by alleging that Miliotis conspired to violate Section 1962(c). Id. at 11.

The Court concludes that Arch's RICO allegations are deficient in numerous respects. 18 U.S.C. § 1962(c) provides that "[i]t shall be unlawful for any person employed or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). A violation of Section 1962(c) requires "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L v. Imrex Co., 473 U.S. 479, 496 (1985). "In order to 'participate, directly or indirectly, in the conduct of such enterprise's affairs,' one must have some part in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

directing those affairs." Reves v. Ernst & Young, 507 U.S. 170, 179 (1993) (quoting 18 U.S.C. § 1962(c)). "[R]acketeering activity" includes any act indictable under specific provisions of Title 18 of the U.S. Code. 18 U.S.C. § 1961(1)(B).

First, the SAC fails to allege that Miliotis had any part in directing the affairs of the alleged RICO enterprise. Indeed, nowhere does Arch specify Miliotis' role in the alleged enterprise except to state that he is an "agent" of the Allegiaint Enterprise Defendants. SAC ¶ 19. Such a conclusory allegation is insufficient to show that Miliotis played any part in directing the affairs of the alleged enterprise. See Reeves, 507 U.S. at 179.

Next, Arch has failed to adequately allege mail or wire fraud against Miliotis. To state a claim under RICO based on mail and wire fraud, the plaintiff must meet the strict pleading requirements of Federal Rule of Civil Procedure 9(b). Sanville v. Bank of American Nat. Trust & Savings Ass'n., 18 Fed.Appx. 500 (9th Cir. 2001); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1338 (9th Cir. 1988). "To allege a violation of the mail fraud statute, it is necessary to show that (1) the defendants formed a schemed or artifice to defraud; (2) the defendants used United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud." Schreiber, 806 F.2d at 1399–1400. "Similarly, a wire fraud violation consists of (1) the formation of a scheme or artifice to defraud (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." Id. at 1400. Here, the SAC does not allege that Miliotis used either the United States mails or wires. While Arch points to paragraphs 47, 51, 61, 108, and 110 of the SAC, paragraph 61 is the only one of these that specifically references Miliotis. It does not allege that he used either the U.S. mails or wires. Further, Arch has failed to plead facts sufficient to show that Miliotis acted with the "specific intent to deceive or defraud." Schreiber, 806 F.2d at 1399–1400. Only seven paragraphs in the SAC make any reference to Miliotis. See SAC ¶¶ 19, 30–32, 44–45, 61. The first four of these paragraphs are boilerplate and do not allege any material facts specific to Miliotis. Paragraphs 44 and 45 allege that Miliotis represented to one of Allegiant's clients, Family Care, that Allegiant could arrange for workers' compensation insurance through Allegiant's policy with Arch. Paragraph 61 alleges that Miliotis represented to unspecified "third parties" that they had workers' compensation insurance through Allegiant's policy with Arch and that he "created and/or assisted in the creation of insurance 'binders' and other documentation for Allegiant, National HR and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

Smart-Tek to provide to their clients." Even when these allegations are taken as true, they do not support an inference that Miliotis acted with the intent to deceive or defraud anyone. This is so because there is no allegation in the SAC supporting the conclusion that Miliotis knew or should have known that Allegiant was exceeding what was allowed under its policy with Arch. Therefore, the SAC "stops short of the line between possibility and plausibility of entitlement to relief" against Mr. Miliotis. Iqbal, 129 S.Ct. at 1949.

Arch has also failed to adequately allege that Miliotis trafficked in counterfeit goods or services. To state a claim under RICO based on a violation of 18 U.S.C. § 2320, a plaintiff must establish that: "(1) the defendant trafficked or attempted to traffic in goods or services; (2) such trafficking, or the attempt to traffic was intentional; (3) the defendant used a counterfeit mark on or in connection with the goods or services; and (4) the defendant knew that the mark so used was counterfeit." U.S. v. Sultan, 115 F.3d 321, 325 (5th Cir. 1997). Here, there is no allegation in the SAC that Miliotis issued inauthentic documents purporting to originate from Arch. Instead, the SAC merely alleges that Miliotis represented that Allegiant could provide workers' compensation insurance through Allegiant's "own master workers' compensation insurance policy issued by Arch Insurance Company." SAC ¶ 44. This is insufficient to allege counterfeiting against Miliotis, and Arch's RICO claim cannot proceed based on an alleged violation of 18 U.S.C. § 2320.[1]

Arch has not adequately alleged a "pattern" of racketeering activity. A "pattern of racketeering" requires at least two acts of racketeering activity. 18 U.S.C. § 1961(5). Further, to show a "pattern" a plaintiff must demonstrate the relationship between the predicate acts and the threat of continuing activity. H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989) ("It is this factor or continuity plus relationship which combines to produce a pattern.") "Relatedness" is established if the predicate acts have the same or similar purposes, results, participants, victims, or methods of

---

[1] The Court also notes that the SAC does not allege that Miliotis used and Arch mark that is registered on the principal register. Nor does it allege the goods or services for which its mark is registered or that Mr. Miliotis used the mark for such goods and services. These are required elements, and they are not addressed in the SAC. See 18 U.S.C. § 2320(e)(1)(A)(ii), 2320(e)(1)(A)(iii).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

commission, or are otherwise interrelated by distinguishing characteristics. Id. "Continuity," on the other hand, is "both a closed and open ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." Id. In this case, while the SAC alleges "the mailing of fraudulent insurance policies to several third parties, including Alltown Bus Service, A & J Caulking, 76 Carriage House, Global Paratransit and Southland Transit," the SAC does not allege that Miliotis mailed fraudulent policies to any of these parties or specifically allege exactly how he participated in an alleged fraud against those entities. Instead, the SAC alleges that Miliotis was involved with only one Allegiant client, Family Care. SAC ¶¶ 44–45. Put simply, allegedly defrauding one client does not amount to a "pattern" of racketeering activity.

Finally, the Court finds that Arch has not sufficiently stated a claim under § 1962(d). Section 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of [Section 19620," 18 U.S.C. § 1962(d). "To establish a violation of Section 1962(d), Plaintiffs must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." Howard v. America Online, Inc., 208 F.3d 741, 751 (9th Cir. 2000). The defendants "must also have been 'aware of the essential nature and scope of the enterprise and intended to participate in it.'" Id. (quoting Baumer v. Pachl, 8 F.3d 1341, 1346 (9th Cir. 1993)). Liability under § 1962(d) requires that the defendant "knowingly agreed to facilitate a scheme which includes the operation or management of a RICO enterprise." United States v. Fernandez, 388 F.3d 1199, 1230 (9th Cir. 2004). At the pleading stage, a plaintiff claiming a RICO conspiracy must allege that the defendant knew about and agreed to facilitate conduct that violated RICO. See United States v. Fiander, 547 F.3d 1036, 1041 (9th Cir. 2008) (citing Salinas v. United States, 522 U.S. 52, 66 (1997)). "Bare allegations" are not enough if they provide no basis to infer assent to contribute to a common enterprise. Baumer, 8 F.3d at 1346–47. Here, as noted above, the SAC fails to allege facts that would show that Miliotis knew about and intended to commit the alleged fraud. Accordingly, the SAC fails to set forth facts that would demonstrate Miliotis agreed to facilitate conduct that violated RICO, and Arch has failed to state a claim under § 1962(d).

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

### B. Concealment

Miliotis argues Arch's concealment claim must be dismissed because the SAC fails to allege that Miliotis had a duty to disclose any fact to Arch. Mot. at 11–12. Further, Miliotis contends that the SAC does not identify any material fact that Miliotis concealed or suppressed from anyone, let alone a material fact that he concealed or suppressed from Arch. Id.

In opposition, Arch argues that its claim is plausible and pleaded with particularity. Specifically, Arch points to its allegations that Miliotis and other defendants concealed that they had issued insurance policies and other documentation that were not covered under the policy. Opp'n at 12 (citing SAC ¶ 62). Further, Arch points to its allegation that Miliotis knew that he was withholding material information but nevertheless concealed it in order to profit financially. Id. (citing SAC ¶ 61). Arch maintains that Miliotis' duty argument fails because Miliotis knew that he and Allegiant had issued fraudulent binders and other documentation, and that Arch had no knowledge of this fact. Opp'n at 12 (citing Rothstein v. Janss Inv. Corp., 45 Cal. App. 2d 64, 68 (Cal. Ct. App. 1941) and Barder v. McClung, 93 Cal. App. 2d 692, 697 (Cal. Ct. App. 1949) for the proposition that a duty to disclose known facts arises in the absence of a fiduciary relationship where one party knows of material facts as well as that such facts are neither known nor readily accessible to the other party).

The Court finds that Arch has failed to state a claim for fraudulent concealment. To prevail on a claim for fraudulent concealment, "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." Marketing West, Inc. v. Sanyo Fisher (USA) Corp., 6 Cal. App. 4th 603, 612–13 (Cal. Ct. App. 1992). Here, Arch has failed to allege that Miliotis owed a duty to disclose any fact to Arch. This is so because Arch has failed to allege any specific dealings between itself and Miliotis that could give rise to such a duty. Instead, all of the allegations against Miliotis concern his relationship with third

Case 2:11-cv-01675-CAS-PJW   Document 229   Filed 04/23/12   Page 10 of 12   Page ID
 #:2789

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

parties.[2] Therefore, while he may have had a duty of disclosure to those third parties, the SAC fails to allege that Miliotis was under such duty to Arch.[3]

### C. UCL

Miliotis argues that Arch's UCL claim must be dismissed because plaintiff is "not entitled to any remedy." Mot. at 12. Under the UCL, prevailing plaintiffs are generally limited to injunctive relief and restitution. Cal. Bus. & Prof. Code § 17203; Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003). Miliotis contends that there is nothing to enjoin in this case because Allegiant's policy with Arch has expired, and because there is no allegation that he continues to violate the UCL. Id. Further, Miliotis argues that restitution is improper because the SAC does not allege that he received anything from Arch. Mot. at 13 (citing Korea Supply Co., 29 Cal. 4th at 1144–45).

Arch responds that the policy's cancellation is irrelevant to the question of whether injunctive relief is available. Mot. at 15. In this respect, Arch argues that injunctive relief is appropriate because Miliotis could "easily misrepresent" to future victims that the policy remains in effect. Id. at 16. Further, Arch argues that it has alleged that Miliotis received payments out of the premiums collected from third parties for their purported coverage. Insofar as those third parties may now claim insurance coverage, Arch maintains that it is entitled to restitution in the form of disgorgement of Miliotis' profits. Id.

The Court finds that Arch has failed to state a claim for violation of the UCL because no remedy is available to it. First, injunctive relief is not available because Arch

---

[2] At oral argument, counsel for Arch argued that its allegation that Miliotis is an "agent" for Allegiant is sufficient to create a duty of disclosure. Although his status as an agent may give rise to a duty on Miliotis' behalf, Arch has failed to plead facts with particularity that support this allegation.

[3] In this respect, Arch's reliance on Rothstein and Barder is misplaced. In each of these cases, the plaintiff alleged specific dealings with the defendant. No such allegations exist here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

has not alleged a continuing violation of the UCL. With respect to restitution, the law is clear that in order to recover restitution, a plaintiff must prove that it had "an ownership interest in the property." Korea Supply Co., 29 Cal.4th at 1145. In rejecting a plaintiff's request for restitution, the California Supreme Court in Korea Supply Co., explained that the "[plaintiff] has not given any money to [defendant]; instead, it was from a [third party] that [defendant] received its profits. Any award that plaintiff would recover from defendants would not be restitutionary as it would not replace any money or property that defendants took directly from plaintiff." Id. at 1149. Here, there is nothing in the SAC supporting the conclusion that Miliotis took money or property from Arch. Accordingly, there is no money or property for Miliotis to return to Arch. Therefore, Arch lacks a remedy under the UCL, and its claim is hereby DISMISSED.

    **D.    Lanham Act**

Miliotis argues that Arch's claim for violation of the Lanham Act should be dismissed because Arch's allegations make no reference to him. Mot. at 14. Instead, Miliotis contends that, at most, the SAC alleges that he represented that Allegiant could provide workers' compensation insurance through Allegiant's "own master workers' compensation insurance policy issued by Arch." Id. According to Miliotis, using Arch's name in this way, is a "non-trademark use" of plaintiff's mark. That is, because there is no other way to refer to Allegiant's policy with Arch, Miliotis argues that liability is barred by the doctrine of normative fair use. Id. (citing New Kids on the Block v. News America Pub., Inc., 971 F.2d 302, 307 (9th Cir. 1992)).

In opposition, Arch argues that it has alleged that Miliotis created or assisted in the creation of insurance documents bearing its service-marked name with the intent to sell fraudulent insurance to third parties. Opp'n at 16. According to Arch, this is sufficient to create a reasonable inference that Miliotis and the other defendants schemed to capitalize on Arch's good name and service mark. Id.

The Court finds that Arch has failed to state a claim for violation of the Lanham Act. Contrary to Arch's contention, the only specific allegation in the SAC regarding Miliotis is that he represented that Allegiant could provide workers' compensation insurance through Allegiant's "own master workers' compensation insurance policy issued by Arch." SAC ¶ 44. Using Arch's name in this way is permissible under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1675 CAS (PJWx) | Date | April 23, 2012 |
|---|---|---|---|
| Title | ARCH INSURANCE COMPANY v. ALLEGIANT PROFESSIONAL BUSINESS SERVICES, INC.; ET AL. | | |

doctrine of nominative fair use. The Ninth Circuit has explained that three elements are necessary to satisfy the nominative fair use analysis:

> [W]here the defendant uses a trademark to describe the plaintiff's product, rather than its own, we hold that a commercial user is entitled to a nominative fair use defense provided he meets the following three requirements. First, the product or services in question must be one not readily identifiable without use of the trademark; second, only so much of the mark or marks may be used as is reasonably necessary to identify the product or service; and third, the user must do nothing that would in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder.

New Kids on the Block, 971 F.2d at 308. Professor McCarthy explains that these elements can be "restated in terms of factors to determine if there is a likelihood of confusion," and that the plaintiff has always has the burden of proving the likelihood of confusion. 4 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS § 23:11 (4th ed. 2011). Here, Miliotis' use of Arch's mark meets each of the elements for nominative fair use and consequently does not result in a likelihood of confusion. First, there is no way reasonably to refer to Allegiant's policy with Arch other than by using Arch's name. Second, it would not have been possible to identify the policy without using Arch's full name. Finally, Miliotis' alleged use of the Arch name was not in a setting which is likely to falsely indicate sponsorship or approval by Arch. See Volkswagenwerk Aktiensgesellschaft v. Church, 411 F.2d 350 (9th Cir. 1969) (holding that automobile repair shop could use Volkswagen's mark so long as repair shop did not hold itself out as "authorized" by Volkswagen).

### IV. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendant's motion to dismiss. Plaintiff shall have **thirty (30)** days to file an amended complaint to address the deficiencies noted herein.

IT IS SO ORDERED.

|  | 00 | : | 20 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |